**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

ROBERT WHITE, PRO SE,

Petitioner; **05-40104 FDS**

VS.

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MASSACHUSETTS,
THE HONORABLE HENRY J. BOROFF,
**BANKRUPTCY CASE NO. 03-44906-HJB**

and

UNITED STATES FEDERAL MARSHAL
FOR THE DISTRICT OF MASSACHUSETTS,

and

LOCAL OR FEDERAL JAIL OR PRISON WHERE
PETITIONER IS HELD

Respondents.

**WRIT OF HABEAS CORPUS
FOR RELEASE FROM INCARCERATION
AND OR FOR
THE RELEASE FROM THE COLOR OF INCARCERATION
FOR VIOLATING BANKRUPTCY COURT CONTEMPT ORDER TO
PAY SANCTIONS FOR FILING FRIVOLOUS MOTIONS**

FILING FEE PAID:
RECEIPT # 464596
AMOUNT $ 5.00
BY DPTY CLK _____
DATE 6-28-05

## WRIT OF HABEAS CORPUS

Pursuant to 28 USC 2254, Petitioner, Robert White (hereafter White), Pro Se, asks this Court to hold a hearing to determine if White is properly being held in custody, or in color of custody, for civil contempt of court. White is either incarcerated at this time[1] or under color of incarceration for being found in contempt of the Bankruptcy Court for not paying a $3,500 sanction the Court ordered White to pay for filing frivolous motions[2]. By this WRIT OF HABEAS CORPUS Petitioner asks this Court to review the appropriateness of incarcerating Petitioner for civil contempt; accordingly, Petitioner does NOT ask this Court to review the Bankruptcy Court's order for sanctions. White appealed the Bankruptcy Court's sanction to the Bankruptcy Appellate Panel (BAP), which affirmed and published, and White continued on appeal to the First Circuit Court, now pending, case no. 05-9004. White requested a stay of sanctions from the Bankruptcy Court which declined. White's request for a stay from the First Circuit Court is pending.

## A VERY BRIEF HISTORY

White is the second largest unsecured creditor in this bankruptcy, having sold his software source code and copyright and trademarks to the Debtor, who owed White $1.86 mil. at the commencement of this bankruptcy on August 22, 2003. The Bankruptcy Court approved the expedited sale of the Debtor's assets on November 6, 2003. White appealed the Sale Order to the District Court, appeal no. 03-40279-NMG, which affirmed, and White pressed on to the First Circuit Court, appeal no. 05-1060, now pending. In the mean time, in Bankruptcy Court, on August 12,

---

[1] White is writing and filing this Writ immediately prior to attending his hearing on incarceration.

[2] The Bankruptcy Court's Order holding White in contempt is attached hereto as Exhibit A.

2004, White filed a Motion to Vacate the Sale Order Based on Fraud on the Court (and fraud on White). The Bankruptcy Court denied White's motion, declining to hold a hearing, whereby White appealed to the District Court, appeal no. 04-40208-NMG, now pending. White then filed a Motion to Disgorge Estate Counsels' attorney fees, which drew sanctions. White appealed the sanction order to the BAP, which affirmed, so White appealed to the First Circuit Court, appeal no. 05-9004, now pending.

## JAIL IS TOO DRACONIAN A PUNISHMENT FOR BEING UNABLE TO PAY SANCTIONS

Incarcerating White for contempt of the Bankruptcy Court is designed to be punitive rather than coercive. The Bankruptcy Court knows White can not afford to pay the $3,500 sanctions. Sending White to jail will not coerce White to pay sanctions that he can not afford to pay. White is unable to pay the sanctions now; sending White to jail will make White less able to pay the sanctions. The Bankruptcy Court must use the least coercive method to stop White from filing frivolous motions and or cause White to pay the sanctions, see ***UNITED STATES vs JOHN A. MARQUARDO, (1st Circuit 1997)***:

> The purpose of civil contempt is to coerce compliance with an order of the court. See G. & C. Merriam Co. v. Webster Dictionary Co., 639 F.2d 29, 40 (1st Cir. 1980). The subjects of the court's order have "the keys [to their] prison in their own pockets." Shillitani, 384 U.S. at 368. They can be incarcerated for no time, if there is compliance before custody commences; for some time, if there is submission to the order after incarceration begins; or for as long a time as the grand jury is extant, if there is unrepented contumacy. In any event, it is totally clear that incarceration for civil contempt is not for the purpose of punishing recalcitrant respondents but rather is the modern "persuasive" tool that is used in substitution of the barbaric placing of stones on the subject's chest, which was formerly used to literally press the recipient into submission. See J. Langbein, Torture and the Law of Proof 74-76 (1977); see also L.

Levy, The Origins of the Fifth Amendment 276-277 (1968). Incarceration for civil contempt only seeks acquiescence to a court's order, not retribution for noncompliance with its command.

At the sanction hearing held on November 16, 2004, White told the Bankruptcy Court he could not afford to pay the sanctions. At the contempt hearing held on May 23, 2005 the Bankruptcy Court specifically stated that the Court did not find that White had enough income to pay the sanctions; rather, the Bankruptcy Court ordered White to sell his 1992 pickup truck to pay the sanctions. White lives in California and his truck is in the Oklahoma Panhandle, where White last lived and worked, and where everyone already has two trucks and aren't in the market to buy another thirteen year old beat up truck. White can't sell his truck, he tried to sell his truck for two months before he left Oklahoma in March of 2005, he needed the money back then to move, but no one would buy his truck. White testified under penalty of perjury that he didn't have enough income to pay the sanctions, and the Bankruptcy Court declined to reach a finding that White earned enough income to pay the sanctions.

## IF NOT CIVIL THEN CRIMINAL

Since the Bankruptcy Court's finding of contempt is not civil in nature, aimed to coerce, it is criminal in nature, aimed to punish, and as such, criminal contempt charges are subject to the Double Jeopardy clause of the 5th Amendment of the US Constitution. As recognized in ***United States v. Ursery, 518 U.S. 267*** and cited in ***UNITED STATES vs JOHN A. MARQUARDO*** id.:

> The two alternative tests indicated in Ursery for determining the civil/criminal nature of a proceeding are: (1) whether Congress has expressed its intention in the relevant statute as to the nature of the proceeding, or (2) even if there is an expression in the statute that it is civil in nature, whetherhere is "the clearest proof" that the resulting

imposition is "so punitive either in purpose or effect" as to require the conclusion that the measure is punitive rather than remedial in nature. 518 U.S. at 289 n.3.

....

Simply put, the Double Jeopardy Clause prohibits sequential criminal prosecutions or sanctions.

## DOUBLE JEOPARDY
## THE BANKRUPTCY COURT'S CONTINUED ASSESSMENT OF SANCTION FOR CONTEMPT VIOLATES THE 5TH AMENDMENT OF THE US CONSTITUTION

The Bankruptcy Court has ordered White three times now to fly across America to tell the Bankruptcy Court why White can't pay the sanctions. The Bankruptcy Court has ordered White to fly across America and attend two contempt hearings, facing contempt for not paying the sanctions each time White appears. The Bankruptcy Court threatens to send the US Marshal out to arrest White if White doesn't remand himself into custody. The Bankruptcy Court fined White $1,000 for being in contempt for not paying the sanctions and then ordered White back to court under threat of incarceration to be fined again, for the same contempt, for not paying the same sanction. The Bankruptcy Court's repeated sanction for contempt, and continuance of contempt hearing after contempt hearing, for the same offense of failing to pay the same sanction is a violation of the "Double Jeopardy" clause in the 5th Amendment to the US Constitution.

## VIOLATION OF DUE PROCESS

*UnitedStates v. Harriss, 347 U.S. 612* establishes that the Due Process Clause of the Fifth Amendment requires that a criminal statute be found:

> unconstitutionally vague if it 'fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by [the] statute.

While White has appealed the Bankruptcy Court's sanction order, the sanction order lead to the

4

contempt charges and White contends it was impossible for White to have anticipated he was in threat of sanctions in the first place; therefore, these contempt charges represent a violation of due process.

The Bankruptcy Court sanctioned White under Federal Rules of Bankruptcy Procedure 9011, for filing frivolous motions in the Bankruptcy Court, however, prior to ordering sanctions the Bankruptcy Court never gave White any warning that any of White's motions were frivolous or in danger of drawing sanctions. Instead of warning White, the Bankruptcy Court denied White a preliminary and evidentiary hearing for both of White's two motions which drew the sanctions. Not only was White denied the opportunity to defend his motions at a preliminary hearing, where the Bankruptcy Court could have warned White he was in threat of sanctions, nothing in either of the Bankruptcy Court's rulings on either of the two motions drawing sanctions gives White a clue why the Bankruptcy Court regarded White's motions to be frivolous. According to **U.S. v. Lanier, 520 U.S. 259**:

> An accused has the right to a fair warning, in language that the common world will understand, of what the law intends to do if a certain line is passed; to make the warning fair, ...

There is not hint of a threat of sanctions in the Bankruptcy Court's ruling on White's Motion to Vacate. The Bankruptcy Court simply stated that the Court needed to expedite its ruling on White's 60(b) motion because White already had an appeal of the Sale Order pending in District Court.

### White's Motion to Vacate Was Not Without Merit

White asks this Court to take Judicial Notice of White's Motion to Vacate and Motion to Reconsider, filed in Bankruptcy Court and appealed to the District Court, case no. 04-40079. White asks this Court to acknowledge that White's Motion to Vacate and Motion to Reconsider raised a

"colorable claim" of fraud and bidder collusion and were thus meritorious and or not frivolous.

## White's Motion to Disgorge Was Not Without Merit

Next the Bankruptcy Court denied White's Motion to Disgorge "for reasons stated in the Joint Opposition"; however the Joint Opposition is without merit as the basis for denial of White's Motion to Disgorge. The Joint Opposition plead that White was barred by *collateral estoppel* and *res judicata* from attempting to disgorge fees under 11 USC 328(c), because the fees had already been awarded by the Court. White's Response to the Joint Opposition argued that a bar by *res judicata* and *collateral estoppel* would render 11 USC 328(c) superfluous. 11 USC 328(c) anticipates that attorneys for the estate might become disinterested persons with adverse interest to the estate well after they were awarded fees; thus an existing fee award does not bar a challenge by 11 USC 328(c). If the Joint Opposition does not present a meritorious defense against White's Motion to Disgorge, then White was not properly notified why his Motion to Disgorge was considered frivolous, because his NOTICE was "for reasons stated in the Joint Opposition".

## The Joint Opposition Was Without Merit as a Defense Against White's Motion to Disgorge

White asks this Court to take Judicial Notice of the Joint Opposition filed in Bankruptcy Court. White asks this Court to acknowledge that *collateral estoppel* and *res judicata* are not a defense against fee disgorgement under 11 USC 328(c). To conclude otherwise would render 11 USC 328(c) superfluous.

White was not properly warned by the Bankruptcy Court, or the Bankruptcy Code, or the Federal Rules of Bankruptcy Procedure that he was in threat of sanctions.

## THE BANKRUPTCY COURT'S CONTEMPT CHARGE VIOLATES THE FIRST AMENDMENT OF THE US CONSTITUTION

By holding White in contempt the Bankruptcy Court attempts to abridge White's Freedom of Speech. The true purpose and effect of the Bankruptcy Court's sanction order and contempt charge are to stop White from filing motions and appeals. In fact, by incarcerating White or holding White in color thereof, the Bankruptcy Court is directly abridging White's progress on his existing appeals. None of White's motions or appeals have been frivolous and the Bankruptcy Court has no right to attempt to stop White from exercising his Constitutional Rights.

### PRAYER

White asks to be released from incarceration and or released from the color of incarceration for being held in contempt of the Bankruptcy Court's Order for White to pay sanctions. White asks to be released from incarceration, or the color thereof, until White's appellate remedies are exhausted in the appeal of the Bankruptcy Court's sanctions against him..

Respectfully submitted on June 27, 2005, by

*[signature]*
Robert White - Pro Se

**Exhibit A**

# Exhibit A

**Exhibit A**

# United States Bankruptcy Court
## District of Massachusetts

In re:

CK Liquidation Corporation
(f/k/a/ CADKEY Corporation),

Debtor

Chapter 7
Case No. 03-44906-HJB

## ORDER

WHEREAS, by this Court's Order of November 16, 2004, this Court ordered Robert White ("White") to pay to John Burdick as Chapter 7 trustee (the "Trustee") the sum of $2,500.00 within sixty days, as sanctions under Fed. R. Bankr. P. 9011(c)(1)(B); and

WHEREAS, on March 16, 2005, the Trustee filed the instant Motion for Contempt Against Robert White (the "Contempt Motion"); and

WHEREAS, on May 23, 2005, this Court denied White's belated motion for a stay of this Court's November 16, 2004 Order pending appeal; and

WHEREAS, on May 23, 2005, this Court conducted an evidentiary hearing on the Contempt Motion;

1

it is hereby FOUND that:

1. The Order of November 16, 2004 was a valid order, White had notice thereof and failed to comply;

2. White had, at all times, the ability to comply with said Order; and

3. White has been, since January 16, 2005, and continues to be, in civil contempt of this Court's Order of November 16, 2004;

it is hereby ORDERED that

1. White is sanctioned in the additional amount of $1,000.00 on account of said contempt, for a total amount owed of $3,500.00;

2. White shall pay the amount of $3,500.00 to the Trustee on or before June 17, 2005;

3. The hearing on the Contempt Motion is continued to June 28, 2005 at 1:30 p.m. in Worcester, Massachusetts. In the event that, on or before June 28, 2005, the Trustee shall advise the Court that the full payment has been timely received, the said continued hearing shall be canceled. In the event that the Court shall, at the June 28, 2005 hearing, find that White has not timely made the payment in full, the Court may assess additional monetary sanctions or order White, there and then, to surrender to the United States Marshal in this District for incarceration until he shall purge himself of civil contempt. In the event that White shall fail to attend the June 28, 2005

2

continued hearing, the Court may issue a warrant to secure his attendance at a continued hearing thereof.

*[signature]*
Henry J. Boroff
United States Bankruptcy Judge

Dated:   May 23, 2005

Copy to:

Michael J Goldberg, Esq.
Robert White
United State trustee
United States Marshal

3

05-40104 FDS

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Robert White v. US Bankruptcy Court, Western District of Massachusetts__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ___ I.    160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

   ___ II.   195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.           for patent, trademark or copyright cases

   ___ III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

   ___ IV.   220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

   ___ V.    150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   __03-40279-NMG   04-40208__

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☐

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☐

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☐   NO ☒

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☐   Central Division ☐   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐   Central Division ☐   Western Division ☒

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Robert White - Pro Se__
ADDRESS __243-A N. Maple, Manteca CA 95336__
TELEPHONE NO. __(209) 825-6115__

(CategoryForm.wpd -5/2/05)

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET 05-40104FDS

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Robert White

**DEFENDANTS**
US Bankruptcy Court Western Dist. Mass.

(b) County of Residence of First Listed Plaintiff: San Joaquin CA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number): Pro Se
243-A N. Maple
Manteca, CA 95336

Attorneys (If Known):

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / Habeas Corpus: ☒ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 28 USC 2254
Brief description of cause: Release from color of custody

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY**
(See instructions):
JUDGE: Gorton
DOCKET NUMBER: 03-40279-NMG / 04-40208

DATE: 6/28/05
SIGNATURE OF ATTORNEY OF RECORD: Robert White - Pro Se

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____