UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
ROBERT WHITE,                   )
                                )
            Petitioner,         )
v.                              )    Civil Action No. 05-40104-FDS
                                )
UNITED STATES BANKRUPTCY COURT  )
FOR THE DISTRICT OF             )
MASSACHUSETTS, THE HONORABLE    )
HENRY J. BOROFF, UNITED STATES  )
MARSHAL FOR THE DISTRICT OF     )
MASSACHUSETTS, AND LOCAL OR     )
FEDERAL JAIL OR PRISON WHERE    )
PETITIONER IS HELD,             )
                                )
            Respondents.        )
_____)
```

**RESPONDENTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

The Petitioner, Robert White seeks habeas relief under 28 U.S.C. § 2254, alleging that his imprisonment for violating an order of the United States Bankruptcy Court (Boroff, J.) is illegal and violates his Constitutional Rights. He seeks to be released from his confinement pending the outcome of his appeal of the Bankruptcy Court's order, sanctioning Petitioner $2500 for filing frivolous motions with the Bankruptcy Court. For the reasons stated below, this Court lacks jurisdiction over the matter and personal jurisdiction over Respondents the U.S. Bankruptcy Court, the Honorable Henry J. Boroff, and the U.S. Marshal. Moreover, the petition fails to state a claim upon which relief can be granted and, therefore, the Court must dismiss it.

## STATEMENT OF FACTS[1]

### 1.    Background

The instant petition for habeas corpus arises from a bankruptcy petition currently pending before the United States Bankruptcy Court, entitled In re CK Liquidation Corp., Case No. 03-44096-HJB (Bankr. D. Mass.).  See Docket regarding Bankruptcy Petition No. 03-44906, attached at Exhibit ("Exh.") A.[2]  On August 22, 2003, the debtor in that matter filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  Exh. A, Docket No. 1.  On August 29, 2003, the debtor filed a Motion for an Order Authorizing the Sale of Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances and Other Interests ("Sale Motion"), to which Petitioner, a creditor in the matter, objected.  Exh. A, Docket Nos. 25 and 38.  On November 6, 2003, the Bankruptcy Court overruled Petitioner's objection to the Sale Motion and granted the relief sought therein ("Sale Order").  Exh. A, Docket No. 121.  On November 14, 2003, Petitioner filed a

---

[1]In accordance with the standard of review upon a motion to dismiss, the well-pleaded factual allegations of the Petition are accepted as true for purpose of this motion.  See Rockwell v. Cape Cod Hosp., 26 F.3d 254, 255 (1st Cir. 1994).

[2]The attachment of exhibits to a Rule 12(b)(1) motion does not convert it to a Rule 56 motion.  See Gonzalez v. United States, 284 F.3d 281, 288 (1st Cir. 2002).  Indeed, in considering a Rule 12(b)(1) motion, "[t]he court . . . may consider extrinsic materials and, to the extent it engages in jurisdictional factfinding, is free to test the truthfulness of the plaintiff's allegations." Dynamic Image Technologies, Inc. v. United States, 221 F.3d 34, 37-38 (1st Cir. 2000).

notice of appeal challenging the Sale Order with the United States District Court ("First Appeal").[3]  Exh. A, Docket No. 126.

On August 13, 2004, Petitioner filed a Motion to Vacate the Sale Order on the grounds that the debtor's counsel and the counsel to the Official Committee of Unsecured Creditors ("Estate Counsel") committed fraud on the Bankruptcy Court in seeking approval of the Sale Motion.  Exh. A, Docket No. 313; Motion to Vacate, attached at Exh. B.  The Bankruptcy Court denied Petitioner's motion on September 8, 2004.  Exh. A, Docket No. 330.  On September 10, 2004, Petitioner moved for reconsideration, which the Bankruptcy Court also denied.  Exh. A, Docket Nos. 332, 334.  On September 15, 2004, Petitioner filed a notice of appeal challenging the Bankruptcy Court's denial of his Motion to Vacate the Sale Order with the United States District Court, where the appeal is pending ("Second Appeal").  Exh. A, Docket No. 337.

On October 12, 2004, Petitioner filed a Motion to Disgorge, asking the Bankruptcy Court to disgorge all fees and retainers paid to Estate Counsel.  Exh. A, Docket No. 348; Motion to Disgorge, attached at Exh. C.  On October 19, 2004, the Bankruptcy Court, finding the Motion to Disgorge frivolous, denied Petitioner's motion and further ordered him to appear

---

[3]On November 8, 2004, the District Court affirmed the Sale Order.  Petitioner appealed the District Court's decision to the First Circuit, where the appeal is pending.

before the court and show cause why the court should not sanction him pursuant to Fed. R. Bankr. P. 9011(c)(1)(B) for filing the frivolous motion.  Exh. A, Docket No. 353; Exh. C.  On October 27, 2004, the Petitioner filed a notice of appeal challenging the Bankruptcy Court's denial of his Motion to Disgorge with the United States District Court ("Third Appeal").[4]  Exh. A, Docket No. 357.

## 2.    The Show Cause Hearing

On November 16, 2004, the Bankruptcy Court held a hearing on the show cause order.  Transcript of Hearing, dated November 16, 2004, attached at Exh. D.  The Bankruptcy Court explained that it issued the show cause order because Estate Counsel had "heartily and repeatedly" complained that the Petitioner's pleadings were meritless, and that the court was struck in particular by the meritlessness of the Petitioner's motion to vacate the Sale Order and the Motion to Disgorge.  Exh. D, Tr. 2-3.  The Bankruptcy Court further explained that it had not issued a show cause order in connection with the motion to vacate the sale order because the Petitioner was *pro se*, but issued one in connection with the Motion to Disgorge because he twisted language from a court order, and because any attorney would have known that such an argument was "completely unsustainable."  Exh. D, Tr. 3.  Lastly,

---

[4]On December 10, 2004, the District Court dismissed the Third Appeal for Petitioner's failure to pay the filing fee.

- 4 -

the Bankruptcy Court explained that it wanted to make sure the
Petitioner understood he was no longer safe to file frivolous
matters that were going to deplete the estate.  Exh. D, Tr. 3-4.

After hearing the Petitioner defend the merits of his Motion
to Vacate, the Bankruptcy Court rejected his defenses and found
that the allegations made in the Motion to Disgorge, particularly
in the context of Petitioner's previous filings, (1) were not
warranted by existing law or by non-frivolous argument for the
extension, modification, or reversal of existing law or the
establishment of new law, and (2) were made for the improper
purpose of harassing estate functionaries.  Exh. D, Tr. 8.
Pursuant to Fed. R. Bankr. P. 9011(c)(1)(B), the Bankruptcy Court
sanctioned Petitioner and ordered him to pay $2,500 to the
Trustee within 60 days of the hearing ("Sanction Order").  Exh.
D, Tr. 8; Order of Bankruptcy Court, dated November 16, 2004,
attached at Exh. E.

On November 26, 2004, Petitioner appealed the Sanction Order
to the Bankruptcy Appellate Panel (the "Panel") for the First
Circuit ("Fourth Appeal").  Exh. A, Docket No. 393.  Petitioner
did not seek a stay of the Sanction Order pending the outcome of
the Fourth Appeal.  On March 11, 2005, the Panel affirmed the
Bankruptcy Court's Sanction Order.  See In re CK Liquidation
Corp., Nos. 04-060, 03-44906-HJB, 2005 WL 566727, at *10 (1st
Cir. B.A.P. (Mass.) Mar. 11, 2005), attached at Exh. F.  On April

- 5 -

8, 2005, Petitioner appealed the Panel's decision to the United States Court of Appeals for the First Circuit, where the appeal is pending.

**3.    Petitioner's Failure to Comply With the Bankruptcy Court's Order**

On March 16, 2005, approximately four months after the issuance of the Sanctions Order and two months after the sanctions were due, the Trustee filed a Motion for Contempt against Petitioner, arguing that the Petitioner had failed to comply with the Bankruptcy Court's Sanction Order by its prescribed deadline.  Exh. A, Docket Nos. 498, 499.  On April 21, 2005, the Petitioner filed with the Bankruptcy Court a Motion to Stay the Sanction Order pending his appeal of the order to the First Circuit.  Exh. A, Docket No. 527.  Petitioner filed a similar Motion to Stay the Sanction Order with the First Circuit. See Docket from First Circuit regarding Case No. 05-9004, attached at Exh. G.

The Bankruptcy Court denied Petitioner's motion after a evidentiary hearing regarding Petitioner's ability to pay the $2,500 sanction on May 23, 2005.  Exh. A, Docket No. 555.  The Bankruptcy Court found that (i) Petitioner had, at all times, the ability to pay the sanction, and (ii) staying the Sanction Order pending his was not appropriate because Petitioner did not have a likelihood of success on the merits of the appeal.  Accordingly, the Bankruptcy Court issued the following order on May 23, 2005

- 6 -

(now six months from the date of the Sanctions Order):

It is hereby ORDERED that:

1.    [Petitioner] is sanctioned in the additional amount of $1,000.00 on account of said contempt, for a total amount owed of $3,500.00;

2.    [Petitioner] shall pay the amount of $3,500.00 to the Trustee on or before June 17, 2005;

3.    The hearing on the Contempt Motion is continued to June 28, 2005 at 1:30 p.m. in Worcester, Massachusetts.  In the event that, on or before June 28, 2005, the Trustee shall advise the Court that the full payment has been timely received, the said continued hearing shall be canceled.  In the event that the Court shall, at the June 28, 2005 hearing, find that [Petitioner] has not timely made the payment in full, the Court may assess additional monetary sanctions or order [Petitioner], there and then, to surrender to the United States Marshal in this District for incarceration until he shall purge himself of civil contempt.  In the event that [Petitioner] shall fail to attend the June 28, 2005 continued hearing, the Court may issue a warrant to secure his attendance at a continued hearing thereof.

Exh. A, Docket No. 550; Order of Bankruptcy Court, dated May 23, 2005, attached at Exh. H.

On May 25, 2005, the First Circuit denied Petitioner's motion to stay without prejudice so that Petitioner could renew his motion if and when the Bankruptcy Court issued an order of contempt.  Exh. G.  Although the Bankruptcy Court had not yet issued such an order, Petitioner filed a second motion to stay the Sanction Order with the First Circuit on June 3, 2005.  Exh. G.

On June 27, 2005, the Trustee filed a certificate advising

- 7 -

the Bankruptcy Court that Petitioner had failed to comply with the May 23, 2005 Order.  Exh. A, Docket No. 603.  On June 28, 2005, the Bankruptcy Court held an evidentiary hearing regarding Petitioner's noncompliance with its May 23, 2005 Order.  Exh. A, Docket No. 604.  Based on Petitioner's testimony during the May 23, 2005, and June 28, 2005 hearings, the Bankruptcy Court issued the following Order:

> [Petitioner] is committed to the custody of the United States Marshal for the District of Massachusetts until the earlier of: 1) such time as [Petitioner] shall pay the sum of $3,500.00 to attorney John Burdick, as Chapter 7 trustee of CK Liquidation Corp., or 2) July 12, 2005.  If [Petitioner] shall remain in custody of the United States Marshal on July 12, 2005, the United States Marshal shall deliver him to this Court sitting in Worcester, Massachusetts on July 12, 2005 at 2:00 P.M., at which time this Court shall determine what further actions should be taken in respect of this matter, including, without limitation, monetary sanctions and/or continued incarceration.

Exh. A, Docket No. 604; Order of Bankruptcy Court, dated June 28, 2005, attached at Exh. I.  The United States Marshal took custody of Petitioner and confined him at the Wyatt Detention Center in Rhode Island.  See Petitioner's Motion to Amend Writ of Habeas Corpus.  On June 29, 2005, Petitioner filed the instant petition for writ of habeas corpus under 28 U.S.C. § 2254 in the United States District Court, naming as Respondents the United States Bankruptcy Court, the Honorable Henry J. Boroff, the United States Marshal, and the local jail in which Petitioner was held.

- 8 -

On July 12, 2005, the Bankruptcy Court held a status conference to determine whether Petitioner had paid the $3,500 sanction and, if not, what further actions it should take with respect to Petitioner's contempt of court.  Exh. A, Docket No. 609.  Following the hearing, the Bankruptcy Court issued the following Order:

> [Petitioner] remains committed to the custody of the United States Marshal for the District of Massachusetts until the earliest of : 1) such time as [Petitioner] shall pay the sum of $3,500.00 to attorney John Burdick, as Chapter 7 trustee of CK Liquidation Corp; or 2) such time as Robert White shall have liquidated in arms-length sales all motor vehicles to which he has title and remitted the proceeds thereof to attorney Burdick as Chapter 7 trustee; or 3) August 9, 2005.  If [Petitioner] shall remain in this [sic] custody of the United States Marshal on August 9, 2005, the United States Marshal shall deliver him to this Court sitting in Worcester, Massachusetts on August 9, 2005 at 2:00 p.m., at which time this Court shall determine what further actions should be taken in respect of this matter, including, without limitation, monetary sanctions and/or continued incarceration.

Exh. A, Docket No. 609; Order of Bankruptcy Court, dated July 12, 2005, attached at Exh. J.  Petitioner remains in the custody of the United States Marshal (Petitioner however is in the physical custody of the Wyatt Detention Center in Rhode Island).  <u>See</u> Petitioner's Motion to Amend Writ of Habeas Corpus.  To date, the First Circuit has not issued a decision on Petitioner's appeal of the Panel's decision affirming the Bankruptcy Court's Sanction Order.

**ARGUMENT**

The standard to be applied when deciding a motion to dismiss is well-established.  The court must accept the allegations of the complaint as true, viewing the alleged facts in the light most favorable to the plaintiff.  Hughes v. Rowe, 449 U.S. 5, 10 (1980) (per curiam).  The complaint may be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Harper v. Cserr, 544 F.2d 1121, 1122 (1st Cir. 1976).

**I.    THE COURT SHOULD DISMISS THE PETITION FOR LACK OF JURISDICTION.**

**A.    Petition Cannot Be Heard Under 28 U.S.C. § 2254**

Petitioner cannot challenge his confinement for civil contempt by way of an application for writ of habeas corpus under 28 U.S.C. § 2254.  28 U.S.C. § 2254 concerns applications for writ of habeas corpus brought by persons "in custody pursuant to the judgment of a State court."  See 28 U.S.C. § 2254.  Petitioner's confinement, however, is not pursuant to the a judgment of a State court but rather pursuant to a federal court order of civil contempt.  Accordingly, the petition must proceed, if at all, under 28 U.S.C. § 2241.  See Fernos-Lopez v. Lopez, 929 F.2d 20, 23 (1st Cir. 1991).[5]

_____

    [5] A motion to vacate, set aside, or correct a sentence under § 2255 provides the primary means of a collateral attack on a

- 10 -

**B.    The Court Should Dismiss The Petition For Failure To Exhaust**

Assuming *arguendo* that the Court deems the instant petition as a proper application for writ of habeas corpus under 28 U.S.C. § 2241, the Court must dismiss the petition under the traditional requirement that a prisoner must exhaust his available remedies before applying for habeas relief.  Instead of challenging the Bankruptcy Court's order imprisoning him for civil contempt with a petition for a writ of habeas corpus, Petitioner should have appealed the contempt order.  Indeed, "absent extraordinary circumstances, which are not present here, all available routes of appeal must be exhausted before a person imprisoned for civil contempt by a bankruptcy court can avail himself of habeas corpus relief."  See <u>Martin-Trigona v. Shiff</u>, 702 F.2d 380, 387 (2d Cir. 1983).

---

federal sentence.  <u>See</u> <u>United States v. DiRusso</u>, 535 F.2d 673, 674-675 (1st Cir. 1976) (§ 2255 grants jurisdiction over post-conviction claims attacking the "imposition or illegality of the sentence"); <u>Rogers v. United States</u>, 180 F.3d 349, 357 n.15 (1st Cir. 1999) (motion under § 2255 is the "exclusive remedy in the sentencing court for any errors occurring at or prior to sentencing, including construction of the sentence itself"). Although Petitioner challenges the legality or validity of his federal confinement pursuant to a federal court order of civil contempt, § 2255 cannot provide him any redress because he is not serving a criminal sentence.  <u>Cf.</u> <u>United States v. Budell</u>, 187 F.3d 1137, 1141 (9th Cir. 1999) (§ 2255 inapplicable to confinees in federal mental institution because they were not serving a criminal sentence); <u>Kandiel v. United States</u>, 964 F.2d 794, 796 (8th Cir. 1992) (§ 2255 inapplicable to alien held by INS after completing criminal sentence); <u>Hollinger v. United States</u>, 345 F.2d 179, 179-180 (5th Cir. 1965) (petitioner moving under § 2255 must be serving a criminal sentence at the time of the motion).

- 11 -

Generally, courts treat an order of civil contempt as interlocutory and nonappealable until a final judgment has been entered. See, e.g., United States v. Kouri-Perez, 187 F.3d 1, 6 (1st Cir. 1999); Howard Communications Corp., 980 F.2d 823, 829 (1st 1992).  Accordingly, courts have allowed prisoners who are imprisoned for civil contempt to challenge their imprisonment through a petition for a writ of habeas corpus. See, e.g., Duncan v. Walker, 533 U.S. 167, 176 (2001); Sevier v. Turner, 742 F.2d 262, 268-269 (6th Cir. 1984).  However, "habeas corpus is not a substitute for an appeal." Martin-Trigona, 702 F.2d at 388 (citing Craig v. Hecht, 263 U.S. 255, 277 (1923)).

Here, Petitioner appealed the Sanction Order, from which his confinement for civil contempt derives, to the First Circuit, where his appeal is pending.  This Court should not allow Petitioner to circumvent the appellate process – and the decision of the First Circuit – through such an extreme remedy as habeas corpus.

Even if the Court considers Petitioner's confinement for civil contempt a distinct event from the Sanction Order, the Court should dismiss the petition because, like he had before, Petitioner could have appealed the contempt order to the District Court.  Indeed, an appeal from an interlocutory order of the bankruptcy court is permitted with leave of the district court

- 12 -

under 28 U.S.C. § 158(a)(3).[6]  "If [Petitioner] questioned the
jurisdiction of the bankruptcy court, he had a remedy, but that
remedy was to seek leave to appeal, not to petition for a writ of
habeas corpus. . . .  A habeas corpus petition is the avenue of
last resort, always available to safeguard the fundamental rights
of persons wrongly incarcerated. . . . Where, as here, a regular
route of appeal exists, habeas corpus will be allowed in only
exceptional cases."  Martin-Trigona, 702 F.2d at 388 (citations
omitted).  Accordingly, the Court should dismiss the petition for
failure to exhaust available remedies.

## II.  THE PETITION SHOULD BE DISMISSED AS AGAINST THE U.S. BANKRUPTCY COURT, JUDGE BOROFF, AND THE U.S. MARSHAL, AND DISMISSED FOR LACK OF JURIDICTION

The Court must dismiss the petition against Respondents the
U.S. Bankruptcy Court, the Honorable Henry J. Boroff, and the
United States Marshal, because they are not proper parties to the
petition, and should dismiss the petition in its entirety for
lack of jurisdiction.  In Rumsfeld v. Padilla, 542 U.S. 426, 124
S.Ct. 2711 (2004), the Supreme Court ruled that "in habeas
challenges to present physical confinement . . . the default rule
is that the proper respondent is the warden of the facility where

---

[6] Under 28 U.S.C. § 158(a)(1), the district court has
"jurisdiction to hear appeals . . . from final judgments, orders,
and decrees . . . of bankruptcy judges . . . ."  The district
court also has jurisdiction to entertain appeals, "with leave of
court, from other interlocutory orders and decrees . . . of
bankruptcy judges . . . ."  28 U.S.C. § 158(a)(3).

the prisoner is being held . . . ." 124 S.Ct. at 2718.  The
Court rejected the approach taken by some courts that the proper
respondent may include the person exercising legal control of the
petitioner, ruling that this test "only comes into play when
there is no immediate physical custodian with respect to the
challenged 'custody.'" The Court held, "In challenges to present
physical confinement, we reaffirm that the immediate custodian,
not a supervisory official who exercises legal control, is the
proper respondent." Id. at 2720.  Accord Vasquez v. Reno, 233
F.3d 688, 690 (1st Cir. 2000)("a prisoner's proper custodian for
purposes of habeas review is the warden of the facility where he
is being held").  Here, the Petitioner is confined at the Wyatt
Detention Center in Rhode Island.  See Petitioner's Motion to
Amend Writ of Habeas Corpus.  Respondents, the U.S. Bankruptcy
Court, Judge Boroff, and the U.S. Marshal, are not the custodians
of Petitioner, and they are therefore not proper respondents to
the habeas petition.

    Moreover, it is well established that a habeas petition
under 28 U.S.C. § 2241 must be brought in the district where the
petitioner is confined.  In Rumsfeld v. Padilla, the Supreme
Court held that the Southern District of New York lacked
jurisdiction to entertain a § 2241 habeas petition brought by a
person detained in South Carolina.  The Court analyzed the
language and legislative background of § 2241(a), and held, "The

- 14 -

plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district:  the district of confinement."  124 S.Ct. at 2723.  <u>Accord</u>, <u>United States v. Barrett</u>, 178 F.3d 34, 50 n.10 (1st Cir. 1999) (a section 2241 petition is properly brought in the district court with jurisdiction over the prisoner's custodian); <u>Vasquez v. Reno</u>, 233 F.3d at 697 (remanding for an order dismissing the petition without prejudice for failure to name the proper respondent or transferring it to the district in which the petitioner was confined).

In this case the Petitioner squarely challenges his present physical confinement.  Therefore, the only proper court to consider a habeas petition is the United States District Court for the District of Rhode Island.

## III. THE PETITION FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Petitioner claims that the Sanction Order and his confinement for civil contempt is improper because it violates several rights provided him by the Constitution.  Specifically, Petitioner asserts that (1) the Bankruptcy Court's numerous civil sanctions against Petitioner violate the double jeopardy clause of Fifth Amendment to the Constitution; (2) the Bankruptcy Court's civil sanctions violated due process of the Fifth Amendment to the Constitution because Petitioner did not receive

- 15 -

warning from the court that it would sanction him; (3) the
Bankruptcy Court's civil sanction against Petitioner for filing a
frivolous motion violates his freedom of speech under the First
Amendment to the Constitution, and (4) the Bankruptcy Court
violated Petitioner's rights under the Sixth Amendment by failing
to appoint him counsel.  The Court, however, should dismiss the
petition for failure to state a claim.

### A. The Sixth Amendment And The Double Jeopardy Clause Of The Fifth Amendment Do Not Apply To The Civil Contempt Order

Petitioner's confinement for civil contempt does not invoke protections under the Sixth Amendment or the double jeopardy clause of the Fifth Amendment.[7]  Apparently, Petitioner is analogizing (or confusing) his confinement for civil contempt with criminal contempt.  Civil and criminal contempt, however, are vastly different.  Indeed, different substantive and procedural rules apply to civil and criminal contempt.

"Criminal contempt is a crime in the ordinary sense," Bloom v. Illinois, 391 U.S. 194, 201 (1968), and "criminal penalties may not be imposed on someone who has not been afforded the protections that the Constitution requires of such criminal

---

[7] Under 28 U.S.C. § 2254(d), a federal court may grant habeas relief only if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States," id. § 2254(d)(1), or was "based on unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Id. § 2254(d)(2).

Under 28 U.S.C. § 2255, a federal court may grant habeas relief only if the sentencing federal court imposed a sentence "in violation of the Constitution or laws of the United States, . . . was without jurisdiction to impose such sentence, or [imposed a sentence that] was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ."

28 U.S.C. § 2241 permits federal courts to entertain habeas corpus petitions from federal prisoners "in custody in violation of the Constitution or laws or treaties of the United States . . . ." Id. § 2241(c)(3).

proceedings." <u>Hicks v. Feiock</u>, 485 U.S. 624, 632 (1988).  These constitutional protections include the right (1) not to be subject to double jeopardy, <u>see</u> <u>United States v. Dixon</u>, 509 U.S. 688, 695-696 (1993), (2) to receive notice of the charges, (3) to receive assistance of counsel, (4) to receive summary process, (5) to present a defense, <u>Cooke v. United States</u>, 267 U.S. 517, 537 (1925); (6) not to self-incriminate oneself, and (7) to proof beyond a reasonable doubt, <u>Gompers v. Buck's Stove & Range Co.</u>, 221 U.S. 418, 444 (1911).  For serious criminal contempt involving imprisonment of more than six months, these protections include the right to a jury trial. <u>Bloom</u>, 391 U.S. at 199.

By contrast, civil contempt sanctions – which are designed to compel future compliance with a court order – are coercive and avoidable through obedience, and "thus may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard.  Neither a jury trial nor proof beyond a reasonable doubt is required." <u>Int'l Union, UMWA v. Bagwell</u>, 512 U.S. 821, 827 (1994).  It is well settled that "courts have inherent power to enforce compliance with their lawful orders through civil contempt." <u>Shillitani v. United States</u>, 384 U.S. 364, 370 (1966).  Civil contempt is a flexible remedy in which sanctions can be imposed to induce the contemnor to comply with the court's order. <u>Parker v. United States</u>, 153 F.2d 66, 70 (1st Cir. 1946).

To determine whether a contempt order is civil or criminal,

- 18 -

courts must examine the "character and purpose" of the sanction imposed.  See Bagwell, 512 U.S. at 827; Gompers, 221 U.S. at 441. Civil confinement "is remedial, and for the benefit of the complainant," Gompers, 221 U.S. at 441, whereas criminal confinement "is punitive, to vindicate the authority of the court."  Id.  The Supreme Court identified the "paradigmatic coercive, civil contempt sanction" as

> involv[ing] [the] confine[ment] [of] a contemnor indefinitely until he complies with an affirmative command such as an order "to pay alimony, or to surrender property ordered to be turned over to a receiver, or to make a conveyance." . . . In these circumstances, the contemnor is able to purge the contempt and obtain his release by committing an affirmative act, and thus "'carries the keys of his prison in his own pocket.'"

Bagwell, 512 U.S. at 828 (emphasis added) (citations omitted). Conversely, the Supreme Court observed, "a fixed sentence of imprisonment is punitive and criminal if it is imposed retrospectively for a 'completed act of disobedience,' such that the contemnor cannot avoid or abbreviate the confinement through later compliance."  Id. at 828-29 (citations omitted). Therefore, a court can confine a civil contemnor who has the ability to comply with the underlying court order until he complies.  See Chadwick v. Janecka, 312 F.3d 597, 608 (3d Cir. 2002).

Here, it is clear that Petitioner's confinement is pursuant to a civil contempt order.  Indeed, the Bankruptcy Court ordered

Petitioner's confinement for failing to comply with the Sanction Order.  Exh. A, Docket Nos. 604, 609; Exhs. I, J.  Furthermore, the Bankruptcy Court limited Petitioner's confinement to such time until he complies with the Sanction Order.  Exh. A, Docket Nos. 604, 609; Exhs. I, J.  Petitioner "carries the keys of his prison in his own pocket."  See Bagwell, 512 U.S. at 828 (citations omitted).  Indeed, once he complies with the Sanction Order, the Bankruptcy Court will release him.  Exh. A, Docket Nos. 604, 609; Exhs. I, J.  Accordingly, the substantive and procedural rights that apply to criminal contempt do not apply to Petitioner.  Therefore, the petition fails to state a claim under the double jeopardy clause of the Fifth Amendment or the Sixth Amendment.

**B.   The Bankruptcy Court Gave Petitioner Notice And An Opportunity To Be Heard Before Issuing The Sanction Order**

The bankruptcy docket, attached at Exhibit A, clearly shows that the Bankruptcy Court provided Petitioner notice that he could be imprisoned for noncompliance with the Sanction Order, and an opportunity to be heard – where it found that the Petitioner had the ability to comply with the Sanction Order – before issuing the contempt order.  See Exh. A, Docket Nos. 550, 604, 609; Exhs. H, I, J.  Petitioner's claim to the contrary is without merit and should be dismissed.

### C.  Petitioner Does Not Have A Constitutional Right To File Frivolous Motions

Petitioner claims that the Sanction Order barring Petitioner from filing frivolous motions violates his right to freedom of speech under the First Amendment.  All federal courts, including the Bankruptcy Court, by virtue of their creation and existence, have certain inherent powers, including the power to sanction for bad faith litigation conduct.  See, e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 43, 47 (1991); In re D.C. Sullivan Co., 843 F.2d 596, 598 (1st Cir. 1988); see also Fed. R. Bankr. P. 9011(c).  Moreover, "there is no right to file frivolous motions, notices, and other documents, particularly when the intent of doing so is solely to delay and disrupt judicial proceedings." United States v. Goldberg, 937 F. Supp. 1121, 1134 (M.D. Pa. 1996).  The bankruptcy docket shows that the Bankruptcy Court, after an evidentiary hearing, found Petitioner's Motion to Disgorge, particularly in the context of his previous filings, to be frivolous and made for an improper purpose.  Exh. D, Tr. 8. Therefore, Petitioner's claim under the First Amendment is without merit and should be dismissed.

**CONCLUSION**

Accordingly, for the above reasons articulated above, the petition should be dismissed.

                              Respectfully submitted,
                              MICHAEL J. SULLIVAN
                              United States Attorney

                    By:    /s/ Damian W. Wilmot
                              DAMIAN W. WILMOT
                              Assistant U.S. Attorney
                              Moakley Federal Courthouse
                              Boston, MA 02210
Dated: August 2, 2005         (617) 748-3100

<u>CERTIFICATION UNDER L.R. 7.1</u>

Because Petitioner is a pro se prisoner currently being held in a detention center, counsel for the United States respectfully requests leave to file this Motion without a 7.1 conference. It is the undersigned's position that because the Petitioner is *pro se* a 7.1 conference is unnecessary, as that Rule pertains to "counsel."

                               /s/ Damian W. Wilmot
                              DAMIAN W. WILMOT
                              Assistant U.S. Attorney

<u>CERTIFICATE OF SERVICE</u>

I certify that on August 2, 2005, I caused a copy of the foregoing Memorandum to be served on Petitioner by first class mail, postage pre-paid to Robert White (80519038), Wyatt Detention Center, Central Falls, RI 02836.

                               /s/ Damian W. Wilmot
                              DAMIAN W. WILMOT
                              Assistant U.S. Attorney

# EXHIBIT A

CONVERTED, APPEAL

# United States Bankruptcy Court
## District of Massachusetts (Worcester)
### Bankruptcy Petition #: 03-44906

*Assigned to:* Judge Henry J. Boroff
Chapter 7
Previous chapter 11
Voluntary
Asset

*Date Filed:* 08/22/2003
*Date Converted:* 03/04/2004

| | | |
|---|---|---|
| **CK Liquidation Corporation**<br>33 Boston Post Road West<br>Suite 120<br>Marlboro, MA 01752<br>Tax id: 04-3079696<br>*Debtor*<br>*dba*<br>**Baystate Technologies, Inc.**<br>*fka*<br>**Cadkey Corporation** | represented by | **Erin T. Fontana**<br>Ropes And Gray LLP<br>One International Place<br>Boston, MA 02110-2624<br>(617) 951-7000<br>Fax : (617) 951-7050<br>Email: efontana@ropesgray.com<br><br>**James M. Wilton**<br>Ropes and Gray LLP<br>One International Place<br>Boston, MA 02110-2624<br>617-951-7000<br>Fax : 617-951-7050<br>Email: jwilton@ropesgray.com<br><br>**Stephen Moeller-Sally**<br>Ropes and Gray LLP<br>One International Place<br>Boston, MA 02110-2624<br>617-951-7000<br>Fax : 617-951-7050<br>Email: stephen.moeller-sally@ropesgray.com |
| **Richard King**<br>Office of US. Trustee<br>446 Main Street<br>14th Floor<br>Worcester, MA 01608<br>*Assistant U.S. Trustee* | represented by | **Richard T. King**<br><br>**Stephen E. Meunier**<br>Department of Justice<br>U.S. Trustee's Office<br>446 Main Street , 14th Floor<br>Worcester, MA 01608<br>(508) 793-0555<br>Email: stephen.meunier@usdoj.gov |
| **John A. Burdick**<br>340 Main Street | represented by | **Charles Azano**<br>Mintz, Levin,Cohn, Ferris, Glovsky |

Worcester, MA 01608
508-752-4633
*Trustee*

and Popeo, P.C.
1 Financial Center
Boston, MA
617-542-6000
Email: cazano@mintz.com

**Christopher M. Candon**
Cohn Whitesell & Goldberg LLP
101 Arch Street
Boston, MA 02110-1130
(617) 951-2505
Email: candon@cwg11.com

**Michael J. Goldberg**
Cohn Whitesell & Goldberg
101 Arch Street
Boston, MA 02110
(617) 951-2505
Fax : (617) 961-0679
Email: goldberg@cwg11.com

**Richard E. Mikels**
Mintz, Levin, Cohn, Ferris,
Glovsky and Popeo
One Financial Center
Boston, MA 02111
(617) 542-6000

**John F. Ward**
Bromberg & Sunstein, LLP
125 Summer Street
Boston, MA 02110
*Creditor Committee Chair*

**Official Committee Of Unsecured**    represented by  **Michael J. Goldberg**
**Creditors**                                           (See above for address)
*Creditor Committee*

| Filing Date | # | Docket Text |
|-------------|-----|-------------|
| 08/22/2003 | 1 | Chapter 11 Voluntary Petition. Receipt Number 00513582, Fee Amount $830 Filed by CADKEY Corporation rep by James M. Wilton. (pf, USBC) (Entered: 08/22/2003) |
| 08/22/2003 | 2 | Order to Update. Atty Disclosure Statement due 9/8/2003. Schedules A-H due 9/8/2003. Statement of Financial Affairs due 9/8/2003. Exhibit A due 9/8/2003. (pf, USBC) (Entered: 08/22/2003) |
| | | |

| 08/22/2003 | ●3 | Debtor's Application For Order Authorizing Employment and Retention of Ropes & Gray LLP As Debtor's Attorney. c/s (yms) (Entered: 08/22/2003) |
|---|---|---|
| 08/22/2003 | ●4 | Affidavit of James M. Wilton Re: 3 Debtor's Application For Order Authorizing Employment and Retention of Ropes & Gray LLP As Debtor's Attorney. (yms) (Entered: 08/22/2003) |
| 08/22/2003 | ●5 | Debtor's Application For Order Authorizing Employment and Retention of The Schwartz Heslin Group, Inc. as as Financial Advisor to the Debtor. c/s (yms) (Entered: 08/22/2003) |
| 08/22/2003 | ●6 | Affidavit of Lawrence R. Heslin Re: 5 Debtor's Application For Order Authorizing Employment and Retention of The Schwartz Heslin Group, Inc. as as Financial Advisor to the Debtor. (yms) (Entered: 08/22/2003) |
| 08/22/2003 | ●7 | Cash Collateral Stipulation By Debtor CADKEY Corporation and Micro Control Systems, Inc. (yms) (Entered: 08/22/2003) |
| 08/22/2003 | ●8 | Debtor's Motion For Order Authorizing and Approving 7 Cash Collateral Stipulation By Debtor CADKEY Corporation and Micro Control Systems, Inc. (yms) (Entered: 08/22/2003) |
| 08/22/2003 | ●9 | Debtor's Motion For Order (I) Authorizing Payment of Pre-Petition Employee Obligations and Continuation of Employee Benefit Plans and Programs Post-Petition; and (II) Confirming Authority to Pay Pre-Petition Sales, Use and Other Taxes.(yms) (Entered: 08/22/2003) |
| 08/22/2003 | ●10 | Debtor's Motion For Order Authorizing Debtor to Honor Certain Pre-Petition Customer Obligations and Continue Customer Programs and Practices Post-Petition. (yms) (Entered: 08/22/2003) |
| 08/22/2003 | ●11 | Debtor's Motion For Order (I) Restraining Utility Companies From Discontinuing, Altering, or Refusing Service, and (II) Establishing Procedure for Determining Adequate Assurances. (yms) (Entered: 08/22/2003) |
| 08/22/2003 | ●12 | Debtor's Motion For An Emergency Hearing On documents: 3; 5; 8; 9; 10; and 11. (yms) (Entered: 08/22/2003) |
| 08/22/2003 | ●13 | Endorsed Order Regarding 12 Debtor's Motion For An Emergency Hearing On documents: 3; 5; 8; 9; 10; and 11. REQUEST FOR EMERGENCY HEARING IS GRANTED; THE HEARING IS SCHEDULED FOR MONDAY, AUGUST 25,2003 AT 2:00 PM IN SPRINGFIELD. MOVANT SHALL GIVE NOTICE FORTHWITH VIA TELEPHONE AND/OR FAX TO ALL SECURED |

| | | |
|---|---|---|
| | | CREDITORS, THE TOP TWENTY UNSECURED CREDITORS, ALL TAXING AUTHORITIES, U.S. TRUSTEE, AND ANY COUNSEL WHO HAVE FILED AN APPEARANCE IN THIS CASE. 8/22/2003. (yms) (Entered: 08/22/2003) |
| 08/22/2003 | ● | Hearing scheduled for 8/25/2003 at 02:00 PM Springfield Courtroom for documents: 8; 9; 10 and 11.(yms) (Entered: 08/22/2003) |
| 08/25/2003 | ●14 | Notice of Appearance and Request for Notice by Philip J. Hendel of Hendel & Collins, P.C. for Micro Control Systems Inc. c/s (yms) (Entered: 08/26/2003) |
| 08/25/2003 | ● | Hearing Held RE: 11 Debtor's Motion For Order (I) Restraining Utility Companies From Discontinuing, Altering, or Refusing Service, and (II) Establishing Procedure for Determining Adequate Assurances. (Entered: 08/26/2003) |
| 08/25/2003 | ●15 | Order Granting 11 Debtor's Motion For Order (I) Restraining Utility Companies From Discontinuing, Altering, or Refusing Service, and (II) Establishing Procedure for Determining Adequate Assurances. 8/25/2003. (yms) (Entered: 08/26/2003) |
| 08/25/2003 | ● | Hearing Held RE: 10 Debtor's Motion For Order Authorizing Debtor to Honor Certain Pre-Petition Customer Obligations and Continue Customer Programs and Practices Post-Petition. (yms) (Entered: 08/26/2003) |
| 08/25/2003 | ●16 | Order Granting 10 Debtor's Motion For Order Authorizing Debtor to Honor Certain Pre-Petition Customer Obligations and Continue Customer Programs and Practices Post-Petition. 8/25/2003. (yms) (Entered: 08/26/2003) |
| 08/25/2003 | ● | Hearing Held RE: 8 Debtor's Motion For Order Authorizing and Approving 7 Cash Collateral Stipulation By Debtor CADKEY Corporation and Micro Control Systems, Inc. (yms) (Entered: 08/26/2003) |
| 08/25/2003 | ●17 | INTERIM Order Authorizing and Approving (on an interim basis) re: 7 Cash Collateral Stipulation By Debtor CADKEY Corporation and Micro Control Systems, Inc. 8/25/2003. (yms) (Entered: 08/26/2003) |
| 08/25/2003 | ● | Hearing Held RE: 9 Debtor's Motion For Order (I) Authorizing Payment of Pre-Petition Employee Obligations and Continuation of Employee Benefit Plans and Programs Post-Petition; and (II) Confirming Authority to Pay Pre-Petition Sales, Use and Other Taxes. (yms) (Entered: 08/26/2003) |
| | | |

| 08/25/2003 | ●18 | Order Regarding 9 Debtor's Motion For Order (I) Authorizing Payment of Pre-Petition Employee Obligations and Continuation of Employee Benefit Plans and Programs Post-Petition; and (II) Confirming Authority to Pay Pre-Petition Sales, Use and Other Taxes. CONTINUED TO 9/9/03 AT 11:30 AM IN WORCESTER. 8/25/2003. (yms) (Entered: 08/26/2003) |
| 08/26/2003 | ● | Hearing Reset for 9/9/2003 at 11:30 AM Worcester Courtroom 4 for 9 Debtor's Motion For Order (I) Authorizing Payment of Pre-Petition Employee Obligations and Continuation of Employee Benefit Plans and Programs Post-Petition; and (II) Confirming Authority to Pay Pre-Petition Sales, Use and Other Taxes. (yms) (Entered: 08/26/2003) |
| 08/26/2003 | ●19 | Notice of Appearance and Request for Notice by Livingston Davies for Micro Control Systems Inc. (yms) (Entered: 08/26/2003) |
| 08/27/2003 | ● | First Meeting of Creditors scheduled. 341(a) meeting to be held on 9/30/2003 at 10:30 AM at Worcester UST Office, 600 Main Street, Suite 202. (pf, USBC) (Entered: 08/27/2003) |
| 08/27/2003 | ●20 | Court's Notice of 341 sent (pf, USBC) (Entered: 08/27/2003) |
| 08/27/2003 | ●21 | Notice of Hearing Continued to 9/9/03 at 11:30 am Regarding 3,5 and 9 Filed by Debtor's counsel Aty. Wilton. (yms) (Entered: 08/27/2003) |
| 08/27/2003 | ●22 | Affidavit of Service by Edward S. Graham for Debtor on all applications, affidavits and Endorsement Order granting Emergency Hearing. (yms) (Entered: 08/27/2003) |
| 08/27/2003 | ● | Hearing Contd for 9/9/2003 at 11:30 AM Worcester Courtroom 4 3 Debtor's Application For Order Authorizing Employment and Retention of Ropes & Gray LLP As Attorney for Debtor. (yms) (Entered: 08/27/2003) |
| 08/27/2003 | ● | Hearing continued for 9/9/2003 at 11:30 AM Worcester Courtroom 4 for 5 Debtor's Application For Order Authorizing Employment and Retention of The Schwartz Heslin Group, Inc. as as Financial Advisor. (yms) (Entered: 08/27/2003) |
| 08/27/2003 | ● | Final Hearing scheduled for 9/23/2003 at 11:30 AM Worcester Courtroom 4 for 8 Debtor's Motion for Authorization to Use Cash Collateral. Objections due by 9/19/2003. (yms) (Entered: 08/27/2003) |
| 08/27/2003 | ●23 | Affidavit of Service Re: Final Hearing scheduled for 9/23/2003 at 11:30 AM Worcester Courtroom 4 for 8 Debtor's Motion for Authorization to Use Cash Collateral. Objections due by 9/19/2003. (yms) (Entered: 08/27/2003) |

| 08/27/2003 | 🔘24 | Notice of Entry of Utility Order and Notice of Hearing and Objection Deadline Filed by Debtor CADKEY Corporation. (yms) (Entered: 08/27/2003) |
| 08/28/2003 | 🔘27 | Certificate of Service Re: 12; 18 and 17 Filed by Debtor CADKEY Corporation. (yms) (Entered: 08/29/2003) |
| 08/29/2003 | 🔘25 | Debtor's Motion for an Order (A) AUTHORIZING and APPROVING BIDDING PROCEDURES and Breakup Fee in connection with PROPOSED SALE OF Substantially ALL ASSETS of the Debtor Free and Clear of liens, claims, encumbrances and interests and Proposed Assumption and Assignment of Executory Contracts; (B) SCHEDULING A HEARING to consider Appproval of the Sale of Substantially All Assets of the Debtor and Assumption and Assignment of Executory Contracts; (C) PRESCRIBING the manner of NOTICE for such hearing; (D) AUTHORIZING and APPROVING ASSET PURCHASE AGREEMENT with INTERNATIONAL MICROCOMPUTER SOFTWARE, INC. or another bidder providing Higer or otherwise Better Offer; (E) AUTHORIZING THE SALE OF THE DEBTOR'S ASSETS free and clear of all liens, claims encumbrances and other interests; (F) AUTHORIZING THE ASSUMPTION AND ASIGNMENT of certain Executory Contracts; and (G) GRANTING other related relief. (Entered: 08/29/2003) |
| 08/29/2003 | 🔘26 | Debtor's Motion For Expedited Hearing on 25 Debtor's Motion for an Order AUTHORIZING and APPROVING BIDDING PROCEDURES and to be used in connection with the Sale of Debtor's Assets. (yms) (Entered: 08/29/2003) |
| 08/29/2003 | 🔘28 | BNC Certificate of Mailing - Meeting of Creditors. Service Date 08/29/2003. (Related Doc # 20) (Admin.) (Entered: 08/30/2003) |
| 09/04/2003 | 🔘29 | Certificate of Service on Documents: 25 and 26 Filed by Erin T. Fontana for Debtor CADKEY Corporation. (yms) (Entered: 09/04/2003) |
| 09/04/2003 | 🔘30 | Endorsed Order Re: 26 Debtor's Motion For Expedited Hearing on 25 Debtor's Motion for an Order AUTHORIZING and APPROVING BIDDING PROCEDURES to be used in connection with the Sale of Debtor's Assets. EXPEDITED DETERMINATION GRANTED. A HEARING ON THE MOTION IS SCHEDULED FOR 11:30 AM ON 9/9/03 IN WORCESTER. 9/4/2003. (yms) (Entered: 09/04/2003) |
| 09/04/2003 | 🔘31 | Objection by Harold L. Bowers to 26 Debtor's Motion For Expedited Hearing on 25 Debtor's Motion for an Order AUTHORIZING and APPROVING BIDDING PROCEDURES to be used in connection with the Sale of Debtor's Assets. c/s (yms) (Entered: 09/04/2003) |

| | | |
|---|---|---|
| 09/04/2003 | ● | Hearing scheduled for 9/9/2003 at 11:30 AM Worcester Courtroom 4 RE: 25 Debtor's Motion for an Order AUTHORIZING and APPROVING BIDDING PROCEDURES in connection with the sale of Debtor's Assets. (yms) (Entered: 09/04/2003) |
| 09/04/2003 | ●35 | Notice of Appointment of Unsecured Creditors' Committee. John F. Ward added to case as Chairperson. c/s (yms) (Entered: 09/08/2003) |
| 09/05/2003 | ●32 | Notice of Amendment to Engagement Letter Related to 5 Debtor's Application For Order Authorizing Employment and Retention of The Schwartz Heslin Group, Inc. as as Financial Advisor to the Debtor. (yms) (Entered: 09/08/2003) |
| 09/05/2003 | ●33 | Notice of Hearing on Debtor's Sale Motion. (yms) (Entered: 09/08/2003) |
| 09/05/2003 | ●34 | Certificate of Service Re: 32 Notice of Amendment to Engagement Letter to Debtor's Application to Employ Schwartz Heslin Group, Inc. and 33 Notice of Hearing of Debtor's Sale Motion. (yms) (Entered: 09/08/2003) |
| 09/08/2003 | ●36 | Limited Objection by Micro Control Systems Inc. to 25 Debtor's Motion for an Order (A) AUTHORIZING and APPROVING BIDDING PROCEDURES and Breakup Fee in connection with PROPOSED SALE OF Substantially ALL ASSETS of the Debtor Free and Clear of liens, claims, encumbrances and interests and Proposed Assumption and Assignment of Executory Contracts; (B) SCHEDULING A HEARING to consider Appproval of the Sale of Substantially All Assets of the Debtor and Assumption and Assignment of Executory Contracts; (C) PRESCRIBING the manner of NOTICE for such hearing; (D) AUTHORIZING and APPROVING ASSET PURCHASE AGREEMENT with INTERNATIONAL MICROCOMPUTER SOFTWARE, INC. or another bidder providing Higer or otherwise Better Offer; (E) AUTHORIZING THE SALE OF THE DEBTOR'S ASSETS free and clear of all liens, claims encumbrances and other interests; (F) AUTHORIZING THE ASSUMPTION AND ASIGNMENT of certain Executory Contracts; and (G) GRANTING other related relief. c/s (yms) (Entered: 09/08/2003) |
| 09/08/2003 | ●37 | Objection by Harold L. Bowers to 25 Debtor's Motion for an Order (A) AUTHORIZING and APPROVING BIDDING PROCEDURES and Breakup Fee in connection with PROPOSED SALE OF Substantially ALL ASSETS of the Debtor Free and Clear of liens, claims, encumbrances and interests and Proposed Assumption and Assignment of Executory Contracts; (B) SCHEDULING A HEARING to consider Appproval of the Sale of Substantially All Assets of the Debtor and Assumption and Assignment of Executory |

| | | |
|---|---|---|
| | | Contracts; (C) PRESCRIBING the manner of NOTICE for such hearing; (D) AUTHORIZING and APPROVING ASSET PURCHASE AGREEMENT with INTERNATIONAL MICROCOMPUTER SOFTWARE, INC. or another bidder providing Higer or otherwise Better Offer; (E) AUTHORIZING THE SALE OF THE DEBTOR'S ASSETS free and clear of all liens, claims encumbrances and other interests; (F) AUTHORIZING THE ASSUMPTION AND ASIGNMENT of certain Executory Contracts; and (G) GRANTING other related relief. c/s (yms) (Entered: 09/08/2003) |
| 09/08/2003 | ●38 | Objection by Creditor Robert White to 26 Debtor's Motion For Expedited Hearing on 25 Debtor's Motion for an Order AUTHORIZING and APPROVING BIDDING PROCEDURES and to be used in connection with the Sale of Debtor's Assets. c/s (yms) (Entered: 09/08/2003) |
| 09/08/2003 | ●40 | Statement of Financial Affairs Filed by Debtor CADKEY Corporation. (yms) (Entered: 09/11/2003) |
| 09/08/2003 | ●41 | Schedules A-H Filed by Debtor CADKEY Corporation. (yms) (Entered: 09/11/2003) |
| 09/08/2003 | ●42 | Disclosure of Compensation of Debtor's counsel Attorney James M. Wilton in the amount of 52,057.38. (yms) (Entered: 09/11/2003) |
| 09/08/2003 | ●43 | Exhibit A Filed by Debtor CADKEY Corporation. (yms) (Entered: 09/11/2003) |
| 09/08/2003 | ●70 | Notice of Appearance and Request for Notice by Rhonda E. Rosenblum For Creditor American Express Travel Related Svcs Co Inc Corp Card (lc , ) (Entered: 09/25/2003) |
| 09/09/2003 | ●39 | Limited Objection of Official Committee Of Unsecured Creditors to 25 Debtor's Motion for an Order (A) AUTHORIZING and APPROVING BIDDING PROCEDURES and Breakup Fee in connection with PROPOSED SALE OF Substantially ALL ASSETS of the Debtor Free and Clear of liens, claims, encumbrances and interests and Proposed Ass umption and Assignment of Executory Contracts; (B) SCHEDULING A HEARING to consider Appproval of the Sale of Substantially All Assets of the Debtor and Assumption and Assignment of Executory Contracts; (C) PRESCRIBING the manner of NOTICE for such he aring; (D) AUTHORIZING and APPROVING ASSET PURCHASE AGREEMENT with INTERNATIONAL MICROCOMPUTER SOFTWARE, INC. or another bidder providing Higer or otherwise Better Offer; (E) AUTHORIZING THE SALE OF THE DEBTOR'S ASSETS free and clear of all lien s, claims and encumbrances and interests; (F) |

| | | |
|---|---|---|
| | | AUTHORIZING THE ASSUMPTION AND ASIGNMENT of certain Executory Contracts; and (G) GRANTING other related relief. (yms) (Entered: 09/09/2003) |
| 09/09/2003 | ⬤44 | Motion For Admission of Frederic Meeker pro hac vice (as co-counsel for creditor Harold L. Bowers). (yms) (Entered: 09/11/2003) |
| 09/09/2003 | ⬤ | Hearing Held RE: 25 Debtor's Motion for an Order (A) AUTHORIZING and APPROVING BIDDING PROCEDURES and Breakup Fee in connection with PROPOSED SALE OF Substantially ALL ASSETS of the Debtor Free and Clear of liens, claims, encumbracys and Proposed Assumption and Assignment of Executory Contracts; (B) SCHEDULING A HEARING to consider Appproval of the Sale of Substantially All Assets of the Debtor and Assumption and Assignment of Executory Contracts; (C) PRESCRIBING the manner of NOTICE for such hearing; (D) AUTHORIZING and APPROVING ASSET PURCHASE AGREEMENT with INTERNATIONAL MICROCOMPUTER SOFTWARE, INC. or another bidder providing Higer or otherwise Better Offer; (E) AUTHORIZING THE SALE OF THE DEBTOR'S ASSETS free and clear of all liens, claims encumbrances and other interests; (F) AUTHORIZING THE ASSUMPTION AND ASIGNMENT of certain Executory Contracts; and (G) GRANTING other related relief. (yms) (Entered: 09/11/2003) |
| 09/09/2003 | ⬤45 | Order Regarding Re: 25 Debtor's Motion for Order Authorizing and Approving Bidding Procedure and Breakup Fee. CONTINUED TO 9/12/03 AT 2:00 PM IN SPRINGFIELD. 9/9/2003. (yms) (Entered: 09/11/2003) |
| 09/09/2003 | ⬤ | Hearing Held RE: 3 Debtor's Application For Order Authorizing Employment and Retention of Ropes & Gray LLP As Debtor's Attorney. (yms) (Entered: 09/12/2003) |
| 09/09/2003 | ⬤46 | Order Re: 3 Debtor's Application For Order Authorizing Employment and Retention of Ropes & Gray LLP As Debtor's Attorney. GRANTED. 9/9/2003. (yms) (Entered: 09/12/2003) |
| 09/09/2003 | ⬤ | Hearing Held RE: 9 Debtor's Motion For Order (I) Authorizing Payment of Pre-Petition Employee Obligations and Continuation of Employee Benefit Plans and Programs Post-Petition; and (II) Confirming Authority to Pay Pre-Petition Sales, Use and Other Taxes. (yms) (Entered: 09/12/2003) |
| 09/09/2003 | ⬤47 | Order Re: 9 Debtor's Motion For Order (I) Authorizing Payment of Pre-Petition Employee Obligations and Continuation of Employee Benefit Plans and Programs Post-Petition; and (II) Confirming |

| | | |
|---|---|---|
| | | Authority to Pay Pre-Petition Sales, Use and Other Taxes. GRANTED. 9/9/2003. (yms) (Entered: 09/12/2003) |
| 09/09/2003 | ● | Hearing Held RE: 5 Debtor's Application For Order Authorizing Employment and Retention of The Schwartz Heslin Group, Inc. as as Financial Advisor to the Debtor. (yms) (Entered: 09/12/2003) |
| 09/09/2003 | ●48 | Order Re: 5 Debtor's Application For Order Authorizing Employment and Retention of The Schwartz Heslin Group, Inc. as as Financial Advisor to the Debtor. GRANTED AS AMENDED; SEE ORDER OF EVEN DATE. 9/9/2003. (yms) (Entered: 09/12/2003) |
| 09/09/2003 | ●49 | Order Authorizing 5 Employment and Retention of The Schwartz Heslin Group, Inc. as as Financial Advisor to the Debtor. (yms) (Entered: 09/12/2003) |
| 09/09/2003 | ●297 | Transcript Of Hearing Held On September 9, 2003 RE: 3 Motion Of Debtor For Authorization Of The Retention Of Ropes & Gray, LLP As Counsel; 5 Motion Of Debtor For Authorization Of The Retention Of The Schwartz Heslin Group, Inc. As Financial Advisor; 9 Motion Of Debtor For Authority To Make Payment Of Pre-Petition Wages And Benefit Plan Programs Post-Petition, And Confirming Authority To Pay Pre-Petition Sales, Use And Other Taxes; 25 Motion Of Debtor for an Order AUTHORIZING and APPROVING BIDDING PROCEDURES and Breakup Fee. (lc, usbc) (Entered: 05/06/2004) |
| 09/11/2003 | ● | Hearing cntd for 9/12/2003 at 02:00 PM Springfield Courtroom RE: 25 Debtor's Motion for Order Authorizing and Approving Bidding Procedure and Breakup Fee. (yms) (Entered: 09/11/2003) |
| 09/11/2003 | ●54 | Endorsed Order Re: 44 Motion For Admission of Frederic Meeker pro hac vice (as co-counsel for creditor Harold L. Bowers. ALLOWED. 9/11/2003. (yms) (Entered: 09/15/2003) |
| 09/12/2003 | ●55 | Order Approving 25 Bidding Procedures and Breakup Fee. 9/12/2003. (yms) (Entered: 09/15/2003) |
| 09/14/2003 | ●50 | BNC Certificate of Mailing - PDF Document. Service Date 09/14/2003. (Related Doc # 46) (Admin.) (Entered: 09/15/2003) |
| 09/14/2003 | ●51 | BNC Certificate of Mailing - PDF Document. Service Date 09/14/2003. (Related Doc # 47) (Admin.) (Entered: 09/15/2003) |
| 09/14/2003 | ●52 | BNC Certificate of Mailing - PDF Document. Service Date 09/14/2003. (Related Doc # 49) (Admin.) (Entered: 09/15/2003) |
| 09/15/2003 | ●53 | Application by Official Committee Of Unsecured Creditors For Order |

| | | Approving Retention of Sherin and Lodgen LLP as Counsel to the Committee. c/s (yms) (Entered: 09/15/2003) |
|---|---|---|
| 09/15/2003 | | Sale Hearing scheduled for 10/20/2003 at 09:30 AM Worcester Courtroom 4 - RE: 25 Debtor's Motion to Sell. Objections due by 10/16/2003 at 04:30 PM. (yms) (Entered: 09/15/2003) |
| 09/16/2003 | 56 | Motion by Official Committee Of Unsecured Creditors to Limit Notice Re:53 Application to Employ Sherin and Lodgen LlP as counsel to the Committee. c/s (yms) (Entered: 09/17/2003) |
| 09/17/2003 | 57 | BNC Certificate of Mailing - PDF Document. Service Date 09/17/2003. (Related Doc # 54) (Admin.) (Entered: 09/18/2003) |
| 09/18/2003 | 58 | Endorsed Order Re: 56) Motion by Official Committee Of Unsecured Creditors to Limit Notice on 53 Application to Employ Sherin and Lodgen LIP as counsel to the Committee. GRANTED. HOWEVER, NOTICE SHALL ALSO INCLUDE ALL SECURED CREDITORS. 9/18/2003. (yms) (Entered: 09/19/2003) |
| 09/19/2003 | 59 | Stipulation By and Between Micro Control Systems Inc., Official Committee Of Unsecured Creditors Micro Control Systems, Inc. (Re: 25 Debtor's Motion to Sell, , , ). (yms) (Entered: 09/19/2003) |
| 09/19/2003 | 60 | Assented-To Emergency Motion by Official Committee Of Unsecured Creditorsto For Approval of 59 Stipulation. (yms) (Entered: 09/19/2003) |
| 09/19/2003 | 61 | Motion by Official Committee Of Unsecured Creditors For Emergency Hearing (Re: 60 Motion to Approve). c/s (yms) (Entered: 09/19/2003) |
| 09/19/2003 | 62 | Limited Objection of Harold L. Bowers to 8 Debtor's Motion For Order Authorizing and Approving Cash Collateral Stipulation. c/s (yms) (Entered: 09/19/2003) |
| 09/19/2003 | 63 | Order Re: 61) Motion by Official Committee Of Unsecured Creditors For Emergency Hearing on 60 Motion to Approve. REQUEST FOR EMERGENCY HEARING IS GRANTED. HEARING IS SET FOR 9/23/03 AT 11:30 AM IN WORCESTER. MOVANT SHALL PROVIDE TELEPHONIC AND FAX NOTICE TO DEBTOR, ALL SECURED CREDITORS, TAXING AUTHORITIES, US TRUSTEE, AND ALL PARTIES WHO HAVE REQUESTED SERVICE. 9/19/2003. (yms) (Entered: 09/19/2003) |
| 09/19/2003 | | Hearing scheduled for 9/23/2003 at 11:30 AM Worcester Courtroom 4 for 60 Assented-To Emergency Motion by Official Committee Of |

| | | Unsecured Creditors For Approval of 59 Stipulation. (yms) (Entered: 09/19/2003) |
|---|---|---|
| 09/19/2003 | ◉64 | Certificate of Service Re: Hearing scheduled for 9/23/2003 at 11:30 AM Worcester Courtroom 4 for 60 Assented-To Emergency Motion by Official Committee Of Unsecured Creditors For Approval of 59 Stipulation. (yms) (Entered: 09/19/2003) |
| 09/21/2003 | ◉65 | BNC Certificate of Mailing - PDF Document. Service Date 09/21/2003. (Related Doc # 58) (Admin.) (Entered: 09/22/2003) |
| 09/23/2003 | ◉66 | Limited Objection of Harold L. Bowers To 60 Emergency Motion of Official Committee Of Unsecured Creditors for Approval of Stipulation by and Between Creditors' Committee and Micro Control Systems, Inc. c/s (yms) (Entered: 09/23/2003) |
| 09/23/2003 | ◉67 | Certificate of Service by Michael Goldbery for Official Committee Of Unsecured Creditors Re: Hearing Scheduled for 60 Motion Approving Stipulation. (yms) (Entered: 09/23/2003) |
| 09/23/2003 | ◉ | Hearing Held RE: 60 Motion to Approve Stipulation with Micro Control Systems, Inc. by Official Committee Of Unsecured Creditors. (yms) (Entered: 09/24/2003) |
| 09/23/2003 | ◉68 | Order Re: 60 Motion to Approve Stipulation with Micro Control Systems, Inc. by Official Committee Of Unsecured Creditors. CONTINUED TO 9/26/03 AT 10:00 AM AT WORCESTER. 9/23/2003. (yms) (Entered: 09/24/2003) |
| 09/23/2003 | ◉ | Hearing Held RE: 8 Debtor's Motion For Order Authorizing and Approving 7 Cash Collateral.(yms) (Entered: 09/24/2003) |
| 09/23/2003 | ◉69 | Final Order Authorizing and Approving 7 Cash Collateral Stipulation. 9/23/2003. (yms) (Entered: 09/24/2003) |
| 09/24/2003 | ◉ | Hearing reset for 9/26/2003 at 10:00 AM Worcester Courtroom 4 RE: 60 Motion to Approve Stipulation with Micro Control Systems, Inc. by Official Committee Of Unsecured Creditors.(yms) (Entered: 09/24/2003) |
| 09/25/2003 | ◉71 | Notice by Harold L. Bowers to Withdraw 66 His Limited Objection To 60 Emergency Motion of Official Committee Of Unsecured Creditors for Approval of Stipulation by and Between Creditors' Committee and Micro Control Systems, Inc. c/s (yms) (Entered: 09/25/2003) |
| 09/25/2003 | ◉72 | Endorsed Order Re: 60 Assented-To Emergency Motion by Official |

| | | Committee Of Unsecured Creditors For Approval of 59 Stipulation by and between Creditors' Committee and Micro Control Systems, Inc. GRANTED, THE OBJECTION OF HAROLD BOWERS HAVING BEEN WITHDRAWN. THE HEARING SET FOR 9/26/03 IS CANCELLED. 9/25/2003. (yms) (Entered: 09/25/2003) |
|---|---|---|
| 09/26/2003 | 73 | Emergency Motion by Harold L. Bowers To Withdraw the Reference From the Bankruptcy Court Pursuant to 28 U.S.C. 157(d). c/s (yms) (Entered: 09/26/2003) |
| 09/26/2003 | 74 | Objection of Harold L. Bowers to 25 (A) The Juridiction of the Bankruptcy Court to Determine Issues of Copyright Law and Preside over a Jury Trial involving Bowers; (B) The Entry of a Sale Order Allowing the Sale of the Debtor's Assets Free and Clear of the Interest of Harold L. Bowers; and (C) The Entry of a Sale Order Determining that the Manufacture, Sale, Distribution and Licensing for Manufacture, Sale or Distribution of the Debtor's Assets Does Not Violate the District Court Injunction Dated July 12, 2001. c/s (yms) (Entered: 09/26/2003) |
| 09/26/2003 | 75 | Certification of Transmittal of Reference to U.S. District Court RE: 73 Emergency Motion by Harold L. Bowers To Withdraw the Reference From the Bankruptcy Court Pursuant to 28 U.S.C. 157(d). (yms) (Entered: 09/26/2003) |
| 09/26/2003 | 76 | BNC Certificate of Mailing - PDF Document. Service Date 09/26/2003. (Related Doc # 69) (Admin.) (Entered: 09/27/2003) |
| 09/27/2003 | 77 | BNC Certificate of Mailing - PDF Document. Service Date 09/27/2003. (Related Doc # 72) (Admin.) (Entered: 09/28/2003) |
| 09/29/2003 | 78 | Motion For Order (Re: 74 Objection,, ) - *Debtor's Motion for Entry of an Order Scheduling a Hearing on the Objection of Harold L. Bowers to (a) Jurisdiction of the Bankruptcy Court to Determine Issues of Copyright Law and Preside Over a Jury Trial Involving Bowers; (b) Entry of a Sale Order Allowing the Sale of the Debtor's Assets Free and Clear of the Interest of Harold L. Bowers; and (c) the Entry of a Sale Order Determining that the Manufacture, Sale, Distribution and Licensing for Manufacture, Sale or Distribution of the Debtor's Assets Does Not Violate the District Court Injunction Dated July 12, 2001* Filed by Debtor CADKEY Corporation (Wilton, James) (Entered: 09/29/2003) |
| 09/29/2003 | 79 | Certificate of Service (Re: 55 Order on Motion To Sell). Filed by Debtor CADKEY Corporation (Wilton, James) (Entered: 09/29/2003) |
| 09/29/2003 | 80 | Motion For Contempt - *Debtor's Motion for Entry of an Order (i) Holding Acuity, Inc. in Civil Contempt for Willful Violation of the* |

|  |  | *Automatic Stay, (ii) Issuing Sanctions against Acuity, Inc. for Willful Violation of the Automatic Stay, and (iii) Enjoining Acuity, Inc. for Continuing to Violate the Stay* Filed by Debtor CADKEY Corporation (Wilton, James) (Entered: 09/29/2003) |
|---|---|---|
| 09/29/2003 | 81 | Certificate of Service (Re: 80 Motion for Contempt,, 78 Motion for Order,, ). Filed by Debtor CADKEY Corporation (Wilton, James) (Entered: 09/29/2003) |
| 09/29/2003 | 82 | Notice of 59 Stipulation by and between Official Committee Of Unsecured Creditors and Micro Control Systems, Inc. And Deadline for Objections Set Forth Therein. c/s (yms) (Entered: 09/29/2003) |
| 09/29/2003 | 103 | Stipulation By Creditor Micro Control Systems Inc. and Official Committee Of Unsecured Creditors Re: 25 Motion to Sell. (ab, usbc) (Entered: 10/17/2003) |
| 09/30/2003 |  | Meeting of Creditors Held and Examination of Debtor. (la, USBC) (Entered: 10/01/2003) |
| 09/30/2003 | 83 | Order Re: 53 Application by Official Committee Of Unsecured Creditors For Order Approving Retention of Sherin and Lodgen LLP as Counsel to the Committee. ALLOWED. NO OBJECTIONS FILED. 9/30/2003. (yms) (Entered: 10/02/2003) |
| 09/30/2003 |  | Meeting of Creditors Held and Examination of Debtor. (mjl, USBC) (Entered: 10/03/2003) |
| 10/02/2003 | 84 | Statement of Official Committee Of Unsecured Creditors In Support of 78 Debtor's Motion for Entry of an Order Scheduling a Hearing on the Objection of Harold L. Bowers. c/s (yms) (Entered: 10/03/2003) |
| 10/04/2003 | 85 | BNC Certificate of Mailing - PDF Document. Service Date 10/04/2003. (Related Doc # 83) (Admin.) (Entered: 10/05/2003) |
| 10/06/2003 | 86 | Hearing scheduled for 10/20/2003 at 09:15 AM Worcester Courtroom 4 - HJB for 80 Debtor's Motion for Entry of an Order (i) Holding Acuity, Inc. in Civil Contempt for Willful Violation of the Automatic Stay, (ii) Issuing Sanctions against Acuity, Inc. for Willful Violation of the Automatic Stay, and (iii) Enjoining Acuity, Inc. for Continuing to Violate the Stay. (yms) (Entered: 10/06/2003) |
| 10/06/2003 | 87 | Court Certificate of Mailing RE: 86 Hearing scheduled for 10/20/2003 at 09:15 AM Worcester Courtroom 4 - HJB for 80 Debtor's Motion for Entry of an Order (i) Holding Acuity, Inc. in Civil Contempt for Willful Violation of the Automatic Stay, (ii) Issuing Sanctions against Acuity, Inc. for Willful Violation of the |

| | | |
|---|---|---|
| | | Automatic Stay, and (iii) Enjoining Acuity, Inc. for Continuing to Violate the Stay. (yms) (Entered: 10/06/2003) |
| 10/06/2003 | ●88 | Certificate of Service - *Notice of Hearing set for October 20, 2003 at 9:15 am* (Re: 80 Motion for Contempt, ). Filed by Debtor CADKEY Corporation (Wilton, James) (Entered: 10/06/2003) |
| 10/07/2003 | ●89 | Objection of Debtor To 73 Emergency Motion of Harold L. Bowers To Withdraw the Reference From the Bankruptcy Court Pursuant to 28 U.S.C. 157(d). c/s (yms) (Entered: 10/07/2003) |
| 10/07/2003 | ●90 | Certification of Transmittal of Reference to U.S. District Court RE: 73 Emergency Motion by Harold L. Bowers To Withdraw the Reference From the Bankruptcy Court Pursuant to 28 U.S.C. 157(d). (yms) (Entered: 10/07/2003) |
| 10/09/2003 | ●91 | Objection of Official Committee Of Unsecured Creditors to 73 Emergency Motion by Harold L. Bowers To Withdraw the Reference From the Bankruptcy Court Pursuant to 28 U.S.C. 157(d). c/s (yms) (Entered: 10/09/2003) |
| 10/09/2003 | ●92 | Certification of Transmittal of Reference to U.S. District Court of 91 Objection by Official Committee Of Unsecured Creditors to 73 Emergency Motion of Harold L. Bowers To Withdraw the Reference From the Bankruptcy Court. (yms) (Entered: 10/09/2003) |
| 10/09/2003 | ●102 | Objection by Creditor Robert White Re: 78 Motion For Approval of Proposed Sale of Substantially all of the Debtor's Assets filed by Debtor CADKEY Corporation. c/s (ab) (Entered: 10/17/2003) |
| 10/09/2003 | ●104 | Endorsed Order Approving 103 Stipulation filed by Official Committee Of Unsecured Creditors and Creditor Micro Control Systems Inc. (ab, usbc) (Entered: 10/17/2003) |
| 10/10/2003 | ●93 | Motion For Order - *Motion of Debtor for an Order under 11 U.S.C. ss. 105(a) and 362(a) Extending Automatic Stay to Claims Asserted against Officers of the Debtor* Filed by Debtor CADKEY Corporation (Wilton, James) (Entered: 10/10/2003) |
| 10/10/2003 | ●94 | Motion to Expedite Hearing (Re: 93 Motion for Order) - *Debtor's Motion for Expedited Hearing on Motion of Debtor for an Order under 11 U.S.C. ss. 105(a) and 362(a) Extending Automatic Stay to Claims Asserted against Officers of the Debtor* Filed by Debtor CADKEY Corporation (Wilton, James) (Entered: 10/10/2003) |
| 10/10/2003 | ●95 | Certificate of Service (Re: 93 Motion for Order, 94 Motion to Expedite Hearing, ). Filed by Debtor CADKEY Corporation (Wilton, |

| | | |
|---|---|---|
| | | James) (Entered: 10/10/2003) |
| 10/14/2003 | ◉96 | Endorsed Order RE: 93 Motion of Debtor for an Order under 11 U.S.C. ss. 105(a) and 362(a) Extending Automatic Stay to Claims Asserted against Officers of the Debtor. DENIED. THE DISTRICT COURT IS FULLY COMPETENT, WITHOUT ASSISTANCE FROM THIS COURT, TO IDENTIFY ANY MISTATEMENTS AND/OR FRIVOLOUS REQUESTS MADE BY HAROLD BOWERS. AND, TO THE EXTENT THAT SUCH REQUESTS ARE FRIVOLOUS AND/OR STATEMENTS INACCURATE, THE RESPONSE THERETO OUGHT NEITHER TO BE TIME CONSUMING NOR COSTLY. (ps, ) (Entered: 10/14/2003) |
| 10/14/2003 | ◉97 | Endorsed Order RE: 94 Motion to Expedite Hearing (Re: 93 Motion for Order) - Debtor's Motion for Expedited Hearing on Motion of Debtor for an Order under 11 U.S.C. ss. 105(a) and 362(a) Extending Automatic Stay to Claims Asserted against Officers of the Debtor. MOOT. SEE ORDER OF EVEN DATE. (ps, ) (Entered: 10/14/2003) |
| 10/14/2003 | ◉98 | Opposition by Creditor Acuity, Inc. Re: 80 Motion for Entry of Order Seeking Civil Contempt, Sanctions and Injunction filed by Debtor CADKEY Corporation. c/s (sas, usbc) (Entered: 10/16/2003) |
| 10/16/2003 | ◉99 | Response (To: 74 Objection,, filed by Creditor Harold L. Bowers, Hearing Scheduled) - *Debtor's Verified Pre-hearing Memorandum in Response to the Objection of Harold L. Bowers to (A) Jurisdiction of the Bankruptcy Court to Determine Issues of Copyright Law and Preside over a Jury Trial Involving Bowers, (B) Entry of a Sale Order Allowing the Sale of the Debtor's Assets Free and Clear of the Interest of Harold L. Bowers, and (C) the Entry of a Sale Order Determining that the Manufacture, Sale Distribution and Licensing for Manufacture, Sale or Distribution of the Debtor's Assets does not Violate the District Court Injunction Dates July 12, 2001 [Docket No. 74]* by Debtor CADKEY Corporation Re: 74 Objection,, filed by Creditor Harold L. Bowers, Hearing Scheduled (Attachments: # 1 Exhibit A- Wade Affidavit# 2 Exhibit B- Termination Notice# 3 Exhibit C- Screen Shots) (Wilton, James) (Entered: 10/16/2003) |
| 10/16/2003 | ◉100 | Limited Objection by Creditor Kubotek Corporation Re: 25 Motion for an Order Authizing the Sale of the Debtor's Assets Free and Clear of all Liens, Claims, Encumbrances and Other Intersts; and Authorizing the Assumption and Assignment of of Certain Executory Contracts filed by Debtor CADKEY Corporation. c/s (ab) (Entered: 10/16/2003) |
| 10/16/2003 | ◉101 | Certificate of Service (Re: 99 Response,,, ). Filed by Debtor CADKEY Corporation (Wilton, James) (Entered: 10/16/2003) |

| 10/16/2003 | ●105 | Notice of Submission of Bid Filed by Creditor Kubotek Corporation Re: 25 Motion to Sell Filed by Creditor Kubotek Corporation. c/s (ab, usbc) (Entered: 10/17/2003) |
| 10/16/2003 | ●107 | Objection by Creditor Harold L. Bowers Re: 25 Debtor's Motion For Approval of A Sale Substantially All Assets of The Debtor Free and Clear of Liens, Claims And Encumbrances. (ds, usbc) (Entered: 10/17/2003) |
| 10/17/2003 | ●106 | Debtor's Verified Pre-Hearing Memorandum in Response To: 74 Objection of Harold L. Bowers To (A) Jurisdiction of The Bankruptcy Court To Determine Issues of CopyRight Law and Preside Over A Jury Trial Involving Bowers; (B) Entry of Sale Order Allowing The Sale of The Debtor's Assets Free and Clear of The Interest of Harold L. Bowers; and (C) The Entry of Sale Order Determining That the Manufacture, Sale, Distribution and Licensing For Manufacture, Sale or Distribution of The Debtor's Assets Does Not Vilate The District Court Injunction Dated July 12, 2001 (ds, usbc) (Entered: 10/17/2003) |
| 10/19/2003 | ●108 | BNC Certificate of Mailing - PDF Document. Service Date 10/19/2003. (Related Doc # 104) (Admin.) (Entered: 10/20/2003) |
| 10/20/2003 | ● | Hearing Held RE: 25 Debtor's Motion for Order Approving the Sale of Assets. (yms, usbc) (Entered: 11/07/2003) |
| 10/23/2003 | ●122 | Stipulation Dated 10/23/03 By and Among Debtor, Harold L. Bowers and the Official Committee of Unsecured Creditors And APPROVED by United States District Court Judge Nathaniel M. Gorton Respecting the Withdrawal of the 73 Harold L. Bowers' Emergency Motion to Withdraw The Reference From the Bankruptcy Court Pursuant to 28 USC 157(d). (yms, usbc) (Entered: 11/07/2003) |
| 10/27/2003 | ●120 | Order Dated 10/27/03 Establishing Supplemental Procedures for Auction of Debtor's Assets (Re: 25). (yms, usbc) (Entered: 11/07/2003) |
| 10/30/2003 | ●109 | Order Enjoining Acuity, Inc. From Taking Certain Actions in Violation of the Automatic Stay (Re: 80 Debtor's Motion for Entry of an Order (i) Holding Acuity, Inc. in Civil Contempt for Willful Violation of the Automatic Stay, (ii) Issuing Sanctions Against Acuity, Inc. for Willful Violation of the Automatic Stay, and (iii) Enjoining Acuity, Inc. From Continuing to Violate the Stay. 10/30/2003. (yms, usbc) (Entered: 10/31/2003) |
| 10/30/2003 | ●110 | Transcript Of Hearing Held On September 12, 2003 25 RE: Debtor's Motion for an Order AUTHORIZING and APPROVING BIDDING PROCEDURES and Breakup Fee (lc, usbc) (Entered: 11/03/2003) |

| 10/30/2003 | ⬤119 | Order Dated 10/30/03 on 25 Debtor's Motion for Order Approving the Sale of Assets. CONTINUED GENERALLY. (yms, usbc) (Entered: 11/07/2003) |
| 10/31/2003 | ⬤ | Pre Hearing Conference scheduled for 11/25/2003 at 11:30 AM Worcester Courtroom 4 - HJB on the remaining issues raised in 80 Debtor's Motion for Order finding Acuity, Inc. in Civil Contempt. (yms, usbc) (Entered: 10/31/2003) |
| 11/04/2003 | ⬤111 | Motion For Expedited Determination - *Emergency Motion of Debtor for Approval of Stipulation Providing for Continued Use of Cash Collateral* Filed by Debtor CADKEY Corporation (Fontana, Erin) (Entered: 11/04/2003) |
| 11/04/2003 | ⬤112 | Motion to Expedite Hearing (Re: 25 Motion to Sell,,,, 111 Motion for Expedited Determination) - *Debtor's Motion for Emergency Hearing on (I) Debtor's Emergency Motion for Approval of Stipulation Providing for Continued Use of Cash Collateral, and (II) Debtor's Sale Motion* Filed by Debtor CADKEY Corporation (Fontana, Erin) (Entered: 11/04/2003) |
| 11/04/2003 | ⬤113 | Certificate of Service (Re: 112 Motion to Expedite Hearing,, 111 Motion for Expedited Determination). Filed by Debtor CADKEY Corporation (Fontana, Erin) (Entered: 11/04/2003) |
| 11/04/2003 | ⬤115 | Transcript Of Hearing Held On October 20, 2003 RE: 78 MOTION For Approval Of Proposed Sale Of Substantially All Of The Debtor's Assets Filed By Debtor Cadkey Corporation.(lc, usbc) (Entered: 11/05/2003) |
| 11/04/2003 | ⬤116 | Transcript Of Hearing Held On October 20, 2003 RE: 80Debtor's Motion For Entry Of Order Seeking Civil Contempt, Sanctions, And Injunction. (lc, usbc) (Entered: 11/05/2003) |
| 11/05/2003 | ⬤114 | Amended Certificate of Service (Re: 112 Motion to Expedite Hearing,, 113 Certificate of Service, 111 Motion for Expedited Determination). Filed by Debtor CADKEY Corporation (Fontana, Erin) (Entered: 11/05/2003) |
| 11/05/2003 | ⬤117 | Order Dated 11/5/03 Granting 112 Debtor's Motion for Emergency Hearing on The Continued Cash Collateral and Sale Motion. (yms, usbc) (Entered: 11/05/2003) |
| 11/05/2003 | ⬤ | Hearing scheduled for 11/6/2003 at 02:00 PM Worcester Courtroom 4 for 8 Continued Use of Cash Collateral and Sale Motion. (yms, usbc) (Entered: 11/05/2003) |
| | | |

| 11/06/2003 | ● | Hearing Held Re: 111 Debtor's Emergency Motion for Approval of Stipulation Providing for Continued Use of Cash Collateral. (yms, usbc) (Entered: 11/06/2003) |
| 11/06/2003 | ●118 | Order Dated 11/6/03 Authorizing and Approving 111 Stipulation Providing for Continued Use of Cash Collateral. (see Order for full text). (yms, usbc) (Entered: 11/06/2003) |
| 11/06/2003 | ● | Hearing continued to for 11/17/2003 at 09:00 AM Worcester Courtroom 4 for 8 Continued Use of Cash Collateral. (yms, usbc) (Entered: 11/06/2003) |
| 11/06/2003 | ●121 | Order Dated 11/6/03 (i)Approving And Authorizing 25 Sale of Substantially All of Debtor's Assets Free and Clear of Any and All Liens, Claims, Encumbrances and Other Interests; (ii)Approving the Assumption and Assignment of Certain Unexpired Leases and Executory Contracts; and (iii)Granting Related Relief. (yms, usbc) (Entered: 11/07/2003) |
| 11/08/2003 | ●123 | BNC Certificate of Mailing - PDF Document. Service Date 11/08/2003. (Related Doc # 118) (Admin.) (Entered: 11/09/2003) |
| 11/09/2003 | ●124 | BNC Certificate of Mailing - PDF Document. Service Date 11/09/2003. (Related Doc # 121) (Admin.) (Entered: 11/10/2003) |
| 11/13/2003 | ●125 | Emergency Motion For Order - *Emergency Motion of Debtor for Approval of Stipulation Providing for Continued Use of Cash Collateral* Filed by Debtor CADKEY Corporation (Fontana, Erin) (Entered: 11/13/2003) |
| 11/14/2003 | ●126 | Notice of Appeal Filed by Creditor Robert White RE: 121 Order Dated 11/6/03 (i)Approving And Authorizing 25 Sale of Substantially All of Debtor's Assets Free and Clear of Any and All Liens, Claims, Encumbrances and Other Interests; (ii)Approving the Assumption and Assignment of Certain Unexpired Le ases and Executory Contracts; and (iii)Granting Related Relief. Appellant Designation due by 11/24/2003. Compiled Records Due by 12/9/2003. Transmission of Designation Due by 12/15/2003. (Receipt Number 515957, Fee Amount $225.00).(yms, usbc) (Entered: 11/14/2003) |
| 11/14/2003 | ●127 | Notice of Election of Appeal to District Court Filed by Creditor Robert White. (yms, usbc) (Entered: 11/14/2003) |
| 11/14/2003 | ●128 | Notice of Appeal to District Court RE: 126 Notice of Appeal filed by Creditor Robert White. (yms, usbc) (Entered: 11/14/2003) |
| 11/14/2003 | ●129 | Clerk's Notice of Fees (balance of $30.00) Due RE: 126 Notice of |

| | | |
|---|---|---|
| | | Appeal filed by Creditor Robert White. Fee due by 11/24/2003. (yms, usbc) (Entered: 11/14/2003) |
| 11/14/2003 | 🔵130 | Court Certificate of Mailing RE: 128 Notice of Appeal to District Court. (yms, usbc) (Entered: 11/14/2003) |
| 11/14/2003 | 🔵135 | Certificate of Service Filed by Creditor Robert White Re: 126 Notice of Appeal. (yms, usbc) (Entered: 11/17/2003) |
| 11/15/2003 | 🔵131 | Certificate of Service (Re: 125 Motion for Order). Filed by Debtor CADKEY Corporation (Fontana, Erin) (Entered: 11/15/2003) |
| 11/16/2003 | 🔵132 | Motion For Expedited Determination (Re:121 Order on Motion To Sell, ) - *Emergency Motion of Debtor for an Order Enforcing the Terms of the Sale Order dated November 6, 2003* Filed by Debtor CADKEY Corporation (Attachments: # 1 Proposed Order) (Wilton, James) (Entered: 11/16/2003) |
| 11/16/2003 | 🔵133 | Motion to Expedite Hearing (Re: 132 Motion for Expedited Determination, ) - *Debtor's Motion for Emergency Hearing on Emergency Motion of Debtor for an Order Enforcing the Terms of the Sale Order dated November 6, 2003* Filed by Debtor CADKEY Corporation (Wilton, James) (Entered: 11/16/2003) |
| 11/16/2003 | 🔵134 | Certificate of Service (Re: 132 Motion for Expedited Determination,, 133 Motion to Expedite Hearing, ). Filed by Debtor CADKEY Corporation (Wilton, James) (Entered: 11/16/2003) |
| 11/17/2003 | 🔵136 | Supplemental Certificate of Service (Re: 132 Motion for Expedited Determination,, 133 Motion to Expedite Hearing, ). Filed by Debtor CADKEY Corporation (Wilton, James) (Entered: 11/17/2003) |
| 11/17/2003 | 🔵137 | Certificate of Service *re: Notice of Emergency Hearing scheduled for 10:00 am on November 18, 2003 in Courtroom 4 in Boston* (Re: 133 Motion to Expedite Hearing, ). Filed by Debtor CADKEY Corporation (Wilton, James) (Entered: 11/17/2003) |
| 11/17/2003 | 🔵138 | Emergency Motion of Hinckley, Allen and Snyder LLP For Leave of Court to Withdraw as Counsel To Harold L. Bowers (ds, usbc) (Entered: 11/17/2003) |
| 11/17/2003 | 🔵139 | Motion For Emergency Hearing Re: 138 Emergency Motion of Hinkley, Allen and Snyder LLP For Leave of Court to Withdraw As Counsel to Harold L. Bowers. (ds, usbc) (Entered: 11/17/2003) |
| 11/17/2003 | 🔵140 | Order dated 11/17/03 Regarding 139 Motion For Emergency Hearing on 138 Emergency Motion of Hinckley, Allen and Synder LLp For |

|  |  | Leave of Court To Withdraw As Counsel To Harold L. Bowers. ALLOWED. THE UNDERLYING MOTION TO WITHDRAW AS COUNSEL IS SCHEDULED FOR HEARING ON TUESDAY, NOVEMBER 18, 2003 AT 9:30 AM IN COURTROOM NO. 4 IN BOSTON. THE MOVANT SHALL PROVIDE NOTICE OF THIS HEARING AND THE UNDERLYING MOTION FORTHWITH, BY TELEPHONE AND FACSIMILE WHERE POSSIBLE, TO THE PARTIES IDENTIFIED ON "EXHIBIT A" ATTACHED TO THIS PROCEEDING MEMORANDUM (TAKEN FROM NOTICE OF EMERGENCY HEARING RE: MOTION FOR ORDER ENFORCING TERMS OF SALE ORDER OF NOVEMBER 6, 2003. (ds, usbc) (Entered: 11/17/2003) |
| 11/17/2003 | 143 | Endorsed Order Dated 11/17/03 RE: 139 Motion of Hinkley, Allen and Snyder LLP For Emergency Hearing for 138 Emergency Motion For Leave of Court to Withdraw As Counsel to Harold L. Bowers. ALLOWED. A HEARING ON THE MOTION TO WITHDRAW AS COUNSEL IS HEREBY SCHEDULED FOR 11/18/03 AT 9:30 AM IN COURTROOM 4 IN BOSTON. MOVANT MUST NOTICE BY TELEPHONE AND FAX. (yms, usbc) (Entered: 11/20/2003) |
| 11/17/2003 |  | Hearing Held RE: 8 Debtor's Motion for Continued Use of Cash Collateral. (yms, usbc) (Entered: 11/20/2003) |
| 11/17/2003 | 146 | Order Dated 11/17/03 Re: 125 Debtor's Motion for Continued Use of Cash Collateral. SEE ORDER OF EVEN DATE. (yms, usbc) (Entered: 11/20/2003) |
| 11/17/2003 | 147 | Order Dated 11/17/03 Authorizing and Approving 125 Stipulation Providing For Continued Use of Cash Collateral. (yms, usbc) (Entered: 11/20/2003) |
| 11/18/2003 | 141 | Certificate of Service by Jennifer Doran Regarding Hearing on 138 Motion to Withdraw as Attorney. (yms, usbc) (Entered: 11/18/2003) |
| 11/18/2003 | 142 | Notice by Frederic M. Meeker of Banner & Witcoff, Ltd. to the Court of Its Limited Representation of Harold L. Bowers. c/s (yms, usbc) (Entered: 11/18/2003) |
| 11/18/2003 |  | Hearing Held RE: 138 Emergency Motion of Hinkley, Allen and Snyder LLP For Leave of Court to Withdraw As Counsel to Harold L. Bowers. (yms, usbc) (Entered: 11/20/2003) |
| 11/18/2003 | 144 | Order Dated 11/18/03 Re: 138) Emergency Motion of Hinkley, Allen and Snyder LLP For Leave of Court to Withdraw As Counsel to Harold L. Bowers. DENIED WITHOUT PREJUDICE. (yms, usbc) (Entered: 11/20/2003) |

| 11/18/2003 | ●145 | Order Dated 11/18/03 132 Enforcing the Terms of the Sale Order Dated November 6, 2003. (yms, usbc) (Entered: 11/20/2003) |
| 11/20/2003 | ● | Hearing scheduled for 11/25/2003 at 11:30 AM Worcester Courtroom 4 for 8Debtor's Continued Use of Cash Collateral. (yms, usbc) (Entered: 11/20/2003) |
| 11/22/2003 | ●148 | BNC Certificate of Mailing - PDF Document. Service Date 11/22/2003. (Related Doc # 144) (Admin.) (Entered: 11/23/2003) |
| 11/22/2003 | ●149 | BNC Certificate of Mailing - PDF Document. Service Date 11/22/2003. (Related Doc # 145) (Admin.) (Entered: 11/23/2003) |
| 11/24/2003 | ●150 | Affidavit of Erin T. Fontana *regarding Costs Incurred in Connection with Debtor's Motion for Entry of an Order (i) Holding Acuity, Inc. in Civil Contempt for Willful Violation of the Automatic Stay, (ii) Issuing Sanctions against Acuity, Inc. for Willful Violation of the Automatic Stay, and (iii) Enjoining Acuity, Inc. from Continuing to Violate the Stay* (Re: 80 Motion for Contempt,, 109 Order on Motion for Contempt, ). Filed by Debtor CADKEY Corporation (Fontana, Erin) (Entered: 11/24/2003) |
| 11/24/2003 | ●151 | Motion For Expedited Determination (Re:121 Order on Motion To Sell, ) - *Emergency Motion of Debtor for an Order (i) Enforcing the Terms of the Sale Order dated November 6, 2003 by Compelling Kubotek Corporation to Close based on Satisfaction of Conditions, and (ii) Determining Harold L. Bowers to be in Civil Contempt and Directing that Distributions to Bowers be Paid into the Registry of the Court pending Resolutoin of Claims* Filed by Debtor CADKEY Corporation (Fontana, Erin) (Entered: 11/24/2003) |
| 11/24/2003 | ●152 | Motion to Expedite Hearing (Re: 151 Motion for Expedited Determination, ) - *Debtor's Motion for Emergency Hearing on Emergency Motion of Debtor for an Order (i) Enforcing the Terms of the Sale Order dated November 6, 2003 by Compelling Kubotek Corporation to Close based on Satisfaction of Conditions, and (ii) Determining Harold L. Bowers to be in Civil Contempt and Directing that Distributions to Bowers be Paid into the Registry of the Court pending Resolutoin of Claims* Filed by Debtor CADKEY Corporation (Fontana, Erin) (Entered: 11/24/2003) |
| 11/24/2003 | ●153 | Certificate of Service (Re: 151 Motion for Expedited Determination,, 152 Motion to Expedite Hearing,, ). Filed by Debtor CADKEY Corporation (Fontana, Erin) (Entered: 11/24/2003) |
| 11/24/2003 | ● | Receipt Number 516310, Balance Amount $30.00 RE: 126 Notice of Appeal filed by Creditor Robert White. (yms, usbc) (Entered: 11/25/2003) |

| | | |
|---|---|---|
| 11/24/2003 | ●157 | Appellant Robert White's Designation of Contents For Inclusion in Record On Appeal 126 and Statement of Issues. c/s (yms, usbc) (Entered: 11/25/2003) |
| 11/25/2003 | ●154 | Notice of Appeal Filed by (Pro Se) Creditor Harold L. Bowers (RE: 121 Order on Motion To Sell.. and 145 Enforcing Terms of the Sale. Appellant Designation due by 12/5/2003. Compiled Records Due by 12/22/2003. Transmission of Designation to District Court Due by 12/26/2003. (yms, usbc) (Entered: 11/25/2003) |
| 11/25/2003 | ●155 | Notice of Election of Appeal (to District Court) Filed by Creditor Harold L. Bowers (RE: Notice of Appeal Filed by (Pro Se) Creditor Harold L. Bowers on 121 Order on Motion To Sell.. and 145 Enforcing Terms of the Sale. c/s (yms, usbc) (Entered: 11/25/2003) |
| 11/25/2003 | ●156 | Clerk's Notice of Fees Due RE: 154 Notice of Appeal filed by Creditor Harold L. Bowers. Fee due by 12/5/2003. (yms, usbc) (Entered: 11/25/2003) |
| 11/25/2003 | ● | Receipt Number 516328, Fee Amount $255.00 RE: 154 Notice of Appeal filed by Creditor Harold L. Bowers. (yms, usbc) (Entered: 11/25/2003) |
| 11/25/2003 | ●158 | Stipulation By Debtor CADKEY Corporation Micro Control Systems, Inc. - *Amended Cash Collateral Stipulation*. Filed by Debtor CADKEY Corporation (Fontana, Erin) (Entered: 11/25/2003) |
| 11/25/2003 | ●159 | Notice of Appeal to District Court RE: 154 Notice of Appeal Filed by (Pro Se) Creditor Harold L. Bowers on 121 Order on Motion To Sell.. and 145 Enforcing Terms of the Sale. (yms, usbc) (Entered: 11/25/2003) |
| 11/25/2003 | ●160 | Court Certificate of Mailing RE: 159 Notice of Appeal to District Court. (yms, usbc) (Entered: 11/25/2003) |
| 11/25/2003 | ●161 | Joint Expedited Motion Filed by Debtor and Official Committee Of Unsecured Creditors For Appointment of Creditors Committee as Representative of the Estate for the Purpose of Adjudicating Claims by and/or Against Robert White. c/s (yms, usbc) (Entered: 11/25/2003) |
| 11/25/2003 | ●162 | Joint Motion Filed by Debtor and Official Committee Of Unsecured Creditors for Expedited Hearing Re: 161 Motion for Appointment of Creditors Committee as Representative of the Estate for the Purposes of Adjudicating Claims by and/or Against Robert White. c/s (yms, usbc) (Entered: 11/25/2003) |
| | | |

| 11/25/2003 | ●163 | Certificate of Service - *Certificate of Service re: Hearing Notice for December 1, 2003 and Amended Cash Collateral Stipulation* (Re: 158 Stipulation). Filed by Debtor CADKEY Corporation (Fontana, Erin) (Entered: 11/25/2003) |
| 11/25/2003 | ●164 | Objection of Harold L. Bowers to 152 Debtor's Emergency Motion for an Order (i) Enforcing the Terms of the Sale Order dated November 6, 2003 by Compelling Kubotek Corporation to Close based on Satisfaction of Conditions, and (ii) Determining Harold L. Bowers to be in Civil Contempt and Directing that Distributions to Bowers be Paid into the Registry of the Court pending Resolutoin of Claims. c/s (yms, usbc) (Entered: 11/25/2003) |
| 11/25/2003 | ●176 | Order Dated 11/25/03 Re: 158 Amended Cash Collateral Stipulation. THE AMENDED CASH COLLATERAL STIPULATION IS APPROVED. HEARING ON THE FURTHER USE OF CASH COLLATERAL IS SET FOR DECEMBER 1, 2003 AT 10:00 A.M. IN WORCESTER. (yms, usbc) (Entered: 12/02/2003) |
| 11/25/2003 | ●177 | Order Dated 11/25/03 Re: 152 Debtor's Emergency Motion for Hearing on 151 Motion to Enforce Terms of the Sale Order of November 6, 2003. GRANTED. THE HEARING IS SET FOR DECEMBER 1, 2003 AT 10:00 AM IN WORCESTER. THE HEARING MAY BE EVIDENTIARY. DEBTOR IS TO NOTICE THAT HEARING FORTHWITH. (yms, usbc) (Entered: 12/02/2003) |
| 11/25/2003 | ● | Hearing scheduled for 12/1/2003 at 10:00 AM Worcester Courtroom 4 RE: 152 Debtor's Motion For Expedited Hearing (Re: 151 Debtor's Motion for Emergency Hearing on Emergency Motion for an Order (i) Enforcing the Terms of the Sale Order dated November 6, 2003 by Compelling Kubotek Corporation to Close based on Satisfaction of Conditions, and (ii) Determining Harold L. Bowers to be in Civil Contempt and Directing that Distributions to Bowers be Paid into the Registry of the Court pending Resolutoin of Claims. (yms, usbc) (Entered: 12/02/2003) |
| 11/25/2003 | ● | Hearing Held RE: 80 Motion For Contempt - Debtor's Motion for Entry of an Order (i) Holding Acuity, Inc. in Civil Contempt for Willful Violation of the Automatic Stay, (ii) Issuing Sanctions against Acuity, Inc. for Willful Violation of the Automatic Stay, and (iii) Enjoining Acuity, Inc. for Continuing to Violate the Stay. (yms, usbc) (Entered: 12/02/2003) |
| 11/25/2003 | ●180 | Order Dated 11/25/03 Re: 80 Debtor's Motion for Entry of an Order (i) Holding Acuity, Inc. in Civil Contempt for Willful Violation of the Automatic Stay, (ii) Issuing Sanctions against Acuity, Inc. for Willful Violation of the Automatic Stay. THE PRE-HEARING CONFERENCE IS RESCHEDULED TO DECEMBER 1, 2003 AT |

| | | |
|---|---|---|
| | | 10:00 A.M. IN WORCESTER. EACH OF COUNSEL TO THE DEBTOR AND COUNSEL TO ACUITY, INC. IS SANCTIONED IN THE AMOUNT OF $100.00 ON ACCOUNT OF THEIR FAILURE TO COMPLY WITH MBLR 5071-1, SUCH PAYMENT TO BE MADE WITHIN 30 DAYS TO THE CLERK OF THIS COURT. (yms, usbc) (Entered: 12/02/2003) |
| 11/25/2003 | | Pre-Hearing Conference scheduled for 12/1/2003 at 10:00 AM Worcester Courtroom 4 RE: 80 Debtor's Motion for Entry of an Order (i) Holding Acuity, Inc. in Civil Contempt for Willful Violation of the Automatic Stay, (ii) Issuing Sanctions against Acuity, Inc. for Willful Violation of the Automatic Stay, and (iii) Enjoining Acuity, Inc. for Continuing to Violate the Stay. (yms, usbc) (Entered: 12/02/2003) |
| 11/26/2003 | 165 | Hearing Scheduled for 12/1/2003 at 09:30 AM Worcester Courtroom 4 - HJB Re: 151 Emergency Motion of Debtor for an Order (i) Enforcing the Terms of the Sale Order dated November 6, 2003 by Compelling Kubotek Corporation to Close based on Satisfaction of Conditions, and (ii) Determining Harold L. Bowers to be in Civil Contempt and Directing that Distributions to Bowers be Paid into the Registry of the Court pending Resolutoin of Claims Filed by Debtor CADKEY Corporation. (sas, usbc) (Entered: 11/26/2003) |
| 11/26/2003 | 166 | Court Certificate of Mailing of 165 Hearing Scheduled Re: 151 Emergency Motion of Debtor for an Order (i) Enforcing the Terms of the Sale Order dated November 6, 2003 by Compelling Kubotek Corporation to Close based on Satisfaction of Conditions, and (ii) Determining Harold L. Bowers to be in Civil Contempt and Directing that Distributions to Bowers be Paid into the Registry of the Court pending Resolutoin of Claims Filed by Debtor CADKEY Corporation. (sas, usbc) (Entered: 11/26/2003) |
| 11/26/2003 | 167 | Certificate of Service *regarding Amended Notice of Hearing Scheduled for December 1, 2003 at 9:30 a.m.* (Re: 165 Hearing Scheduled, ). Filed by Debtor CADKEY Corporation (Fontana, Erin) (Entered: 11/26/2003) |
| 11/26/2003 | | Hearing scheduled for 12/1/2003 at 10:00 AM Worcester Courtroom 4 RE: 161 Joint Motion by Debtor and Official Committee Of Unsecured Creditors For Appointment of Creditors Committee as Representative of the Estate for the Purpose of Adjudicating Claims by and/or Against Robert White. (yms, usbc) (Entered: 11/26/2003) |
| 11/26/2003 | 168 | Certificate of Service by Michael Goldberg for Creditros' Committee Re: Hearing scheduled for 12/1/2003 at 10:00 AM Worcester Courtroom 4 on 161 Joint Motion by Debtor and Official Committee Of Unsecured Creditors For Appointment of Creditors Committee as Representative of the Estate for the Purpose of Adjudicating Claims |

| | | by and/or Against Robert White. (yms, usbc) (Entered: 11/26/2003) |
|---|---|---|
| 11/26/2003 | 169 | Motion to Approve - *Debtor's Motion Pursuant to Section 105(a) of the Bankruptcy Code and Fed. R. Bankr. P. 9019 for Entry of an Order Approving Settlement with Acuity, Inc.* Filed by Debtor CADKEY Corporation (Fontana, Erin) (Entered: 11/26/2003) |
| 11/26/2003 | 170 | Certificate of Service (Re: 169 Motion to Approve). Filed by Debtor CADKEY Corporation (Fontana, Erin) (Entered: 11/26/2003) |
| 12/01/2003 | 171 | Motion Filed by Creditor Harold L. Bowers For Extension of time to File Appeal. c/s (yms, usbc) (Entered: 12/01/2003) |
| 12/01/2003 | 172 | Affidavit of Harold L. Bowers (Re: 154 Notice of Appeal). (yms, usbc) (Entered: 12/01/2003) |
| 12/01/2003 | 173 | Endorsed Order Dated 12/1/03 Re: 171 Motion by Creditor Harold L. Bowers For Extension of time to File Appeal. DENIED. THIS COURT DOES NOT HAVE THE DISCRETION TO EXTEND THE DEADLINE WITHIN WHICH AN ORDER AUTHORIZING A SALE ORDER UNDER 11 USC 363 MAY BE APPEALED. SEE Fed.R. Bankr.P. 8002(c)(1)(B). (yms, usbc) (Entered: 12/01/2003) |
| 12/01/2003 | 174 | Order Dated 12/1/03 RE: 154 Notice of Appeal filed by Creditor Harold L. Bowers. (yms, usbc) (Entered: 12/01/2003) |
| 12/01/2003 | | Hearing Held RE: 8 Debtor's Request for (Further) Use of Cash Collateral.(yms, usbc) (Entered: 12/02/2003) |
| 12/01/2003 | 175 | Order Dated 12/1/03 Regarding 8 Debtor's Request for (Further) Use of Cash Collateral. ALLOWED THROUGH DECEMBER 5, 2003 PURSUANT TO COMMENTS AT CLOSE OF HEARING INCORPORATED BE REFERENCE. (yms, usbc) (Entered: 12/02/2003) |
| 12/01/2003 | 178 | Order Dated 12/1/03 Enforcing The Terms of The Sale Order Dated November 6, 2003..... . (yms, usbc) (Entered: 12/02/2003) |
| 12/01/2003 | | Hearing Held RE: 161 Joint Expedited Motion Filed by Debtor and Official Committee Of Unsecured Creditors For Appointment of Creditors Committee as Representative of the Estate for the Purpose of Adjudicating Claims by and/or Against Robert White. (yms, usbc) (Entered: 12/02/2003) |
| 12/01/2003 | 179 | Order Dated 12/1/03 re: 161 Joint Expedited Motion Filed by Debtor and Official Committee Of Unsecured Creditors For Appointment of Creditors Committee as Representative of the Estate for the Purpose |

| | | of Adjudicating Claims by and/or Against Robert White. GRANTED. (yms, usbc) (Entered: 12/02/2003) |
|---|---|---|
| 12/03/2003 | ●181 | Motion by Harold L. Bowers For Voluntary Dismissal of 154 Appeal. c/s (yms, usbc) (Entered: 12/03/2003) |
| 12/03/2003 | ●182 | Motion of Hinckley, Allen & Snyder LLP For Leave of Court To Withdraw as Counsel to Harold L. Bowers. c/s (yms, usbc) (Entered: 12/03/2003) |
| 12/03/2003 | ●183 | BNC Certificate of Mailing - PDF Document. Service Date 12/03/2003. (Related Doc # 173) (Admin.) (Entered: 12/04/2003) |
| 12/03/2003 | ●184 | BNC Certificate of Mailing - PDF Document. Service Date 12/03/2003. (Related Doc # 174) (Admin.) (Entered: 12/04/2003) |
| 12/03/2003 | ●185 | Endorsed Order Dated 12/3/03 Re: 181 Motion by Harold L. Bowers For Voluntary Dismissal of 154 Appeal. ALLOWED. (yms, usbc) (Entered: 12/04/2003) |
| 12/03/2003 | ●199 | Appellee (Unsecured Creditors Committee) Designation of Additional Items to be Included in the Record On Appeal. c/s (yms, usbc) (Entered: 12/09/2003) |
| 12/04/2003 | ●186 | BNC Certificate of Mailing - PDF Document. Service Date 12/04/2003. (Related Doc # 175) (Admin.) (Entered: 12/05/2003) |
| 12/04/2003 | ●187 | BNC Certificate of Mailing - PDF Document. Service Date 12/04/2003. (Related Doc # 178) (Admin.) (Entered: 12/05/2003) |
| 12/04/2003 | ●188 | BNC Certificate of Mailing - PDF Document. Service Date 12/04/2003. (Related Doc # 179) (Admin.) (Entered: 12/05/2003) |
| 12/04/2003 | ●189 | BNC Certificate of Mailing - PDF Document. Service Date 12/04/2003. (Related Doc # 180) (Admin.) (Entered: 12/05/2003) |
| 12/05/2003 | ●190 | First Application for Compensation - *First Interim Application for Compensation and Reimbursement of Expenses of Ropes & Gray LLP as Counsel to the Debtor* for James M. Wilton, Debtor's Attorney, Period: 8/22/2003 to 11/30/2003, Fee: $391,748.50, Expenses: $20,156.85. Filed by Attorney James M. Wilton (Attachments: # 1 Exhibits A and A-1# 2 Exhibit B) (Wilton, James) (Entered: 12/05/2003) |
| 12/05/2003 | ●191 | Exhibit - *Exhibit C to First Interim Application for Compensation and Reimbursement of Expenses of Ropes & Gray LLP as Counsel to the Debtor* (Re: 190 Application for Compensation, ). Filed by Debtor |

| | | |
|---|---|---|
| | | CADKEY Corporation (Attachments: # 1 Ex C part 2 of 7# 2 Ex C part 3 of 7# 3 Ex C part 4 of 7) (Wilton, James) (Entered: 12/05/2003) |
| 12/05/2003 | 192 | Exhibit - *Exhibit C (continued) of First Interim Application of Ropes & Gray LLP* (Re: 190 Application for Compensation, ). Filed by Debtor CADKEY Corporation (Attachments: # 1 Ex C part 6 of 7# 2 Ex C part 7 of 7) (Wilton, James) (Entered: 12/05/2003) |
| 12/05/2003 | 193 | Exhibit - *Exhibit D to First Interim Application of Ropes & Gray LLP* (Re: 190 Application for Compensation, ). Filed by Debtor CADKEY Corporation (Attachments: # 1 Ex D part 2 of 2) (Wilton, James) (Entered: 12/05/2003) |
| 12/05/2003 | 194 | Affidavit of Edward S. Graham - *Affidavit of Service of Edward S. Graham* (Re: 190 Application for Compensation,, 191 Exhibit,, 192 Exhibit, 193 Exhibit). Filed by Debtor CADKEY Corporation (Wilton, James) (Entered: 12/05/2003) |
| 12/06/2003 | 195 | BNC Certificate of Mailing - PDF Document. Service Date 12/06/2003. (Related Doc # 185) (Admin.) (Entered: 12/08/2003) |
| 12/08/2003 | 196 | Motion to Extend */ Debtor's Motion for Order Pursuant to 11 U.S.C. sec. 1121(d) Extending the Exclusive Periods During Which Debtor May File a Chapter 11 Plan and Solicit Acceptances Thereof* Filed by Debtor CADKEY Corporation (Attachments: # 1 Proposed Order) (Moeller-Sally, Stephen) (Entered: 12/08/2003) |
| 12/08/2003 | 197 | Certificate of Service (Re: 196 Motion to Extend, ). Filed by Debtor CADKEY Corporation (Moeller-Sally, Stephen) (Entered: 12/08/2003) |
| 12/08/2003 | 198 | Appellant, Robert White's Motion to Amend 157 The Designation of Items to be Included in the Record on Appeal. c/s (yms, usbc) (Entered: 12/09/2003) |
| 12/08/2003 | 203 | Final Application for Compensation And Reimbursement of Expenses of Schwartz Heslin Group, Inc. As Financial Advisor to the Debtor. c/s (yms, usbc) CORRECTIVE ENTRY: Filing Date changed from 12/9/03 to 12/8/03. Modified on 12/10/2003 (yms, usbc). (Entered: 12/09/2003) |
| 12/09/2003 | 200 | Hearing scheduled for 12/29/2003 at 10:00 AM Springfield Courtroom - Re: 190 First Interim Application for Compensation and Reimbursement of Expenses of Ropes & Gray LLP as Counsel to the Debtor for James M. Wilton, Debtor's Attorney, Filed by Attorney James M. Wilton. (ab, usbc) (Entered: 12/09/2003) |

| 12/09/2003 | 🔵201 | Court Certificate of Mailing Re: 200 Hearing scheduled for 12/29/2003 at 10:00 AM Springfield Courtroom - Re: 190 First Interim Application for Compensation and Reimbursement of Expenses of Ropes & Gray LLP as Counsel to the Debtor for James M. Wilton, Debtor's Attorney, Filed by Attorney James M. Wilton. (ab, usbc) (Entered: 12/09/2003) |
| 12/09/2003 | 🔵202 | First Interim Application of Sherin and Lodgen LLP for Compensation And Reimbursement of Expenses (As counsel to the Unsecured Creditors Committee). c/s (yms, usbc) (Entered: 12/09/2003) |
| 12/10/2003 | 🔵204 | Stipulation And Order Dated 12/10/03 Regarding 80 Debtor's Motion for Entry of an Order (i) Holding Acuity, Inc. in Civil Contempt for Willful Violation of the Automatic Stay, (ii) Issuing Sanctions against Acuity, Inc. for Willful Violation of the Automatic Stay, and (iii) Enjoining Acuity, Inc. for Continuing to Violate the Stay. (yms, usbc) (Entered: 12/11/2003) |
| 12/11/2003 | 🔵205 | Certificate of Service (Re: 200 Hearing Scheduled, ). Filed by Debtor CADKEY Corporation (Fontana, Erin) (Entered: 12/11/2003) |
| 12/11/2003 | 🔵211 | Sanction in the Amount of $100.00 by Aty. Lawrence Green in reference to 180 Order Dated 11/25/03. (yms, usbc) (Entered: 12/16/2003) |
| 12/13/2003 | 🔵206 | BNC Certificate of Mailing - PDF Document. Service Date 12/13/2003. (Related Doc # 204) (Admin.) (Entered: 12/15/2003) |
| 12/15/2003 | 🔵207 | Transmittal of Record on Appeal to U.S. District Court RE: 126 Notice of Appeal filed by Creditor Robert White. (yms, usbc) Additional attachment(s) added on 12/15/2003 (yms, usbc). (Entered: 12/15/2003) |
| 12/15/2003 | 🔵208 | Notice of Docketing Record on Appeal. Civil Action Number: 03-40279 (RE: 126 Notice of Appeal filed by Robert White). (yms, usbc) (Entered: 12/15/2003) |
| 12/15/2003 | 🔵209 | Final Application by Micro Control System Inc. for Approval of Reimbursement of Fees and Costs. c/s (yms, usbc) (Entered: 12/15/2003) |
| 12/15/2003 | 🔵210 | Sanction in the amount of $100.00 paid by Debtor's counsel (Re: 180 Order Dated 11/25/03). (yms, usbc) (Entered: 12/16/2003) |
| 12/18/2003 | 🔵212 | Endorsed Order Dated 12/18/03 Re: 182 Motion of Hinckley, Allen & Snyder LLP For Leave of Court To Withdraw as Counsel to Harold |

| | | L. Bowers. ALLOWED. NO OBJECTIONS FILED. (yms, usbc) (Entered: 12/19/2003) |
|---|---|---|
| 12/19/2003 | 213 | Hearing scheduled for 1/27/2004 at 11:30 AM Worcester Courtroom 4 RE: 202 First Interim Application of Sherin and Lodgen LLP for Compensation And Reimbursement of Expenses (As counsel to the Unsecured Creditors Committee). (yms, usbc) (Entered: 12/19/2003) |
| 12/19/2003 | 214 | Hearing scheduled for 1/27/2004 at 11:30 AM Worcester Courtroom 4 RE: 203 Final Application for Compensation And Reimbursement of Expenses of Schwartz Heslin Group, Inc. As Financial Advisor to the Debtor. (yms, usbc) (Entered: 12/19/2003) |
| 12/19/2003 | 215 | Court Certificate of Mailing RE: 213 Hearing scheduled for 1/27/2004 at 11:30 AM Worcester Courtroom 4 RE: 202 First Interim Application of Sherin and Lodgen LLP for Compensation And Reimbursement of Expenses (As counsel to the Unsecured Creditors Committee). (yms, usbc) (Entered: 12/19/2003) |
| 12/19/2003 | 216 | Court Certificate of Mailing RE: 214 Hearing scheduled for 1/27/2004 at 11:30 AM Worcester Courtroom 4 RE: 203 Final Application for Compensation And Reimbursement of Expenses of Schwartz Heslin Group, Inc. As Financial Advisor to the Debtor. (yms, usbc) (Entered: 12/19/2003) |
| 12/19/2003 | 217 | Notice - *Notice of Withdrawal of Debtor's Motion for Entry of an Order (i) Holding Acuity, Inc. in Civil Contempt for Willful Violation of the Automatic Stay, (ii) Issuing Sanctions against Acuity, Inc. for Willful Violation of the Automatic Stay, and (iii) Enjoining Acuity, Inc. from Continuing to Violate the Stay* Filed by Debtor CADKEY Corporation (RE: 80 Motion for Contempt, ). (Fontana, Erin) (Entered: 12/19/2003) |
| 12/19/2003 | 218 | Joint Motion to Vacate (Re: 109 Order on Motion for Contempt, ) - *Joint Motion Pursuant to Section 105(a) of the Bankruptcy Code for Entry of an Order Vacating Injunction Order* Filed by Debtor CADKEY Corporation (Fontana, Erin) (Entered: 12/19/2003) |
| 12/19/2003 | 219 | Certificate of Service (Re: 217 Notice,, 218 Motion to Vacate). Filed by Debtor CADKEY Corporation (Fontana, Erin) (Entered: 12/19/2003) |
| 12/22/2003 | 220 | Joint Objection - *Joint Objection of the Debtor and the Official Committee of Unsecured Creditors to the Final Application for Approval of Reimbursement of Fees and Costs Due to Secured Creditor Micro Control Systems, Inc.* by Debtor CADKEY Corporation, Creditor Committee Official Committee Of Unsecured Creditors Re: 209 Application for Compensation filed by Creditor |

|  |  | Micro Control Systems Inc. (Attachments: # 1 Exhibit A# 2 Proposed Order) (Wilton, James) (Entered: 12/22/2003) |
|---|---|---|
| 12/22/2003 | 221 | Certificate of Service (Re: 213 Hearing Scheduled, 214 Hearing Scheduled, 220 Objection, ). Filed by Debtor CADKEY Corporation (Fontana, Erin) (Entered: 12/22/2003) |
| 12/22/2003 | 222 | Order Dated 12/22/03 196 Extending the Exclusive Periods During which the Debtor may file a Chapter 11 Plan and Solicit Acceptance Thereof. (yms, usbc) (Entered: 12/23/2003) |
| 12/23/2003 | 225 | Request by Banner & Witcoff, Ltd. To File Objections out of Time And Objection to 190 First Interim Application for Compensation of Ropes and Gray as counsel. c/s (yms, usbc) (Entered: 12/24/2003) |
| 12/24/2003 | 223 | Motion by Michael Goldberg, counsel of "Committee" to Appear Telephonically on 200 Hearing scheduled for 12/29/2003 re: 190 First Interim Application for Compensation and Reimbursement of Expenses of Ropes & Gray. c/s (yms, usbc) (Entered: 12/24/2003) |
| 12/24/2003 | 224 | Endorsed Order dated 12/24/03 RE: 223 Motion by Michael Goldberg, counsel of "Committee" to Appear Telephonically on 200 Hearing scheduled for 12/29/2003. ALLOWED. (ps, usbc) (Entered: 12/24/2003) |
| 12/29/2003 |  | Hearing Held RE: 190 First Interim Application for Compensation and Reimbursement of Expenses of Ropes & Gray LLP as Counsel to the Debtor filed by Attorney James M. Wilton. (sas, usbc) (Entered: 12/30/2003) |
| 12/29/2003 | 226 | Order Dated 12/29/03 Regarding 190 First Interim Application for Compensation and Reimbursement of Expenses of Ropes & Gray LLP as Counsel to the Debtor filed by Attorney James M. Wilton. FEES ALLOWED IN THE AMOUNT OF $383,689.00 AND EXPENSES OF $19,816.35. (sas, usbc) (Entered: 12/30/2003) |
| 12/29/2003 | 286 | Transcript Of Hearing Held On December 29, 2003 RE 190First Interim Application Of Ropes & Gray, LLP For Compensation And Expenses As Counsel To Debtor (lc, usbc) (Entered: 04/13/2004) |
| 01/01/2004 | 227 | BNC Certificate of Mailing - PDF Document. Service Date 01/01/2004. (Related Doc # 226) (Admin.) (Entered: 01/02/2004) |
| 01/06/2004 | 229 | Order Dated 1/6/04 Vacating 109 Order Enjoining Acuity, Inc. From Taking Certain Actions in Violation of the Automatic Stay. (yms, usbc) (Entered: 01/08/2004) |
|  |  |  |

| 01/08/2004 | 228 | Endorsed Order Dated 1/6/04 RE: 217 Debtor's Notice of Withdrawal of an Order (i) Holding Acuity, Inc. in Civil Contempt for Willful Violation of the Automatic Stay, (ii) Issuing Sanctions against Acuity, Inc. for Willful Violation of the Automatic Stay, and (iii) Enjoining Acuity, Inc. from Continuing to Violate the Stay. SO ORDERED. (yms, usbc) (Entered: 01/08/2004) |
|---|---|---|
| 01/09/2004 | 230 | Motion to Assume/Reject - *Motion of the Debtor, Pursuant to Section 365 fo the Bankruptcy Code, and Federal Rules of Bankruptcy Procedure 6006 and 9014, for an Order Authorizing (i) the Assumption and Assignment of Certain Executory Contracts to Kubotek USA, Inc. and (ii) the Rejection of Certain Executory Contracts* Filed by Debtor CADKEY Corporation (Attachments: # 1 Exhibits A and B# 2 Proposed Order# 3 Certificate of Service) (Fontana, Erin) (Entered: 01/09/2004) |
| 01/10/2004 | 231 | BNC Certificate of Mailing - PDF Document. Service Date 01/10/2004. (Related Doc # 229) (Admin.) (Entered: 01/11/2004) |
| 01/14/2004 | 232 | Hearing scheduled for 1/27/2004 at 11:30 AM Worcester Courtroom 4 RE: 230 Debtor's Motion Pursuant to Section 365 of the Bankruptcy Code, and Federal Rules of Bankruptcy Procedure 6006 and 9014, for an Order Authorizing (i) the Assumption and Assignment of Certain Executory Contracts to Kubotek USA, Inc. and (ii) the Rejection of Certain Executory Contracts. (yms, usbc) (Entered: 01/14/2004) |
| 01/15/2004 | 233 | Notice of Hearing - *Notice of Hearing on Motion of Debtor, Pursuant to Section 365 of the Bankruptcy Code, and Federal Rules of Bankruptcy Procedure 6006 and 9014, for an Order Authorizing (i) the Assumption and Assignment of Certain Executory Contracts to Kubotek USA, Inc., and (ii) the Rejection of Certain Executory Contracts* Filed by Debtor CADKEY Corporation (RE: 232 Hearing Scheduled, ). (Fontana, Erin) (Entered: 01/15/2004) |
| 01/26/2004 | 243 | Transcript Of Hearing Held On November 6, 2003 Re: 111 Motion Of Debtor For Approval Of Stipulation Providing For Continued Use Of Cash Collateral; 8Continuation Of The Hearing On The Proposed Sale Of Assets Of The Debtor To Kubotek Corporation. (lc, usbc) (Entered: 02/09/2004) |
| 01/26/2004 | 244 | Transcript Of Hearing Held On October 30, 2003 Re: 25 Transcript Of Hearing On Status Conference And Hearing On Debtor's Motion To Sell (lc, usbc) Modified on 2/9/2004. Corrected Omission Of Hearing Date (lc, usbc). (Entered: 02/09/2004) |
| 01/26/2004 | 245 | Transcript Of Hearing Held On October 27, 2003 Re: 25Debtor's Motion To Sell Assets. (lc, usbc) (Entered: 02/09/2004) |

| 01/27/2004 | ⬤ | Hearing Held RE: 203 Final Application for Compensation And Reimbursement of Expenses of Schwartz Heslin Group, Inc. As Financial Advisor to the Debtor. (yms, usbc) (Entered: 02/02/2004) |
| --- | --- | --- |
| 01/27/2004 | ⬤234 | Order Dated 1/27/04 Re:203 Final Application for Compensation And Reimbursement of Expenses of Schwartz Heslin Group, Inc. As Financial Advisor to the Debtor. GRANTED IN THE AMOUNT REQUESTED. (yms, usbc) (Entered: 02/02/2004) |
| 01/27/2004 | ⬤ | Hearing Held RE: 230 Debtor's Motion Pursuant to Section 365 fo the Bankruptcy Code, and Federal Rules of Bankruptcy Procedure 6006 and 9014, for an Order Authorizing (i) the Assumption and Assignment of Certain Executory Contracts to Kubotek USA, Inc. and (ii) the Rejection of Certain Executory Contracts. (yms, usbc) (Entered: 02/02/2004) |
| 01/27/2004 | ⬤235 | Order Dated 1/27/04 Authorizing 230 (i) The Assumption and Assignment of Certain Executory Contracts to Kubotek USA, Inc. and (ii) the Rejection of Certain Other Executory Contracts. (yms, usbc) (Entered: 02/02/2004) |
| 01/27/2004 | ⬤236 | (Filed in Open Court on 1/27/04) Amendment to Page 6 of 202 First Interim Application of Sherin and Lodgen LLP for Compensation And Reimbursement of Expenses (As counsel to the Unsecured Creditors Committee). (yms, usbc) (Entered: 02/02/2004) |
| 01/27/2004 | ⬤ | Hearing Held RE: 202 First Interim Application of Sherin and Lodgen LLP for Compensation And Reimbursement of Expenses (As counsel to the Unsecured Creditors Committee). (yms, usbc) (Entered: 02/02/2004) |
| 01/27/2004 | ⬤237 | Order Dated 1/27/04 Re:202 First Interim Application of Sherin and Lodgen LLP for Compensation And Reimbursement of Expenses (As counsel to the Unsecured Creditors Committee). GRANTED IN THE AMOUNT REQUESTED. (yms, usbc) (Entered: 02/02/2004) |
| 01/27/2004 | ⬤287 | Transcript Of Hearing Held On January 27, 2004 RE: 202 First Interim Application Of Sherin & Lodgen, LLP For Compensation And Expenses As Counsel To Creditors' Committee; 203Final Application Of Schwartz Heslin Group, Inc. For Compensation And Expenses As Financial Advisor To Debtor; 230Motion Of Debtor For Order Authorizing (i) the Assumption and Assignment of Certain Executory Contracts to Kubotek USA, Inc. and (ii) the Rejection of Certain Executory Contracts (lc, usbc) (Entered: 04/13/2004) |
| 02/02/2004 | ⬤238 | Motion to Amend - *Motion of Debtor for an Order Amending the Case Caption* Filed by Debtor CADKEY Corporation (Attachments: # 1 Proposed Order) (Wilton, James) (Entered: 02/02/2004) |

| 02/02/2004 | ⬤239 | Motion to Convert Case to Chapter 7 - *Motion for Conversion of Case from Chapter 11 to Chapter 7.* Fee Amount W Filed by Debtor CADKEY Corporation (Attachments: # 1 Proposed Order) (Wilton, James) (Entered: 02/02/2004) |
| 02/02/2004 | 240 | Receipt of filing fee for Motion to Convert Case to Chapter 7(03-44906) [motion,mcnv7] ( 15.00). Receipt Number 0101B503187, amount $ 15.00. (U.S. Treasury) (Entered: 02/02/2004) |
| 02/02/2004 | ⬤241 | Notice - *Notice of Hearing on Final Application for Approval of Reimbursement of Fees and Costs Due the Secured Creditor Micro Control Systems, Inc.* Filed by Debtor CADKEY Corporation (RE: 209 Application for Compensation). (Fontana, Erin) (Entered: 02/02/2004) |
| 02/02/2004 | ⬤ | Hearing scheduled for 2/12/2004 at 09:30 AM Worcester Courtroom 4 for 209 Final Application by Micro Control System Inc. for Approval of Reimbursement of Fees and Costs. (yms, usbc) (Entered: 02/02/2004) |
| 02/04/2004 | ⬤242 | Response of Micro Control Systems, Inc. To: 220 Joint Objection of the Debtor and the Official Committee of Unsecured Creditors to the Final Application for Approval of Reimbursement of Fees and Costs Due the Secured Creditor Micro Control Systems, Inc. (yms, usbc) (Entered: 02/05/2004) |
| 02/12/2004 | ⬤ | Hearing Held RE: 209 Final Application by Micro Control System Inc. for Approval of Reimbursement of Fees and Costs. (yms, usbc) (Entered: 02/17/2004) |
| 02/12/2004 | ⬤246 | Order Dated 2/12/04 re: 209 Final Application of Micro Control System Inc. for Approval of Reimbursement of Fees and Costs. DENIED. (yms, usbc) (Entered: 02/17/2004) |
| 02/12/2004 | ⬤288 | Transcript Of Hearing Held On February 12, 2004 RE: 209Application Of Micro Control Systems, Inc. for Approval of Reimbursement of Fees and Costs Due (lc, usbc) (Entered: 04/13/2004) |
| 02/17/2004 | ⬤247 | Notice of Appeal Filed by Micro Control Systems Inc. RE: 246 Order Dated 2/12/04 Denying 209 Final Application of Micro Control System Inc. for Approval of Reimbursement of Fees and Costs. Appellant Designation due by 2/27/2004. Complied Records Due by 3/15/2004. Transmission of Designation Due by 3/18/2004. (Receipt Number 518329, Fee Amount $255). (yms, usbc) (Entered: 02/17/2004) |
| | | |

| 02/17/2004 | ●248 | Election of Appeal to District Court Filed by Micro Control Systems Inc. RE: 247 Notice of Appeal Filed by Micro Control Systems Inc. in reference to 246 Order Dated 2/12/04 Denying 209 Final Application of Micro Control System Inc. for Approval of Reimbursement of Fees and Costs. (yms, usbc) CORRECTIVE ENTRY: Incorrect PDF file was attached; Corrective PDF file now attached. Modified on 2/19/2004 (yms, usbc). (Entered: 02/17/2004) |
| 02/18/2004 | ●249 | Notice of Appeal to District Court RE: 247 Notice of Appeal Filed by Micro Control Systems Inc. in reference to 246 Order Dated 2/12/04 Denying 209 Its Final Application for Approval of Reimbursement of Fees and Costs. (yms, usbc) (Entered: 02/18/2004) |
| 02/18/2004 | ●250 | Court Certificate of Mailing RE: 249 Notice of Appeal to District Court. (yms, usbc) (Entered: 02/18/2004) |
| 02/19/2004 | ●251 | Corrective Entry : Incorrective PDF file was attached. Corrective PDF file now attached. RE: 248 Election of Appeal to District Court filed by Creditor Micro Control Systems Inc. (yms, usbc) (Entered: 02/19/2004) |
| 02/19/2004 | ●252 | BNC Certificate of Mailing - PDF Document. Service Date 02/19/2004. (Related Doc # 246) (Admin.) (Entered: 02/20/2004) |
| 02/25/2004 | ●253 | Appellant Micro Control Systems Inc.'s Designation of Items to be Included int the Record RE: 249 Notice of Appeal. Appellee designation due by 3/8/2004. (yms, usbc) (Entered: 02/25/2004) |
| 02/25/2004 | ●254 | Statement of Issues by Appellant Micro Control Systems Inc. (RE: 247 Notice of Appeal). c/s (yms, usbc) (Entered: 02/25/2004) |
| 03/02/2004 | ● | Additional Items Received for Inclusion of Record on Appeal (Transcripts) Re: 126 Notice of Appeal filed by Robert White. (sas, usbc) (Entered: 03/02/2004) |
| 03/02/2004 | ●255 | Transmittal of Addendum to Record on Appeal to U.S. District Court RE: 126 Notice of Appeal filed by Creditor Robert White. (sas, usbc) (Entered: 03/02/2004) |
| 03/04/2004 | ●256 | Order Dated 3/4/04 Granting 239 Motion for Conversion of Case from Chapter 11 to Chapter 7 filed by Debtor Cadkey Corporation. (sas, usbc) (Entered: 03/04/2004) |
| 03/04/2004 | ●257 | Order to Update. Post Petition Creditor Due by 3/19/2004. Incomplete Filings due by 3/19/2004. (sas, usbc) (Entered: 03/04/2004) |

| 03/04/2004 | 258 | Court Certificate of Mailing of 257 Order to Update. (sas, usbc) (Entered: 03/04/2004) |
| 03/05/2004 | 259 | Certificate of Appointment and Acceptance of Trustee and Fixing of Bond (pf, USBC) (Entered: 03/05/2004) |
| 03/05/2004 | | First Meeting of Creditors scheduled. 341(a) meeting to be held on 4/13/2004 at 01:00 PM at Worcester U. S. Trustees Office,446 Main Street,1st Floor. Proofs of Claims due by 7/12/2004. (pf, USBC) (Entered: 03/05/2004) |
| 03/05/2004 | 260 | Court's Notice of 341 sent (pf, USBC) (Entered: 03/05/2004) |
| 03/05/2004 | 261 | Application to Employ John A. Burdick, Jr. as Counsel to the Chapter 7 Trustee WITH Affidavit *and Declaration re: Electronic Filing* Filed by Trustee John A. Burdick (Burdick, John) (Entered: 03/05/2004) |
| 03/07/2004 | 262 | BNC Certificate of Mailing - Meeting of Creditors. Service Date 03/07/2004. (Related Doc # 260) (Admin.) (Entered: 03/09/2004) |
| 03/15/2004 | 265 | Ch.7 Trustee's Motion to Extend Time For Filing Counter-Designation of the Appellate Record. c/s (yms, usbc) (Entered: 03/18/2004) |
| 03/17/2004 | 263 | Notice *of Filing Schedule of Post-Petition Creditors* (RE: 257 Order to Update). Filed by Debtor CADKEY Corporation (Fontana, Erin) (Entered: 03/17/2004) |
| 03/18/2004 | 264 | Notice of Added Creditors by the Court (RE: 263 Notice of Filing Schedule of Post-Petition Creditors). Deadline for New Creditor to file Proof of Claim: 7/12/04. (yms, usbc) (Entered: 03/18/2004) |
| 03/19/2004 | 266 | Endorsed Order Dated 3/19/04 Re: 261 Trustee's Application to Employ John A. Burdick, Jr. as Counsel to the Chapter 7 Trustee. ALLOWED. NO RESPONSES FILED. (yms, usbc) (Entered: 03/19/2004) |
| 03/19/2004 | 267 | Trustee's Application to Employ Sherin and Lodgen LLP as as special counsel to the Trustee. Attached With Affidavit. c/s (yms, usbc) (Entered: 03/19/2004) |
| 03/20/2004 | 268 | BNC Certificate of Mailing. Service Date 03/20/2004. (Related Doc # 264) (Admin.) (Entered: 03/21/2004) |
| 03/24/2004 | 269 | Motion to Withdraw as Attorney by Paul W. Carey *(counsel to Robert White)* Filed by Attorney Mirick O'Connell DeMallie & Lougee, LLP |

|  |  | (Carey, Paul) (Entered: 03/24/2004) |
|---|---|---|
| 03/29/2004 | ●270 | Hearing scheduled for 4/20/2004 at 11:30 AM Worcester Courtroom 4 for 238 Motion of Debtor for an Order Amending the Case Caption. (yms, usbc) (Entered: 03/29/2004) |
| 03/29/2004 | ●271 | Court Certificate of Mailing RE: 270 Hearing scheduled for 4/20/2004 at 11:30 AM Worcester Courtroom 4 for 238 Motion of Debtor for an Order Amending the Case Caption. (yms, usbc) (Entered: 03/29/2004) |
| 03/30/2004 | ●272 | Objection by Robert White (pro se) Re: 267 Ch.7 Trustee's Application to Employ Sherin and Lodgen LLP as special counsel to the Trustee. c/s (yms, usbc) (Entered: 03/30/2004) |
| 03/31/2004 | ●273 | Appellee's (Ch.7 Trustee, John Burdick) Designation of Additional Items to be Included in the Record of Appeal (RE: 249 Notice of Appeal Filed by Micro Control Systems Inc. in reference to 246 Order Dated 2/12/04 Denying 209 Final Application of Micro Control System Inc. for Approval of Reimbursement of Fees and Costs). c/s (yms, usbc) (Entered: 04/01/2004) |
| 04/01/2004 | ●274 | Clerk's Notice of Fees Due RE: 249 Notice of Appeal to District Court. Fee due by 4/12/2004. (sas, usbc) Additional attachment(s) added on 4/1/2004 (sas, usbc). (Entered: 04/01/2004) |
| 04/02/2004 | ●275 | Clerk's Certificate For Transmittal of Record on Appeal to U.S. District Court RE: 247 Notice of Appeal Filed by Micro Control Systems Inc. In Reference to 246 Order Dated 2/12/04 Denying 209 Final Application of Micro Control System Inc. for Approval of Reimbursement of Fees and Costs. (yms, usbc) (Entered: 04/02/2004) |
| 04/02/2004 | ●276 | Receipt of Notice of Docketing Record on Appeal from District Court. Civil Action Number: 04-40045 (RE: 247 Notice of Appeal Filed by Micro Control Systems Inc. In Reference to 246 Order Dated 2/12/04 Denying 209 Final Application of Micro Control System Inc. for Approval of Reimbursement of Fees and Costs). (yms, usbc) (Entered: 04/02/2004) |
| 04/02/2004 | ●277 | Response of Trustee John A. Burdick to 272 Objection of Robert White (pro se) to 267 Ch.7 Trustee's Application to Employ Sherin and Lodgen LLP as special counsel to the Trustee. (La Liberte, John). (Entered: 04/02/2004) |
| 04/05/2004 | ●278 | Affidavit of Edward S. Graham - *Affidavit of Service* (Re: 270 Hearing Scheduled). Filed by Debtor CADKEY Corporation (Fontana, Erin) (Entered: 04/05/2004) |

| 04/05/2004 | 282 | (5)Transcripts of Hearings re: 247 Notice of Appeal Filed by Micro Control Systems Inc. In Reference To 246 Order Dated 2/12/04 Denying 209 Final Application of Micro Control System Inc. for Approval of Reimbursement of Fees and Costs. (yms, usbc) (Entered: 04/07/2004) |
| --- | --- | --- |
| 04/06/2004 | 279 | Hearing scheduled for 4/20/2004 at 11:30 AM Worcester Courtroom 4 for 267 Trustee's Application to Employ Sherin and Lodgen LLP as as special counsel to the Trustee. (yms, usbc) (Entered: 04/06/2004) |
| 04/06/2004 | 280 | Court Certificate of Mailing RE: 279 Hearing scheduled for 4/20/2004 at 11:30 AM Worcester Courtroom 4 for 267 Trustee's Application to Employ Sherin and Lodgen LLP as as special counsel to the Trustee. (yms, usbc) (Entered: 04/06/2004) |
| 04/07/2004 | 281 | Clerk's Certification For Transmittal of Record on Appeal to U.S. District Court RE: 247 Notice of Appeal Filed by Micro Control Systems Inc. In Reference to 246 Order Dated 2/12/04 Denying 209 Final Application of Micro Control System Inc. for Approval of Reimbursement of Fees and Costs. (yms, usbc) (Entered: 04/07/2004) |
| 04/07/2004 | 283 | Receipt of Designation of Record (Transcripts) Re: 247 Notice of Appeal Filed by Micro Control Systems Inc. RE: 246 Order Dated 2/12/04 Denying 209 Final Application of Micro Control System Inc. for Approval of Reimbursement of Fees and Costs. Civil Action Number: 04-40045. (yms, usbc) (Entered: 04/07/2004) |
| 04/08/2004 | 284 | Endorsed Order Dated 4/8/04 Re: 269 Motion by Attorney Paul Carey of Mirick O'Connell DeMallie & Lougee, LLP to Withdraw as Counsel to Robert White. ALLOWED IN SO FAR AS THE BANKRUPTCY CASE IS CONCERNED. IF THE MOVANT WISHES TO WITHDRAW AS COUNSEL FOR THE APPELLEE, HE MUST FILE MOTION WITH THE DISTRICT COURT. (yms, usbc) (Entered: 04/08/2004) |
| 04/09/2004 |  | Receipt Number 519843, Fee Amount $383.50 RE: 274 Clerk's Notice of Fees Due for Copying of Appeal Record. (yms, usbc) (Entered: 04/12/2004) |
| 04/09/2004 | 296 | Transcript Of Hearing Held On September 23, 2003 Re: 8 Motion Of Debtor For Continued Use Of Cash Collateral; 60 Motion Of Creditors' Committtee To Approve Stipulation With Micro Control Systems, Inc. (lc, usbc) (Entered: 04/30/2004) |
| 04/10/2004 | 285 | BNC Certificate of Mailing - PDF Document. Service Date 04/10/2004. (Related Doc # 284) (Admin.) (Entered: 04/12/2004) |
|  |  |  |

| 04/13/2004 | 293 | Transcript of Hearing Held On November 17, 2003 RE: 8 Motion Of Debtor For Continued Use Of Cash Collateral (lc, usbc) (Entered: 04/20/2004) |
| 04/15/2004 | 289 | Motion by Robert White to Appear Telephonically on Hearing scheduled for 4/20/04 regarding 267 Trustee's Application to Employ Sherin and Lodgen LLP as as special counsel to the Trustee. c/s (yms, usbc) (Entered: 04/15/2004) |
| 04/15/2004 | 290 | Endorsed Order Dated 4/15/04 Re: 289 Motion by Robert White to Appear Telephonically on Hearing scheduled for 4/20/04 for 267 Trustee's Application to Employ Sherin and Lodgen LLP as as special counsel to the Trustee. DENIED. (yms, usbc) (Entered: 04/15/2004) |
| 04/16/2004 | 291 | Certificate of Service by John LaLiberte Re: 279 Hearing scheduled for 4/20/2004 at 11:30 AM Worcester Courtroom 4 on 267 Trustee's Application to Employ Sherin and Lodgen LLP as as special counsel to the Trustee. (yms, usbc) (Entered: 04/16/2004) |
| 04/20/2004 | | Hearing Held RE: 267 Trustee's Application to Employ Sherin and Lodgen LLP as as special counsel to the Trustee. (yms, usbc) (Entered: 04/20/2004) |
| 04/20/2004 | 292 | Order Dated 4/20/04 Re: 267 Trustee's Application to Employ Sherin and Lodgen LLP as as special counsel to the Trustee. CONTINUED GENERALLY. (yms, usbc) (Entered: 04/20/2004) |
| 04/20/2004 | | Hearing Held RE: 238 Debtor's Motion to Amend the Case Caption. (yms, usbc) (Entered: 04/28/2004) |
| 04/20/2004 | 295 | Order Dated 4/20/04 Granting 238 Debtor's Motion to Amend the Case Caption. (yms, usbc) (Entered: 04/28/2004) |
| 04/20/2004 | 389 | Transcript Of Hearing Held On April 20, 2004 Re: 238 Motion Of Debtor For Order Amending Case Caption; 267 Application Of Chapter 7 Trustee To Employ Sherin & Lodgen, LLP As Special Counsel(lc, usbc) (Entered: 11/18/2004) |
| 04/23/2004 | 294 | Clerk's Certificate For Transmittal of Record on Appeal to U.S. District Court RE: 247 Notice of Appeal Filed by Micro Control Systems Inc. In Reference to 246 Order Dated 2/12/04 Denying 209 Final Application of Micro Control System Inc. for Approval of Reimbursement of Fees and Costs. (yms, usbc) (Entered: 04/23/2004) |
| 05/06/2004 | 298 | Transcript Of Hearing Held On November 25, 2003 RE: 80 Pre-Trail Conference On Debtor's Motion For Contempt - Debtor's Motion for Entry of an Order (i) Holding Acuity, Inc. in Civil Contempt for |

|  |  | Willful Violation of the Automatic Stay, (ii) Issuing Sanctions against Acuity, Inc. for Willful Violation of the Automatic Stay, and (iii) Enjoining Acuity, Inc. for Continuing to Violate the Stay; 158 Continued Hearing On Debtor's Amended Stipulation For Continued Use Of Cash Collateral; 151 152 Debtor's Emergency Motion For An Order (I) Enforcing The Terms Of The Sale Order Dated November 6, 2003 By Compelling Kubotek Corporation To Close Based On Satisfaction Of Conditions, And (II) Determining Harold L. Bowers To Be In Civil Contempt And Direction That Distributions To Bowers Be Paid Into The Registry Of The Court Pending Resolution Of Claims; 164 Objection By Harold L. Bowers Thereto (lc, usbc) (Entered: 05/06/2004) |
|------------|--------|---|
| 06/23/2004 | 299 | Final Application for Compensation - *Final Application for Compensation and Reimbursement of Expenses of Ropes & Gray LLP as Counsel to the Debtor* for James M. Wilton, Debtor's Attorney, Period: 12/1/2003 to 6/22/2004, Fee: $54,556.50, Expenses: $5079.74. Filed by Attorney James M. Wilton (Attachments: # 1 Exhibit A# 2 Exhibit B) (Wilton, James) (Entered: 06/23/2004) |
| 06/23/2004 | 300 | Exhibit - *Exhibit C to Final Application of Ropes & Gray LLP* (Re: 299 Application for Compensation, ). Filed by Debtor CK Liquidation Corporation (Attachments: # 1 Exhibit C, part 2# 2 Exhibit C, part 3) (Wilton, James) (Entered: 06/23/2004) |
| 06/23/2004 | 301 | Exhibit - *Exhibit D to Final Application of Ropes & Gray LLP* (Re: 299 Application for Compensation, ). Filed by Debtor CK Liquidation Corporation (Attachments: # 1 Exhibit D, part 2) (Wilton, James) (Entered: 06/23/2004) |
| 06/23/2004 | 302 | Supplemental To 267 Trustee's Application to Employ Sherin and Lodgen LLP as as special counsel to the Trustee. c/s (yms, usbc) (Entered: 06/23/2004) |
| 06/23/2004 | 303 | Affidavit of Edward S. Graham - *Affidavit of Service* (Re: 299 Application for Compensation,, 300 Exhibit, 301 Exhibit). Filed by Debtor CK Liquidation Corporation (Wilton, James) (Entered: 06/23/2004) |
| 07/06/2004 | 304 | Second Objection of Robert White to 267 Ch.7 Trustee's Application to Employ Sherin and Lodgen LLP as as special counsel. c/s (yms, usbc) (Entered: 07/06/2004) |
| 07/07/2004 | 305 | Ch.7 Trustee John A. Burdick's Motion For Order Approving and Authorizing Settlement with Bromberg & Sunstein LLP. c/s (yms, usbc) (Entered: 07/08/2004) |
| 07/16/2004 | 306 | Hearing scheduled for 8/17/2004 at 11:30 AM Worcester Courtroom |

| | | 4 for 304 Objection of Robert White (pro se) to 267 Ch.7 Trustee's Motion to Retain Sherin and Lodgen LLP as Special Counsel. (yms, usbc) (Entered: 07/16/2004) |
|---|---|---|
| 07/16/2004 | 307 | Court Certificate of Mailing RE: 306 Hearing scheduled for 8/17/2004 at 11:30 AM Worcester Courtroom 4 for 304 Objection of Robert White (pro se) to 267 Ch.7 Trustee's Motion to Retain Sherin and Lodgen LLP as Special Counsel. (yms, usbc) (Entered: 07/16/2004) |
| 07/30/2004 | 308 | Motion of (pro se) Robert White to Appear Telephonically on 306 8/17/2004 Hearing for 304 His Objection to 267 Ch.7 Trustee's Motion to Retain Sherin and Lodgen LLP as Special Counsel. c/s (yms, usbc) (Entered: 07/30/2004) |
| 08/03/2004 | 309 | Hearing scheduled for 9/7/2004 at 11:00 AM Worcester Courtroom 4 for 299 Final Application for Compensation and Reimbursement of Expenses of Ropes & Gray LLP as Counsel to the Debtor. (yms, usbc) (Entered: 08/03/2004) |
| 08/03/2004 | 310 | Court Certificate of Mailing RE: 309 Hearing scheduled for 9/7/2004 at 11:00 AM Worcester Courtroom 4 for 299 Final Application for Compensation and Reimbursement of Expenses of Ropes & Gray LLP as Counsel to the Debtor. (yms, usbc) (Entered: 08/03/2004) |
| 08/04/2004 | 311 | Certificate of Service of Notice of Hearing (Re: 309 Hearing Scheduled). Filed by Debtor CK Liquidation Corporation (Fontana, Erin) (Entered: 08/04/2004) |
| 08/12/2004 | 312 | Certificate of Service by Robert White for 306 Hearing scheduled for 8/17/2004 at 11:30 AM Worcester Courtroom 4 re: 304 His Objection to 267 Ch.7 Trustee's Motion to Retain Sherin and Lodgen LLP as Special Counsel. (yms, usbc) (Entered: 08/12/2004) |
| 08/13/2004 | 313 | Motion of Robert White to Vacate 118 Sale Order (dated 11/6/03) Based on Fraud on this Court. c/s (yms, usbc) (Entered: 08/13/2004) |
| 08/13/2004 | 314 | Endorsed Order Dated 8/13/04 Re: 305 Ch.7 Trustee John A. Burdick's Motion For Order Approving and Authorizing Settlement with Bromberg & Sunstein LLP. ALLOWED. NO OBJECTIONS FILED. (yms, usbc) (Entered: 08/13/2004) |
| 08/13/2004 | 315 | Certificate of Service of Notice of Hearing. Filed by Creditor Committee Official Committee Of Unsecured Creditors (Goldberg, Michael) (Entered: 08/13/2004) |
| 08/16/2004 | 316 | Response by Trustee John A. Burdick Re: 304 Second Objection of |

|  |  | Robert White to 267 Ch.7 Trustee's Application to Employ Sherin and Lodgen LLP as as special counsel. c/s (Goldberg, Michael) (Entered: 08/16/2004) |
|---|---|---|
| 08/16/2004 | 317 | Certificate of Service (Re: 316 Response). Filed by Trustee John A. Burdick (Goldberg, Michael) (Entered: 08/16/2004) |
| 08/17/2004 |  | Hearing Held Re: 304 Second Objection of Robert White to 267 Ch.7 Trustee's Application to Employ Sherin and Lodgen LLP as special counsel. (sas, usbc) (Entered: 08/17/2004) |
| 08/17/2004 | 318 | Order Dated 8/17/04 Regarding 267 Motion of Chapter 7 Trustee for Order Approving Retention of Sherin and Lodgen LLP as Special Counsel to the Trustee. GRANTED. (sas, usbc) (Entered: 08/17/2004) |
| 08/19/2004 | 319 | Notice of Change of Address. Filed by Trustee John A. Burdick (Goldberg, Michael) (Entered: 08/19/2004) |
| 08/23/2004 | 320 | Opposition of Trustee John A. Burdick to 313 Motion of Robert White to Vacate 118 Sale Order (dated 11/6/03) Based on Fraud on this Court. c/s (Goldberg, Michael) (Entered: 08/23/2004) |
| 08/23/2004 | 321 | Motion to Join (Re:320 Opposition) - *Joinder of Ropes & Gray LLP, Former Counsel to the Chapter 11 Debtor and Debtor-in-Possession, to Opposition of Chapter 7 Trustee to Motion to Vacate Sale Order* Filed by Attorney Ropes & Gray LLP (Wilton, James) (Entered: 08/23/2004) |
| 08/23/2004 | 322 | Certificate of Service (Re: 321 Motion to Join, ). Filed by Attorney Ropes & Gray LLP (Fontana, Erin) (Entered: 08/23/2004) |
| 08/23/2004 | 323 | Hearing Scheduled for 9/7/2004 at 11:00 AM Worcester Courtroom 4 - HJB Re: 313 Motion of Robert White to Vacate 118 Sale Order (dated 11/6/03) Based on Fraud on this Court. (sas, usbc) (Entered: 08/23/2004) |
| 08/23/2004 | 324 | Court Certificate of Mailing of 323 Hearing Scheduled Re: 313 Motion of Robert White to Vacate 118 Sale Order (dated 11/6/03) Based on Fraud on this Court. (sas, usbc) (Entered: 08/23/2004) |
| 08/24/2004 | 325 | Supplemental Document (Re: 320 Opposition). Filed by Trustee John A. Burdick (Goldberg, Michael) (Entered: 08/24/2004) |
| 08/26/2004 | 328 | Affidavit of Harold Bowers Re: 313 Robert White's Motion to Vacate 118 Sale Order (dated 11/6/03) Based on Fraud on this Court. (yms, usbc) (Entered: 08/31/2004) |

| 08/30/2004 | 326 | Opposition by Joinder of Kubotek Corporation to 320 Ch.7 Trustee's Opposition to 313 Robert White's Motion to Vacate 118 Sale Order (dated 11/6/03) And 321 Joinder of Ropes & Gray. c/s (Loughnane, John). (Entered: 08/30/2004) |
| --- | --- | --- |
| 08/30/2004 | 327 | Motion of Robert White to Continue Hearing on 313 His Motion to Vacate 118 Sale Order (dated 11/6/03) Based on Fraud on this Court. c/s (yms, usbc) (Entered: 08/30/2004) |
| 09/03/2004 | 329 | Endorsed Order Dated 9/3/04 Re: 327 Motion of Robert White to Continue Hearing on 313 His Motion to Vacate 118 Sale Order (dated 11/6/03) Based on Fraud on this Court. THE HEARING IS CONTINUED GENERALLY PENDING FURTHER COURT ORDER. (yms, usbc) (Entered: 09/03/2004) |
| 09/07/2004 | 331 | Notice by Robert White of Continuance of Hearing regarding His motion to vacate Sale Order. c/s (yms, usbc) (Entered: 09/09/2004) |
| 09/07/2004 | ● | Hearing Held RE: 299 Final Application for Compensation and Reimbursement of Expenses of Ropes & Gray LLP as Counsel to the Debtor. (yms, usbc) (Entered: 09/15/2004) |
| 09/07/2004 | 336 | Order Dated 9/7/04 re: 299 Final Application for Compensation and Reimbursement of Expenses of Ropes & Gray LLP as Counsel to the Debtor. THE APPICATION IS ALLOWED IN THE AMOUNT REQUESTED. (yms, usbc) (Entered: 09/15/2004) |
| 09/08/2004 | 330 | Order Dated 9/8/04 Denying 313 Motion of Robert White to Vacate 118 Sale Order (dated 11/6/03) Based on Fraud on this Court. (yms, usbc) (Entered: 09/08/2004) |
| 09/10/2004 | 332 | Motion of Robert White to Reconsider 330 Order Denying 313 His Motion to Vacate 118 Sale Order. c/s (yms, usbc) (Entered: 09/10/2004) |
| 09/10/2004 | 333 | Ch.7 Trustee, John Burdick's Correction to 320 His Opposition of 313 Motion of Robert White to Vacate 118 Sale Order. c/s (Goldberg, Michael) (Entered: 09/10/2004) |
| 09/13/2004 | 334 | Endorsed Order Dated 9/13/04 Re: 332 Motion of Robert White to Reconsider 330 Order Denying 313 His Motion to Vacate 118 Sale Order. DENIED. (yms, usbc) (Entered: 09/13/2004) |
| 09/13/2004 | 335 | Endorsed Order Dated 9/13/04 RE: 333 Ch.7 Trustee, John Burdick's Correction to 320 His Opposition of 313 Motion of Robert White to Vacate 118 Sale Order. THE TRUSTEE'S OPPOSITION IS DEEMED AMENDED ACCORDINGLY, HOWEVER, |

| | | |
|---|---|---|
| | | INASMUCH AS THE BASES FOR THIS COURT'S ORDER OF SEPTEMBER 8, 2004 HAVE NOT MATERIALLY CHANGED, THE ORDER WILL NOT BE VACATED. (yms, usbc) (Entered: 09/13/2004) |
| 09/15/2004 | ⬤337 | Notice of Appeal Filed by Creditor Robert White RE: 330 Order on Motion to Vacate, 334 Order on Motion To Reconsider and 335 Order Approving Chapter 7 Trustee's Correction to His Opposition of Motion of Robert White to Vacate Sale Order. Appellant Designation due by 9/27/2004. Complied Records Due by 10/11/2004. Transmission of Designation Due by 10/15/2004. (ds, usbc) (Entered: 09/15/2004) |
| 09/15/2004 | ⬤338 | Notice of Election of Appeal to District Court Filed by Creditor Robert White RE: 337 Notice of Appeal. (ds, usbc) (Entered: 09/15/2004) |
| 09/15/2004 | ⬤339 | Clerk's Notice of Fees Due by 9/27/2004 RE: 337 Notice of Appeal filed by Creditor Robert White. (ds, usbc) (Entered: 09/15/2004) |
| 09/15/2004 | ⬤340 | Notice of Appeal to District Court RE: 337 Notice of Appeal filed by Creditor Robert White (ds, usbc) (Entered: 09/15/2004) |
| 09/15/2004 | ⬤341 | Court Certificate of Mailing RE: 340 Notice of Appeal to District Court RE: 337 Notice of Appeal filed by Creditor Robert White (ds, usbc) (Entered: 09/15/2004) |
| 09/15/2004 | ⬤342 | Court Certificate of Mailing RE: 339 Clerk's Notice of Fees Due by 9/27/2004 RE: 337 Notice of Appeal filed by Creditor Robert White (ds, usbc) (Entered: 09/15/2004) |
| 09/22/2004 | ⬤ | Receipt Number 523423, Fee Amount $255 for 337 Notice of Appeal Filed by Creditor Robert White RE: 330 Order. (yms, usbc) (Entered: 09/23/2004) |
| 09/22/2004 | ⬤343 | Appellant, Robert White's Designation of Items to be Included In The Record On Appeal And Statement of Issues to be Presented RE: 337 Notice of Appeal. (yms, usbc) (Entered: 09/23/2004) |
| 09/27/2004 | ⬤344 | Motion to Reconsider (Re: 336 Order on Application for Compensation) *Order Allowing Final Application for Compensation and Reimbursement of Expenses of Ropes & Gray, LLP as Counsel to the Debtor* Filed by Assistant U.S. Trustee Richard King (King, Richard) (Entered: 09/27/2004) |
| 09/27/2004 | ⬤ | Appellant, Robert White's designated documents to be included in the record on Appeal re: 337 Notice of Appeal. (yms, usbc) (Entered: |

| | | 09/28/2004) |
|---|---|---|
| 10/05/2004 | 🔵345 | Objection by Attorney Ropes & Gray LLP to 344 Motion of U.S. Trustee to Reconsider 336 Order Allowing Final Application for Compensation and Reimbursement of Expenses of Ropes & Gray, LLP as Counsel to the Debtor. (Wilton, James). (Entered: 10/05/2004) |
| 10/05/2004 | 🔵346 | Certificate of Service (Re: 345 Objection, ). Filed by Attorney Ropes & Gray LLP (Fontana, Erin) (Entered: 10/05/2004) |
| 10/08/2004 | 🔵347 | Apellee's Designation of Additional Items to be Included in the Record on Appeal of 337 Notice of Appeal Filed by Robert White (RE: 330 Order Denying Motion to Vacate Sale Order, 334 Order Denying Motion To Reconsider and 335 Order Approving Chapter 7 Trustee's Correction to His Opposition of Robert White's Motion to Vacate Sale Order.(yms, usbc). (Entered: 10/08/2004) |
| 10/12/2004 | 🔵348 | Motion of Robert White To Disgorge. c/s (yms, usbc) (Entered: 10/12/2004) |
| 10/15/2004 | 🔵349 | Transmittal of Record on Appeal to U.S. District Court RE: 337 Notice of Appeal Filed by Robert White in reference to 330 Order Denying Motion to Vacate Sale Order, 334 Order Denying Motion To Reconsider and 335 Order Approving Chapter 7 Trustee's Correction to Trustee's Opposition to Robert White's Motion to Vacate Sale Order. (yms, usbc) (Entered: 10/15/2004) |
| 10/15/2004 | 🔵350 | Notice of Docketing Record on Appeal From US District Court. Civil Action Number: 04-40208 RE: 337 Notice of Appeal by Robert White in Reference to Order Denying Motion to Vacate Sale Order, 334 Order Denying Motion To Reconsider and 335 Order Approving Chapter 7 Trustee's Correction to His Opposition of Robert White's Motion to Vacate Sale Order. (yms, usbc) (Entered: 10/15/2004) |
| 10/15/2004 | 🔵 | Appellee/Ch.7 Trustee, John Burdick's Designation of Additional Items to be included in the Record of Appeal (re: Notice of Appeal filed by Robert White on 9/15/04). (yms, usbc) (Entered: 10/19/2004) |
| 10/18/2004 | 🔵351 | Joint Opposition by Trustee John A. Burdick, Attorney Ropes & Gray LLP to 348 Motion of Robert White To Disgorge. c/s (Goldberg, Michael) (Entered: 10/18/2004) |
| 10/19/2004 | 🔵352 | Transmittal of (Appellee's Designation of Additional Items) to U.S. District Court RE: 337 Notice of Appeal Filed by Creditor Robert White on 330 Order on Motion to Vacate. (yms, usbc) (Entered: 10/19/2004) |

| | | |
|---|---|---|
| 10/19/2004 | 353 | Endorsed Order Dated 10/19/04 re: 348 Motion of Robert White To Disgorge. DENIED FOR THE REASONS STATED IN THE JOINT OPPOSITION TO MOTION TO DISGORGE FILED OCTOBER 18, 2004. THE MOVANT IS FURTHER ORDERED TO APPEAR BEFORE THIS COURT ON NOVEMBER 16, 2004 AT 11:30 A.M. IN WORCESTER AND SHOW CAUSE WHY HE SHOULD NOT BE SANCTIONED PURSUANT TO FED.R.BANKR.P.9011(c)(1) (B), ON ACCOUNT OF THE FILING OF THIS FRIVOLOUS MOTION. (yms, usbc) (Entered: 10/20/2004) |
| 10/20/2004 | | Show Cause hearing to be held on 11/16/2004 at 11:30 AM at Worcester Courtroom 4 RE: 348 Motion of Robert White To Disgorge. (yms, usbc) (Entered: 10/20/2004) |
| 10/22/2004 | 354 | Final Interim Application of Sherin and Lodgen LLP for Compensation and Reimbursement of Expenses. c/s (yms, usbc) (Entered: 10/22/2004) |
| 10/22/2004 | 355 | Response of Robert White to 351 Joint Opposition by Trustee John A. Burdick and Attorney Ropes & Gray LLP to 348 His Motion To Disgorge. c/s (yms, usbc) (Entered: 10/22/2004) |
| 10/27/2004 | 356 | Response of Robert White to 353 Order of Show Cause Dated 10/19/04. c/s(yms, usbc) (Entered: 10/27/2004) |
| 10/27/2004 | 357 | Notice of Appeal by Robert White on 353 Endorsed Order Dated 10/19/04 re: 348 Motion of Robert White To Disgorge. Appellant Designation due by 11/8/2004. Complied Records Due by 11/22/2004. Transmission of Designation Due by 11/26/2004. (yms, usbc) (Entered: 10/27/2004) |
| 10/27/2004 | 358 | Election of Appeal to District Court by Robert White RE: 357 Notice of Appeal by Robert White in reference to 353 Endorsed Order Dated 10/19/04 re: 348 Motion of Robert White To Disgorge. (yms, usbc) (Entered: 10/27/2004) |
| 10/27/2004 | 359 | Clerk's Notice of Fees Due RE: 357 Notice of Appeal by Robert White on 353 Endorsed Order Dated 10/19/04 re: 348 Motion of Robert White To Disgorge. Fee due by 11/8/2004. (yms, usbc) (Entered: 10/27/2004) |
| 10/27/2004 | 360 | Notice of Filing Appeal to District Court RE: 357 Notice of Appeal by Robert White on 353 Endorsed Order Dated 10/19/04 in reference to 348 Motion of Robert White To Disgorge. (yms, usbc) (Entered: 10/27/2004) |
| 10/27/2004 | 361 | Court Certificate of Mailing RE: 360 Notice of Filing Appeal to |

| | | District Court. (yms, usbc) (Entered: 10/27/2004) |
|---|---|---|
| 10/27/2004 | 🔵362 | Endorsed Order Dated 10/27/04 RE: 356 Response of Robert White to 353 Order of Show Cause Dated 10/19/04. THE COURT WILL CONSIDER THE RESPONSE AT THE SCHEDULED HEARING ON NOVEMBER 16, 2004 AT 11:30 A.M. IN WORCESTER. (yms, usbc) (Entered: 10/27/2004) |
| 10/29/2004 | 🔵363 | Hearing scheduled for 11/16/2004 at 11:30 AM Worcester Courtroom 4 for 344 U.S. Trustee's Motion to Reconsider 336 Order Allowing Final Application for Compensation and Reimbursement of Expenses of Ropes & Gray, LLP as Counsel to the Debtor. (yms, usbc) (Entered: 10/29/2004) |
| 10/29/2004 | 🔵364 | Court Certificate of Mailing RE: 363 Hearing scheduled for 11/16/2004 at 11:30 AM Worcester Courtroom 4 for 344 U.S. Trustee's Motion to Reconsider 336 Order Allowing Final Application for Compensation and Reimbursement of Expenses of Ropes & Gray, LLP as Counsel to the Debtor. (yms, usbc) (Entered: 10/29/2004) |
| 11/01/2004 | 🔵365 | Appellant Designation of Items to be Included in the Record On 357 Notice of Appeal by Robert White re: 353 Endorsed Order Dated 10/19/04 on 348 Motion of Robert White To Disgorge. c/s (yms, usbc) (Entered: 11/01/2004) |
| 11/01/2004 | 🔵366 | Hearing scheduled for 12/7/2004 at 11:30 AM Worcester Courtroom 4 for 354 Final Interim Application of Sherin and Lodgen LLP for Compensation and Reimbursement of Expenses. (yms, usbc) (Entered: 11/01/2004) |
| 11/01/2004 | 🔵367 | Court Certificate of Mailing RE: 366 Hearing scheduled for 12/7/2004 at 11:30 AM Worcester Courtroom 4 for 354 Final Interim Application of Sherin and Lodgen LLP for Compensation and Reimbursement of Expenses. (yms, usbc) (Entered: 11/01/2004) |
| 11/02/2004 | 🔵368 | Notice *of Hearing*. Filed by Trustee John A. Burdick (Goldberg, Michael) (Entered: 11/02/2004) |
| 11/04/2004 | 🔵398 | Final Order By District Court Judge Gorton, Civil Action Number: 03-40279, Affirming 121 Notice of Appeal Filed by Creditor Robert White Re: 121 Order Dated 11/6/03 (i)Approving And Authorizing 25 Sale of Substantially All of Debtor's Assets. (sas, usbc) (Entered: 12/02/2004) |
| 11/05/2004 | 🔵369 | Assented To Motion to Continue Hearing on United States Trustee's Motion to Reconsider Order Allowing Final Application For |

| | | Compensation and Reimbursement of Expenses of Ropes & Gray, LLP as Counsel to the Debtor Hearing (Re: 363 Hearing Scheduled, ) Filed by Assistant U.S. Trustee Richard King (Meunier, Stephen) (Entered: 11/05/2004) |
|---|---|---|
| 11/05/2004 | ⚪370 | Certificate of Service (Re: 369 Motion to Continue/Cancel Hearing, ). Filed by Assistant U.S. Trustee Richard King (Meunier, Stephen) (Entered: 11/05/2004) |
| 11/05/2004 | ⚪371 | Motion and Declaration to Vacate Judgment Base on Fraud in the Inducement of a Settlement, Fraud on the Court and Breach of Contract Re: 121 Sale Order Dated 11/6/03 Filed by Interested Party Harold Bowers. c/s (sas, usbc) (Entered: 11/05/2004) |
| 11/05/2004 | ⚪372 | Endorsed Order dated 11/05/04 Regarding 371 Motion and Declaration to Vacate Judgment Base on Fraud in the Inducement of a Settlement, Fraud on the Court and Breach of Contract Re: 121 Sale Order. HEARING IS SET FOR NOVEMBER 16, 2004 AT 11:30 IN WORCESTER. MOVANT IS ORDERED TO PROVIDE NOTICE TO THE CHAPTER 7 TRUSTEE, COUNSEL TO THE DEBTOR, COUNSEL TO THE CREDITORS COMMITTEE, COUNSEL TO THE BUYER, ALL CREDITORS, AND ALL PARTIES WHO HAVE REQUESTED SERVICE. (ds, usbc) (Entered: 11/08/2004) |
| 11/08/2004 | ⚪373 | Court Certificate of Mailing RE: 372 Endorsed Order dated 11/05/04 Regarding 371 Motion and Declaration to Vacate Judgment Base on Fraud in the Inducement of a Settlement, Fraud on the Court and Breach of Contract Re: 121 Sale Order. (ds, usbc) (Entered: 11/08/2004) |
| 11/09/2004 | ⚪374 | Endorsed Order Dated 11/09/04 Granting 369 Assented To Motion to Continue Hearing on 344 United States Trustee's Motion to Reconsider Order Allowing Final Application For Compensation and Reimbursement of Expenses of Ropes & Gray, LLP as Counsel to the Debtor Hearing. GRANTED; THE HEARING SET FOR 11/16/04 IS CONTINUED TO 11/23/04 AT 11:30AM IN WORCESTER. (ab, usbc) (Entered: 11/09/2004) |
| 11/09/2004 | ⚪375 | Appellee Designation of Contents for Inclusion in Record of Appeal Filed by Trustee John A. Burdick (RE: 357 Notice of Appeal, ). (Goldberg, Michael) (Entered: 11/09/2004) |
| 11/10/2004 | ⚪376 | Motion of Harold Bowers to Continue Hearing on 371 His Motion and Declaration to Vacate Judgment Base on Fraud in the Inducement of a Settlement, Fraud on the Court and Breach of Contract Re: 121 Sale Order Dated 11/6/03. c/s (yms, usbc) (Entered: 11/10/2004) |
| 11/10/2004 | ⚪379 | Certificate of Service of Notice of Hearing Re: 353 Order to Show |

| | | Cause Filed by Creditor Robert White. (sas, usbc) (Entered: 11/12/2004) |
|---|---|---|
| 11/10/2004 | 391 | Ch.7 Trustee/Appellee's Designation of Additional Items to be included in the record on 357 Notice of Appeal by Robert White re: 348 Motion To Disgorge. (yms, usbc) (Entered: 11/23/2004) |
| 11/12/2004 | 377 | Endorsed Order Dated 11/12/04 Granting 376 Motion of Harold Bowers to Continue Hearing on 371 His Motion and Declaration to Vacate Judgment Base on Fraud in the Inducement of a Settlement, Fraud on the Court and Breach of Contract Re: 121 Sale Order Dated 11/6/03. GRANTED. HEARING ON THE MOTION TO VACATE SALE ORDER IS RESCHEDULED FOR DECEMBER 21 2004 AT 11:30 A.M. IN WORCESTER, MA. (ab, usbc) (Entered: 11/12/2004) |
| 11/12/2004 | 378 | Court Certificate of Mailing Re: 377 Order on Motion to Continue Hearing. (ab, usbc) (Entered: 11/12/2004) |
| 11/12/2004 | | Hearing scheduled for 12/21/2004 at 11:30 AM Worcester Courtroom 4 - HJB Re: 371 Motion to Vacate Judgment Base on Fraud in the Inducement of a Settlement, Fraud on the Court and Breach of Contract Re: 121 Sale Order Dated 11/6/03 Filed by Interested Party Harold Bowers. (ab, usbc) (Entered: 11/12/2004) |
| 11/15/2004 | 380 | Motion For Nunc Pro Tunc Order *Expanding the Scope of Services Rendered By Sherin and Lodgen LLP as Special Counsel* Filed by Trustee John A. Burdick (Goldberg, Michael) (Entered: 11/15/2004) |
| 11/15/2004 | 381 | Second Supplemental *Affidavit of Michael J. Goldberg Pursuant to Fed. R. Bankr. P. 2014(A) and Local Rule 2014-1* (Re: 380 Motion for Order/Authority). Filed by Trustee John A. Burdick (Goldberg, Michael) (Entered: 11/15/2004) |
| 11/15/2004 | 382 | Certificate of Service (Re: 381 Supplemental Document, 380 Motion for Order/Authority). Filed by Trustee John A. Burdick (Goldberg, Michael) (Entered: 11/15/2004) |
| 11/15/2004 | 383 | Joint Opposition *To Harold L. Bower's Motion to Vacate Judgment* by Trustee John A. Burdick, Attorneys Ropes & Gray LLP, Sherin and Lodgen LLP Re: 371 Motion to Vacate (Re: 121 Order on Motion To Sell, ) (Goldberg, Michael) (Entered: 11/15/2004) |
| 11/15/2004 | 384 | Response *to this Court's Order to Show Cause* by Trustee John A. Burdick Re: 353 Endorsed Order Dated 10/19/04 re: 348 Motion of Robert White To Disgorge. (Goldberg, Michael) (Entered: 11/15/2004) |
| | | |

| 11/15/2004 | ●385 | Notice of Hearing Re: Hearing scheduled on 371 Motion to Vacate Judgment Base on Fraud in the Inducement of a Settlement, Fraud on the Court and Breach of Contract 121 Sale Order Dated 11/6/03 Filed by Interested Party Harold Bowers. (ds, usbc) (Entered: 11/16/2004) |
|---|---|---|
| 11/16/2004 | ● | Hearing Held Re: 348 Order for Robert White to Appear and Show Cause. (sas, usbc) (Entered: 11/16/2004) |
| 11/16/2004 | ●386 | Order Dated 11/16/04 Regarding 353 Order to Show Cause on 348 Motion to Disgorge filed by Creditor Robert White. FOR THE REASONS STATED IN OPEN COURT, THE COURT SANCTIONS ROBERT WHITE IN THE AMOUNT OF $2,500.00, PURSUANT TO FED.R.BANK.P. 9011 (c)(1)(B), SUCH PAYMENT TO BE MADE TO THE CHAPTER7 TRUSTEE WITHIN SIXTY DAYS. (sas, usbc) (Entered: 11/16/2004) |
| 11/16/2004 | ●387 | Court Certificate of Mailing of 386 Order Dated 11/16/04 Regarding 353 Order to Show Cause on 348 Motion to Disgorge filed by Creditor Robert White. (sas, usbc) (Entered: 11/16/2004) |
| 11/18/2004 | ●388 | Transcript Of Hearing Held On August 17, 2004 Re: 304 Second Objection Of Robert White To Chapter 7 Trustee's Motion To Retain Sherin & Lodgen As Special Counsel (lc, usbc) (Entered: 11/18/2004) |
| 11/22/2004 | ●390 | Motion of Appellee/Trustee John A. Burdick for Leave to File Supplement the Record on 357 Appeal. (Goldberg, Michael). CORRECTIVE ENTRY: Motion not linked. Now linked. Modified on 11/22/2004 (yms, usbc). (Entered: 11/22/2004) |
| 11/23/2004 | ● | Hearing Held RE: 344 US Trustee's Motion to Reconsider 336 Order Allowing Compensation and Expenses of Ropes & Gray, LLP as Counsel to the Debtor. (yms, usbc) (Entered: 11/24/2004) |
| 11/23/2004 | ●392 | Order Dated 11/23/04 Re: 344 US Trustee's Motion to Reconsider 336 Order Allowing Compensation and Expenses of Ropes & Gray, LLP as Counsel to the Debtor. TAKEN UNDER ADVISEMENT. (yms, usbc) (Entered: 11/24/2004) |
| 11/26/2004 | ●393 | Notice of Appeal Regarding 386 Order Dated 11/16/04 Re: 353 Order to Show Cause on 348 Motion to Disgorge Filed by Creditor Robert White. Appellant Designation due by 12/6/2004. Complied Records Due by 12/21/2004. Transmission of Designation Due by 12/27/2004. (sas, usbc) (Entered: 11/26/2004) |
| 11/29/2004 | ●394 | Endorsed Order Dated 11/29/04 Re: 380 Trustee's Motion For Nunc Pro Tunc Order Expanding the Scope of Services Rendered By Sherin and Lodgen LLP as Special Counsel. GRANTED, EFFECTIVE |

| | | |
|---|---|---|
| | | OCTOBER 29, 2004. (yms, usbc) (Entered: 11/29/2004) |
| 11/29/2004 | 395 | Notice of Filing Appeal to Bankruptcy Appellant Panel RE: 393 Notice of Appeal by Robert White on 386 Order Dated 11/16/04 Sanctioning Robert White $2,500 pursuant to Fed. R. Bank P. 9011(c)(1)(B) for filing a frivolous Motion to Disgorge. (yms, usbc) (Entered: 11/29/2004) |
| 11/29/2004 | 396 | Clerk's Notice of Fees Due RE: 393 Notice of Appeal by Robert White on 386 Order Dated 11/16/04 Sanctioning Robert White $2,500 pursuant to Fed. R. Bank P. 9011(c)(1)(B) for filing a frivolous Motion to Disgorge. Fee due by 12/9/2004. (yms, usbc) (Entered: 11/29/2004) |
| 11/29/2004 | 397 | Transmittal to BAP RE: 393 Notice of Appeal by Robert White on 386 Order Dated 11/16/04 Sanctioning Robert White $2,500 pursuant to Fed. R. Bank P. 9011(c)(1)(B) for filing a frivolous Motion to Disgorge. (yms, usbc) (Entered: 11/29/2004) |
| 12/02/2004 | 401 | Appellant/Robert White's Designation of Items to be Included in the Record RE: 393 Notice of Appeal. (yms, usbc) (Entered: 12/06/2004) |
| 12/03/2004 | 399 | Receipt of Notice of Docketing Record on Appeal from BAP (Civil Action Number: MW 04-060) RE: 393 Notice of Appeal of Robert White on 386 Order Dated 11/16/04. (yms, usbc) (Entered: 12/03/2004) |
| 12/03/2004 | 400 | Transcript Of Hearing Held On November 23, 2004 Re: 344 Motion Of The United States Trustee to Reconsider Order Allowing Compensation And Expenses of Ropes & Gray, LLP as Counsel to the Debtor. (lc, usbc) (Entered: 12/03/2004) |
| 12/03/2004 | 403 | Transcript Of Hearing Held On November 16, 2004 Re: 348 Order For Robert White To Appear And Show Cause Why He Should Not Be Sanctioned Pursuant To Federal Rule of Bankruptcy Procedures 9011 (C)(1)(B) On Account Of The Filing Of A Frivolous Motion {Re: Motion To Disgorge}. (lc, usbc) (Entered: 12/07/2004) |
| 12/06/2004 | 402 | Statement of Issues by Robert White RE: 393 Notice of Appeal. (yms, usbc) (Entered: 12/06/2004) |
| 12/07/2004 | | Hearing Held RE: 354 Final Interim Application of Sherin and Lodgen LLP for Compensation and Reimbursement of Expenses. (yms, usbc) (Entered: 12/07/2004) |
| 12/07/2004 | 404 | Order Dated 12/7/2004 Re:354 Final Interim Application of Sherin and Lodgen LLP for Compensation and Reimbursement of Expenses. |

| | | |
|---|---|---|
| | | GRANTED IN THE AMOUNT REQUESTED. (yms, usbc) (Entered: 12/07/2004) |
| 12/10/2004 | 405 | Order of Dismissal Dated 12/10/2004 Regarding 357 Notice of Appeal by Robert White on 353 Endorsed Order Dated 10/19/04 re: 348 Motion of Robert White To Disgorge. (sas, usbc) (Entered: 12/10/2004) |
| 12/10/2004 | 406 | Certification of Default Re: 393 Notice of Appeal Regarding 386 Order Dated 11/16/04 Re: 353 Order to Show Cause on 348 Motion to Disgorge Filed by Creditor Robert White. (sas, usbc) (Entered: 12/10/2004) |
| 12/10/2004 | 407 | Appellee Designation of Contents for Inclusion in Record of Appeal Filed by Trustee John A. Burdick (RE: 393 Notice of Appeal, ). (Goldberg, Michael) (Entered: 12/10/2004) |
| 12/10/2004 | 408 | Transmittal to BAP RE: 393 Notice of Appeal of Robert White on 386 Order Dated 11/16/04 Re: 353 Order to Show Cause on 348 Motion to Disgorge. (yms, usbc) (Entered: 12/10/2004) |
| 12/13/2004 | | Appendix I to Appellee's Designation of Additional Items to be included in the record on Appeal. (yms, usbc) (Entered: 12/14/2004) |
| 12/17/2004 | 409 | 454 (Recover Money/Property): Complaint by John A. Burdick against Robert White. Fee Amount $150 . (hk, USBC) (Entered: 12/17/2004) |
| 12/17/2004 | 410 | Motion of Robert White to Dismiss 357 Appeal (re: Endorsed Order Dated 10/19/04 on Robert White's Motion to Disgorge. c/s (yms, usbc) (Entered: 12/17/2004) |
| 12/21/2004 | 411 | Endorsed Order Dated 12/21/04 Re: 410 Motion of Robert White to Dismiss 357 Appeal (re: Endorsed Order Dated 10/19/04 on Robert White's Motion to Disgorge). MOOT. APPEAL DISMISSED BY ORDER OF THE COURT ON DECEMBER 10, 2004 [DOCKET #405]. (yms, usbc) (Entered: 12/21/2004) |
| 12/21/2004 | 412 | Order Dated 12/21/2004 Re: 371 MOTION and Declaration of Harold Bowers to Vacate Judgment based on fraud in the inducement of a settlement, fraud on the court and breach of contract. CONTINUED TO APRIL 14 and 15, 2005 AT 9:30AM IN WORCESTER FOR EVIDENTIARY HEARING.DISCOVERY DEADLINE IS SET FOR MARCH 11, 2005.THE COURT FURTHER ORDERS THE MOVANT TO SHOW CAUSE AT SUCH HEARING WHY, IF THE FACTS FOUND AT SUCH HEARING SUPPORT A VIOLATION UNDER FED.R.BANKR.P. |

|  |  |  |
|---|---|---|
|  |  | 9011(b) (THE MOTION CONTAINING ALLEGATIONS WHICH ARE FRIVOLOUS, PRESENTED FOR AN IMPROPER PURPOSE OR LACKING IN REASONABLE EVIDENTIARY SUPPORT), THIS COURT SHOULD NOT IMPOSE SANCTIONS UNDER FED.R.BANKR.P. 9011 (c)(1)(B), WHICH SANCTIONS MAY BE OFFSET AGAINST ANY DIVIDEND PAYABLE TO THE MOVANT OUT OF THE ASSETS OF THIS BANKRUPTCY ESTATE. (yms, usbc) (Entered: 12/22/2004) |
| 12/22/2004 | 🌐 | (Evidentiary) Hearing Continued for 4/14 and 4/15/2005 at 09:30 AM Worcester Courtroom 4 for 371 MOTION and Declaration of Harold Bowers to Vacate Judgment based on fraud in the inducement of a settlement, fraud on the court and breach of contract. (yms, usbc) (Entered: 12/22/2004) |
| 12/23/2004 | 🌐 | Receipt Number 525126, Fee Amount $255. RE: 393 Notice of Appeal Regarding 386 Order Dated 11/16/04 Re: 353 Order to Show Cause on 348 Motion to Disgorge Filed by Creditor Robert White. (yms, usbc) (Entered: 12/23/2004) |
| 12/23/2004 | 🌐413 | BNC Certificate of Mailing - PDF Document. RE: 411 Order on Motion to Dismiss Case, Service Date 12/23/2004. (Admin.) (Entered: 12/24/2004) |
| 12/29/2004 | 🌐 | Appellant's disignated documents. (yms, usbc) (Entered: 01/03/2005) |
| 01/03/2005 | 🌐414 | Transmittal to BAP RE: 393 Notice by Robert White of Appeal in reference to 386 Order Dated 11/16/04 Re: 353 Show Cause Order on 348 Motion to Disgorge. (yms, usbc) (Entered: 01/03/2005) |
| 01/07/2005 | 🌐415 | Certificate of Service by Harold L. Bowers Re: Hearing Continued for 4/14 and 4/15/2005 at 09:30 AM Worcester Courtroom 4 for 371 MOTION and Declaration of Harold Bowers to Vacate Judgment based on fraud in the inducement of a settlement, fraud on the court and breach of contract. (yms, usbc) (Entered: 01/07/2005) |
| 01/14/2005 | 🌐416 | Application to Employ Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C. as Special Counsel to the Chapter 7 Trustee with Affidavit and. filed by Trustee John A. Burdick (Burdick, John) (Entered: 01/14/2005) |
| 01/14/2005 | 🌐417 | Declaration Re: Electronic Filing (Re: 416 Application to Employ). filed by Trustee John A. Burdick (Mikels, Richard) (Entered: 01/14/2005) |
| 01/14/2005 | 🌐418 | Motion to Limit Notice (Re:416 Application to Employ) with certificate of service filed by Trustee John A. Burdick (Burdick, John) |

| | | (Entered: 01/14/2005) |
|---|---|---|
| 01/18/2005 | 🔵419 | Endorsed Order dated 1/18/05 Re: 418 Trustee John A. Burdick's Motion to Limit Notice (Re:416 Application to Employ special counsel). GRANTED. HOWEVER SERVICE SHALL INCLUDE ALL SECURED CREDITORS, 20 LARGEST UNSECURED CREDITORS, AND ALL PARTIES REQUESTING SERVICE. (yms, usbc) (Entered: 01/18/2005) |
| 01/19/2005 | 🔵420 | Certificate of Service (Re: 416 Application to Employ). filed by Trustee John A. Burdick (Burdick, John) (Entered: 01/19/2005) |
| 01/20/2005 | 🔵421 | Affidavit of Michael J. Goldberg *Third Supplemental Pursuant to Fed. R. Bankr. P. 2014(A) and Local Rule 2014-1* with certificate of service (Re: 380 Motion for Order/Authority). filed by Trustee John A. Burdick (Goldberg, Michael) (Entered: 01/20/2005) |
| 01/28/2005 | 🔵423 | Transcript Of Hearing Held On December 21, 2004 Re: 371Motion And Declaration Of Harold Bowers To Vacate Judgment Based On Fraud In The Inducement Of A Settlement, Fraud On The Court, And Breach Of Contract (lc, usbc) (Entered: 01/31/2005) |
| 01/31/2005 | 🔵422 | Opposition of Harold Bowers to 416 Ch.7 Trustee's Application to Employ Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C. as Special Counsel to the Chapter 7 Trustee. c/s (yms, usbc) (Entered: 01/31/2005) |
| 01/31/2005 | 🔵424 | Motion of Harold Bowers to Join Kubotek to 371 His Motion to Vacate the Sale Order with certificate of service. (yms, usbc) (Entered: 02/01/2005) |
| 02/01/2005 | 🔵435 | Transcript Of Hearing Held On December 1, 2003 Re: Motion Of Debtor For Continued Use Of Cash Collateral; 60 Motion Of Debtor For Entry Of An Order; (I) Holding Acuity, Inc. In Civil Contempt For Willful Violation Of Automatic Stay, (ii) Issuing Sanction Against Acuity, Inc. For Willful Violation of Automatic Stay, And (iii) Enjoining Acuity, Inc. From Continuing To Violate Stay; (151) Motion Of Debtor For Order (I) Enforcing The Terms Of The Sale Order Dated 11-6-2003 By Compelling Kubotek Corporation To Close, And (ii) Determining Harold Bowers To Be In Civil Contempt And Direction The Distribution Of Bowers Be Paid Into The Registry Of The Court; objection By Harold Bowers; (161) Motion Of Debtor And Creditors' Committee For Appointment Of Creditors' Committee As Representative For The Estate To Adjudicate Claims By And/Or Against Robert White; Continuation Of The Hearing On The Proposed Sale Of Assets Of The Debtor To Kubotek Corporation (lc, usbc) (Entered: 02/07/2005) |

| 02/02/2005 | 🔵425 | Emergency Motion of Banner & Witcoff, Ltd. For Leave of Court to Withdraw as counsel to Harold Bowers. c/s (yms, usbc) (Entered: 02/02/2005) |
|---|---|---|
| 02/03/2005 | 🔵426 | Endorsed Order Dated 2/3/05 Re: 416 Ch.7 Trustee's Application to Employ Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C. as Special Counsel to the Chapter 7 Trustee. HEARING IS SET FOR FEBRUARY 11, 2005 AT 9:00 A.M. IN WORCESTER. (yms, usbc) (Entered: 02/03/2005) |
| 02/03/2005 | 🔵 | Hearing scheduled for 2/11/2005 at 09:00 AM Worcester Courtroom 4 for 416 Ch.7 Trustee's Application to Employ Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C. as Special Counsel to the Chapter 7 Trustee. (yms, usbc) (Entered: 02/03/2005) |
| 02/03/2005 | 🔵427 | Endorsed Order Dated 2/3/05 Re: 424 Motion of Harold Bowers to Join Kubotek to 371 His Motion to Vacate the Sale Order. HEARING IS SET FOR FEBRUARY 11, 2005 AT 9:00 A.M. IN WORCESTER. (yms, usbc) (Entered: 02/03/2005) |
| 02/03/2005 | 🔵 | Hearing scheduled for 2/11/2005 at 09:00 AM Worcester Courtroom 4 for 424 Motion of Harold Bowers to Join Kubotek to 371 His Motion to Vacate the Sale Order. (yms, usbc) (Entered: 02/03/2005) |
| 02/03/2005 | 🔵428 | Endorsed Order Dated 2/3/05 Regarding 425 Emergency Motion of Banner & Witcoff, Ltd. For Leave of Court to Withdraw as counsel to Harold Bowers. REQUEST FOR EMERGENCY DETERMINATION DENIED. EXPEDITED HEARING IS SET FOR 2/11/05 AT 9:00 A.M.IN WORCESTER. (yms, usbc) (Entered: 02/03/2005) |
| 02/03/2005 | 🔵 | Hearing scheduled for 2/11/2005 at 09:00 AM Worcester Courtroom 4 for 425 Motion of Banner & Witcoff, Ltd. For Leave of Court to Withdraw as counsel to Harold Bowers. (yms, usbc) (Entered: 02/03/2005) |
| 02/07/2005 | 🔵429 | Motion of Harlod L. Bowers to Appear Telephonically on 424 His Motion to Join Kubotek to 371 to Vacate the Sale Order. c/s (yms, usbc) (Entered: 02/07/2005) |
| 02/07/2005 | 🔵430 | Motion of Harold L. Bowers to Appear Telephonically Re: 416 Ch.7 Trustee's Application to Employ Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C. as Special Counsel to the Chapter 7 Trustee. c/s (yms, usbc) (Entered: 02/07/2005) |
| 02/07/2005 | 🔵431 | Motion of Harold L. Bowers to Appear Telephonically Re: 425 Motion of Banner & Witcoff, Ltd. For Leave of Court to Withdraw as |

| | | counsel to Harold Bowers. c/s (yms, usbc) (Entered: 02/07/2005) |
|---|---|---|
| 02/07/2005 | 432 | Endorsed Order Dated 2/7/2005 Re: 429 Motion of Harlod L. Bowers to Appear Telephonically on 424 His Motion to Join Kubotek to 371 Motion to Vacate the Sale Order. DENIED. (yms, usbc) (Entered: 02/07/2005) |
| 02/07/2005 | 433 | Endorsed Order dated 2/7/2005 Re: 430 Motion of Harold L. Bowers to Appear Telephonically on 416 Ch.7 Trustee's Application to Employ Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C. as Special Counsel to the Chapter 7 Trustee. DENIED. (yms, usbc) (Entered: 02/07/2005) |
| 02/07/2005 | 434 | Endorsed Order dated 2/7/2005 Re: 431 Motion of Harold L. Bowers to Appear Telephonically on 425 Motion of Banner & Witcoff, Ltd. For Leave of Court to Withdraw as counsel to Harold Bowers. DENIED. (yms, usbc) (Entered: 02/07/2005) |
| 02/09/2005 | 436 | Certificate of Service of Notice of Hearing (Re: Hearing Scheduled, 416 Application to Employ). filed by Trustee John A. Burdick (Burdick, John) (Entered: 02/09/2005) |
| 02/09/2005 | 437 | Opposition by Creditor Kubotek Corporation Re: 424 Motion to Join (Re:371 Motion to Vacate) with certificate of service (Attachments: # 1 Certificate of Service) (Mattera, Alex) (Entered: 02/09/2005) |
| 02/09/2005 | 438 | Response by Trustee John A. Burdick Re: 422 Opposition of Harold Bowers to 416 Ch.7 Trustee's Application to Employ Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C. as Special Counsel to the Chapter 7 Trustee. (Burdick, John) (Entered: 02/09/2005) |
| 02/09/2005 | 439 | Affidavit of Michael Gardener (Re: 438 Response, ). filed by Trustee John A. Burdick (Gardener, Michael) (Entered: 02/09/2005) |
| 02/09/2005 | 440 | Motion of Harold L. Bowers to Appear Telephonically Re: 425 Motion of Banner & Witcoff, Ltd. For Leave of Court to Withdraw as counsel to Harold Bowers. c/s (sas, usbc) (Entered: 02/09/2005) |
| 02/09/2005 | 441 | Affidavit of Michael J. Goldberg *in Further Support of Motion of Chapter 7 Trustee for an Order Approving Retention of Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C. as Special Counsel to the Chapter 7 Trustee* (Re: 438 Response, ). filed by Trustee John A. Burdick (Goldberg, Michael) (Entered: 02/09/2005) |
| 02/09/2005 | 442 | Motion of Harold L. Bowers to Appear Telephonically Re: 416 Ch.7 Trustee's Application to Employ Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C. as Special Counsel to the Chapter 7 Trustee. c/s (sas, |

| | | usbc) (Entered: 02/09/2005) |
|---|---|---|
| 02/09/2005 | 443 | Declaration Re: Electronic Filing (Re: 441 Affidavit/Declaration, ). filed by Trustee John A. Burdick (Goldberg, Michael) (Entered: 02/09/2005) |
| 02/09/2005 | 444 | Motion of Harold L. Bowers to Appear Telephonically on 424 Motion to Join Kubotek to 371 to Vacate the Sale Order. c/s (sas, usbc) (Entered: 02/09/2005) |
| 02/09/2005 | 445 | Certificate of Service (Re: 441 Affidavit/Declaration,, 443 Declaration Re: Electronic Filing). filed by Trustee John A. Burdick (Goldberg, Michael) (Entered: 02/09/2005) |
| 02/10/2005 | 446 | Certificate of Service (Re: 441 Affidavit/Declaration,, 438 Response, 439 Affidavit/Declaration). filed by Trustee John A. Burdick (Azano, Charles) (Entered: 02/10/2005) |
| 02/10/2005 | 447 | Endorsed Order Dated 2/10/05 Denying 440 Motion of Harold L. Bowers to Appear Telephonically Re: 425 Motion of Banner & Witcoff, Ltd. For Leave of Court to Withdraw as counsel to Harold Bowers. DENIED. (ab, usbc) (Entered: 02/11/2005) |
| 02/10/2005 | 448 | Endorsed Order Dated 2/10/05 Re: 442 Motion of Harold L. Bowers to Appear Telephonically Re: 416 Ch.7 Trustee's Application to Employ Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C. as Special Counsel to the Chapter 7 Trustee. DENIED. (ab, usbc) (Entered: 02/11/2005) |
| 02/10/2005 | 449 | Endorsed Order Dated 2/10/05 Denying 444 Motion of Harold L. Bowers to Appear Telephonically on 424 Motion to Join Kubotek to 371 to Vacate the Sale Order. DENIED. (ab, usbc) (Entered: 02/11/2005) |
| 02/11/2005 | 450 | Order Dated 2/11/05 Re: 425 Emergency Motion of Banner & Witcoff, Ltd. For Leave of Court to Withdraw as counsel to Harold Bowers. CONTINUED TO FEBRUARY 15, 2005 FOR 11:30AM IN WORCESTER. (ab, usbc) (Entered: 02/11/2005) |
| 02/11/2005 | | Hearing Continued to 2/15/2005 at 11:30 AM Worcester Courtroom 4 - HJB Re: 425 Emergency Motion of Banner & Witcoff, Ltd. For Leave of Court to Withdraw as counsel to Harold Bowers. (ab, usbc) (Entered: 02/11/2005) |
| 02/11/2005 | 451 | Order Dated 2/11/05 Re: 416 Application to Employ Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C. as Special Counsel to the Chapter 7 Trustee filed by Trustee John A. Burdick. CONTINUED |

| | | TO FEBRUARY 15, 2005 FOR 11:30AM IN WORCESTER. (ab, usbc) (Entered: 02/11/2005) |
|---|---|---|
| 02/11/2005 | ● | Hearing Continued to 2/15/2005 at 11:30 AM Worcester Courtroom 4 - HJB Re416 Application to Employ Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C. as Special Counsel to the Chapter 7 Trustee filed by Trustee John A. Burdick. (ab, usbc) (Entered: 02/11/2005) |
| 02/11/2005 | ●452 | Order Dated 2/11/05 Re: 424 Motion of Harold Bowers to Join Kubotek to 371 His Motion to Vacate the Sale Order. CONTINUED TO FEBRUARY 15, 2005 FOR 11:30AM IN WORCESTER. (ab, usbc) Corrective Entry: Incorrect PDF Attached; Correct PDF Now Attached. Additional attachment(s) added on 3/4/2005 (sas, usbc). Modified on 3/4/2005 (sas, usbc). (Entered: 02/11/2005) |
| 02/11/2005 | ● | Hearing Continued to 2/15/2005 at 11:30 AM Worcester Courtroom 4 - HJB Re: 424 Motion of Harold Bowers to Join Kubotek to 371 His Motion to Vacate the Sale Order. (ab, usbc) (Entered: 02/11/2005) |
| 02/13/2005 | ●453 | BNC Certificate of Mailing - PDF Document. RE: 447 Order on Motion to Appear Telephonically or Via Video Conference Service Date 02/13/2005. (Admin.) (Entered: 02/14/2005) |
| 02/13/2005 | ●454 | BNC Certificate of Mailing - PDF Document. RE: 448 Order on Motion to Appear Telephonically or Via Video Conference, Service Date 02/13/2005. (Admin.) (Entered: 02/14/2005) |
| 02/13/2005 | ●455 | BNC Certificate of Mailing - PDF Document. RE: 449 Order on Motion to Appear Telephonically or Via Video Conference Service Date 02/13/2005. (Admin.) (Entered: 02/14/2005) |
| 02/13/2005 | ●456 | BNC Certificate of Mailing - PDF Document. RE: 450 Order on Motion to Withdraw as Attorney Service Date 02/13/2005. (Admin.) (Entered: 02/14/2005) |
| 02/13/2005 | ●457 | BNC Certificate of Mailing - PDF Document. RE: 452 Order on Motion to Join Service Date 02/13/2005. (Admin.) (Entered: 02/14/2005) |
| 02/14/2005 | ●458 | Motion of Harold Bowers to Continue 2/15/05 Hearings (Re: 416 Application to Employ, 424 Motion to Join). (yms, usbc) (Entered: 02/14/2005) |
| 02/14/2005 | ●459 | Endorsed Order dated 2/14/05 on 458 Motion of Harold Bowers to Continue 2/15/05 Hearings (Re: Application to Employ and Motion to Join). ALLOWED IN PART AND DENIED IN PART. IN LIGHT OF THE HISTORY OF THIS MATTER, THE COURT FINDS MR. |

| | | BOWERS' ALLEGATIONS SUSPECT. NEVERTHELESS, THE HEARINGS ON THESE MATTERS ARE CONTINUED TO 02/17/05 AT 2:00PM IN WORCESTER TO GIVE MR. BOWERS THE OPPORTUNITY TO APPEAR, PERSONALLY OR THROUGH NEW COUNSEL. (yms, usbc) (Entered: 02/14/2005) |
|---|---|---|
| 02/14/2005 | 460 | Statement from Harold Bowers' physician. (yms, usbc) (Entered: 02/15/2005) |
| 02/17/2005 | | Hearing Held RE: 425 Motion of Banner & Witcoff, Ltd. For Leave of Court to Withdraw as counsel to Harold Bowers. (yms, usbc) (Entered: 02/17/2005) |
| 02/17/2005 | 461 | Order Dated 2/17/05 Re: 425 Motion of Banner & Witcoff, Ltd. For Leave of Court to Withdraw as counsel to Harold Bowers. GRANTED. (yms, usbc) (Entered: 02/17/2005) |
| 02/17/2005 | | Hearing Held RE: 416 APPLICATION of Chapter 7 Trustee to Employ Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, PC as Special Counsel. (yms, usbc) (Entered: 02/17/2005) |
| 02/17/2005 | 462 | Order dated 2/17/2005 Re: 416 APPLICATION of Chapter 7 Trustee to Employ Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, PC as Special Counsel. GRANTED. (yms, usbc) (Entered: 02/17/2005) |
| 02/17/2005 | | Hearing Held RE: 424 Motion of Harold Bowers to Join Kubotek to 371 His Motion to Vacate the Sale Order. (yms, usbc) (Entered: 02/17/2005) |
| 02/17/2005 | 463 | Order dated 2/17/05 Re: 424 Motion of Harold Bowers to Join Kubotek to 371 His Motion to Vacate the Sale Order. GRANTED, AND THE COURT ORDERS THAT FED.R.BANKR.P. 7019 APPLIES TO THIS CONTESTED MATTER. (yms, usbc) (Entered: 02/17/2005) |
| 02/18/2005 | 464 | Motion filed by Attorney Ropes & Gray LLP to Compel *Discovery from Hinckley Allen & Snyder LLP* with certificate of service (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E# 6 Exhibit F# 7 Exhibit G# 8 Exhibit H# 9 Exhibit I# 10 Exhibit J) (Kaden, Gregory) (Entered: 02/18/2005) |
| 02/18/2005 | 465 | Motion filed by Attorney Ropes & Gray LLP For Expedited Determination *On 464 Motion of Ropes & Gray LLP to Compel Discovery from Hinckley Allen & Snyder LLP* with certificate of service (Attachments: # 1 Exhibit A) (Kaden, Gregory). CORRECTIVE ENTRY: document not linked, now linked. Modified on 2/22/2005 (yms, usbc). (Entered: 02/18/2005) |

| 02/22/2005 | 466 | Endorsed Order (by Judge Joel B. Rosenthal) dated 2/22/05 Re: 465 Motion of Ropes & Gray LLP (Ch.11 Counsel to Debtor) For Expedited Determination On (464) Its Motion to Compel Discovery from Hinckley Allen & Snyder LLP. AN EXPEDITED HEARING IS SCHEDULED FOR 3/1/05 AT 10:00 A.M. GREGORY KADEN TO PROVIDE TELEPHONIC OR FAX NOTICE FORTHWITH AND FILE A CERTIFICATE OF SERVICE WITH THE COURT. HEARING TO TAKE PLACE IN COURTROOM 3, 3rd FLOOR, BEFORE THE HON. JOEL B. ROSENTHAL. (yms, usbc) (Entered: 02/22/2005) |
| --- | --- | --- |
| 02/22/2005 | | Hearing scheduled for 3/1/2005 at 10:00 AM Worcester Courtroom 3 - JBR for 464 Motion of Ropes & Gray LLP (Ch.11 counsel to Debtor) to Compel Discovery from Hinckley Allen & Snyder LLP. (yms, usbc) (Entered: 02/22/2005) |
| 02/22/2005 | 467 | Amended Certificate of Service (Re: 464 Motion to Compel,, 465 Motion for Emergency/Expedited Determination, ). filed by Attorney Ropes & Gray LLP (Kaden, Gregory) (Entered: 02/22/2005) |
| 02/22/2005 | 468 | Notice of Hearing *on 465 Motion of Ropes & Gray LLP to Compel Discovery from Hinckley Allen & Snyder LLP (with certificate of service).* filed by Attorney Ropes & Gray LLP (Kaden, Gregory). CORRECTIVE ENTRY: document not linked, now linked. Modified on 2/23/2005 (yms, usbc). (Entered: 02/22/2005) |
| 02/22/2005 | 478 | Transcript Of Hearing Held On November 18, 2003 Re: 133 Motion Of Debtor For Order Enforcing Terms Of The Sale Order Dated November 6, 2003; 138Motion of Hinckley, Allen and Snyder LLPto Withdraw as Counsel To Harold L. Bowers (lc, usbc) (Entered: 03/04/2005) |
| 02/24/2005 | 469 | Endorsed Order Dated 2/24/05 Re: 464) Motion of Ropes & Gray LLP to Compel Discovery from Hinckley Allen & Snyder LLP. ORDER OF 2/22/05 VACATED. HEARING WILL BE HELD BEFORE JUDGE BOROFF ON 3/7/05 AT 11:30 A.M. IN WORCESTER, ATTORNEY KADEN TO GIVE NOTICE. (yms, usbc) (Entered: 02/24/2005) |
| 02/24/2005 | | Hearing scheduled for 3/7/2005 at 11:30 AM Worcester Courtroom 4 for 464 Motion of Ropes & Gray LLP to Compel Discovery from Hinckley Allen & Snyder LLP.(yms, usbc) (Entered: 02/24/2005) |
| 02/24/2005 | 470 | Notice of Hearing - *Notice of Rescheduled Hearing on Motion of Ropes & Gray LLP to Compel Discovery from Hinckley Allen & Snyder LLP (with Certificate of Service)* (RE: 468 Notice of Hearing,, 464 Motion to Compel, ). filed by Attorney Ropes & Gray LLP (Kaden, Gregory) (Entered: 02/24/2005) |

| 02/25/2005 | 471 | Objection *to Motion to Compel* with certificate of service by Attorney Hinckley, Allen & Snyder LLP Re: (Attachments: # 1 Certificate of Service) (O'Donnell, Paul). CORRECTIVE ENTRY: Document not linke, now linked. Modified on 2/25/2005 (yms, usbc). (Entered: 02/25/2005) |
| --- | --- | --- |
| 02/25/2005 | 472 | Opposition of Harold Bowers to 464 Motion of Ropes & Gray LLP to Compel Discovery from Hinckley Allen & Snyder LLP. c/s (yms, usbc) (Entered: 02/25/2005) |
| 02/28/2005 | 473 | Memorandum of Decision Dated 2/28/05 Issued by Judge Henry J. Boroff Regarding 344 Motion of U.S. Trustee to Reconsider 336 Order Allowing Final Application for Compensation and Reimbursement of Expenses of Ropes & Gray, LLP as Counsel to the Debtor. (A separate order in conformity with this Memorandum of Decision shall issue forthwith). (yms, usbc) (Entered: 02/28/2005) |
| 02/28/2005 | 474 | Judge Henry J. Boroff Order Dated 2/28/05 Denying 344 Motion of U.S. Trustee to Reconsider 336 Order Allowing Final Application for Compensation and Reimbursement of Expenses of Ropes & Gray, LLP as Counsel to the Debtor. (yms, usbc) (Entered: 02/28/2005) |
| 03/03/2005 | 475 | Motion of Harold Bowers to Appear Telephonically on Hearing Re: 464 Motion filed by Attorney Ropes & Gray LLP to Compel *Discovery from Hinckley Allen & Snyder LLP. c/s(yms, usbc) (Entered: 03/03/2005)* |
| 03/03/2005 | 476 | Supplemental Certificate of Service by Harold Bowers on 475 His Motion to Appear Telephonically on Hearing Re: 464 Motion filed by Attorney Ropes & Gray LLP to Compel Discovery from Hinckley Allen & Snyder LLP. (yms, usbc) (Entered: 03/03/2005) |
| 03/03/2005 | 477 | Endorsed Order dated 3/3/05 on 475 Motion of Harold Bowers to Appear Telephonically on Hearing Re: 464 Motion filed by Attorney Ropes & Gray LLP to Compel Discovery from Hinckley Allen & Snyder LLP. ALLOWED. MOVANT SHALL CONTACT THE COURTROOM DEPUTY AT (508)770-8936 TO MAKE ARRANGEMENTS NO LATER THAN CLOSE OF BUSINESS ON FRIDAY, MARCH 4, 2005. (yms, usbc) (Entered: 03/03/2005) |
| 03/04/2005 | 479 | Joint Motion filed by Attorney Ropes & Gray LLP to Set Hearing (Re: 371 Motion to Vacate) - *Joint Motion of John Burdick, Jr., as Chapter 7 Trustee, Kubotek Corporation, Ropes & Gray, LLP and Sherin & Lodgen, LLP for Order Scheduling Status Conference on Open Discovery Issues on March 7, 2005 at 11:30 a.m.* with certificate of service (Attachments: # 1 Certificate of Service A# 2 Exhibit B# 3 Exhibit C) (Kaden, Gregory) (Entered: 03/04/2005) |
| | | |

| 03/04/2005 | 🔘480 | Joint Motion filed by Attorney Ropes & Gray LLP For Emergency Hearing (Re: 479 Motion to Set Hearing, ) *Joint Motion of John Burdick, Jr., as Chapter 7 Trustee, Kubotek Corporation, Ropes & Gray, LLP and Sherin & Lodgen, LLP for Order Scheduling Status Conference on Open Discovery Issues on March 7, 2005 at 11:30 a.m.* with certificate of service (Kaden, Gregory) (Entered: 03/04/2005) |
|---|---|---|
| 03/07/2005 | 🔘481 | Memorandum of Issues by Harold Bowers For Discovery Conference. c/s (yms, usbc) (Entered: 03/07/2005) |
| 03/07/2005 | 🔘482 | Endorsed Order dated 3/7/05 on 480 Joint Motion by Attorney Ropes & Gray LLP For Emergency Hearing Re: 479 Motion to Set Hearing. GRANTED. SEE ORDER OF EVEN DATE. (yms, usbc) (Entered: 03/07/2005) |
| 03/07/2005 | 🔘483 | Endorsed Order dated 3/7/05 on 479 Joint Motion of John Burdick, Jr. as ch.7 Trustee, Kubotek Corporation, Ropes & Gray, LLP and Sherin & Lodgen, LLP for Order Scheduling a Status Conference on Open Discovery Issues on March 7, 2005 at 11:30 a.m. (in the contested matter of 371 "Bowers'" Motion to Vacate). GRANTED. A STATUS CONFERENCE IS SCHEDULED FOR MARCH 7, 2005 AT 11:30 A.M. IN WORCESTER. (yms, usbc) (Entered: 03/07/2005) |
| 03/07/2005 | 🔘484 | Certificate of Service *Regarding Notice of Status Conference Scheduled for March 7, 2005 at 11:30 a.m.* (Re: 483 Order on Motion To Set Hearing,, 482 Order on Motion For Emergency/Expedited Hearing). filed by Attorney Ropes & Gray LLP (Fontana, Erin) (Entered: 03/07/2005) |
| 03/07/2005 | 🔘 | Hearing Held RE: 464 Motion filed by Ropes & Gray LLP to Compel Discovery from Hinckley Allen & Snyder LLP. (yms, usbc) (Entered: 03/07/2005) |
| 03/07/2005 | 🔘485 | Order Dated 3/7/05 Re: 464 Motion filed by Ropes & Gray LLP to Compel Discovery from Hinckley Allen & Snyder LLP. GRANTED. WITH RESPECT THE THE STATUS CONFERENCE HELD THIS DATE, THE COURT ISSUED THE FOLLOWING ORDER:DISCOVERY DEADLINE IS EXTENDED TO 05/13/05.THE TRIAL OF APRIL 14, 2005 IS CONTINUED TO JUNE 9, 2005 AT 9:30AM IN WORCESTER.THE BALANCE OF THE REQUESTS MADE BY MR. BOWERS ARE DENIED. (yms, usbc) (Entered: 03/07/2005) |
| 03/07/2005 | 🔘 | Trial Continued to 6/9/2005 at 09:30 AM Worcester Courtroom 4 for 371 Motion of Harold Bowers to Vacate Judgment Base on Fraud in the Inducement of a Settlement, Fraud on the Court and Breach of Contract Re: 121 Sale Order Dated 11/6/03. (yms, usbc) (Entered: |

| | | 03/07/2005) |
|---|---|---|
| 03/07/2005 | 🔵486 | Endorsed Order dated 3/7/05 RE: 464 Motion by Attorney Ropes & Gray LLP to Compel Discovery from Hinckley Allen & Snyder LLP. GRANTED, EXCEPT THAT HINCKLEY, ALLEN & SNYDER, LLP ("HAS") MAY FILE A PRIVILEDGE LOG AND REQUEST FOR PROTECTIVE ORDER IF "HAS" BELIEVES THAT THERE ARE COMMUNICATIONS BETWEEN "HAS" AND HAROLD BOWERS WHICH FALL OUTSIDE OF THE ROPES & GRAY REQUEST. (yms, usbc) (Entered: 03/07/2005) |
| 03/09/2005 | 🔵487 | BNC Certificate of Mailing - PDF Document. RE: 486 Order, Service Date 03/09/2005. (Admin.) (Entered: 03/10/2005) |
| 03/10/2005 | 🔵488 | Notice of Appeal. Fee Amount $255 Filed by Interested Party United States Trustee (RE: 473 Decision and Order,, 474 Order, 336 Order on Application for Compensation). Appellant Designation due by 3/21/2005. Complied Records Due by 4/4/2005. Transmission of Designation Due by 4/11/2005. (Bradford, Eric) (Entered: 03/10/2005) |
| 03/10/2005 | 🔵489 | Election of Appeal to District Court Filed by Interested Party United States Trustee (RE: 488 Notice of Appeal, ). (Bradford, Eric) (Entered: 03/10/2005) |
| 03/10/2005 | 🔵490 | Statement *of Ropes & Gray LLP in Response to Harold L. Bowers' Memorandum of Issues for Discovery Conference dated March 7, 2005* with certificate of service (Re: 481 Brief/Memorandum). filed by Attorney Ropes & Gray LLP (Kaden, Gregory) (Entered: 03/10/2005) |
| 03/10/2005 | 🔵491 | Exhibit A *to Statement of Ropes & Gray LLP in Response to Harold L. Bowers' Memorandum of Issues for Discovery Conference dated March 7, 2005*. filed by Attorney Ropes & Gray LLP (Kaden, Gregory) (Entered: 03/10/2005) |
| 03/10/2005 | 🔵492 | Notice of Filing Appeal to District Court RE: 488 Notice of Appeal by United States Trustee. (yms, usbc) (Entered: 03/10/2005) |
| 03/10/2005 | 🔵493 | Court Certificate of Mailing RE: 492 Notice of Filing Appeal to District Court RE: 488 Notice of Appeal by United States Trustee. (yms, usbc) (Entered: 03/10/2005) |
| 03/11/2005 | 🔵494 | Motion by Harold Bowers For Partial Release of the Ch.7 Dividends to Harold Bowers' For Attorney Fees in connection with His Motion to Vacate. c/s (yms, usbc) (Entered: 03/11/2005) |
| | | |

| 03/11/2005 | ⦿495 | Joinder Of Kubotek Corporation To 383 The Opposition Of The Chapter 7 Trustee, Former Counsel To The Debtor And Former Counsel To The Committee To 371 Harold Bowers' Motion To Vacate The Sale Order. c/s (Mattera, Alex) (Entered: 03/11/2005) |
| --- | --- | --- |
| 03/11/2005 | ⦿496 | Endorsed Order dated 3/11/05 re: 494 Motion by Harold Bowers For Partial Release of the Ch.7 Dividends to Harold Bowers' For Attorney Fees in connection with His Motion to Vacate. DENIED, WITHOUT PREJUDICE TO ANY REQUEST BY HAROLD BOWERS THAT THIS COURT ORDER OR PERMIT BANNER & WITCOFF TO RELEASE SUMS FROM ITS ESCROW OF $750,000 HELD ON BEHALF OF HAROLD BOWERS. (yms, usbc) (Entered: 03/11/2005) |
| 03/15/2005 | ⦿497 | Jointwith certificate of service Pre-Trial Statement. filed by Trustee John A. Burdick, Creditor Robert White (Goldberg, Michael).CORRECTIVE ENTRY: Please disregard this filing, which should be docketed in the adversary proceeding. Modified on 3/15/2005 (yms, usbc). (Entered: 03/15/2005) |
| 03/16/2005 | ⦿498 | Motion filed by Trustee John A. Burdick For Contempt *Against Robert White* with certificate of service (Goldberg, Michael) (Entered: 03/16/2005) |
| 03/18/2005 | ⦿499 | Motion filed by Trustee John A. Burdick for Leave to Supplement 498 Motion for Contempt Against Robert White with certificate of service (Goldberg, Michael). CORRECTIVE ENTRY: document not linked, now linked. Modified on 3/18/2005 (yms, usbc). (Entered: 03/18/2005) |
| 03/21/2005 | ⦿500 | Appellant Designation of Contents For Inclusion in Record On Appeal *(With Certificate of Service)* Filed by Interested Party United States Trustee (RE: 488 Notice of Appeal,, 492 Notice of Appeal to District Court, 489 Election of Appeal to District Court). Appellee designation due by 3/31/2005. (Bradford, Eric) (Entered: 03/21/2005) |
| 03/21/2005 | ⦿501 | Statement of Issues, *(With Certificate of Service)* Filed by Interested Party United States Trustee (RE: 488 Notice of Appeal, ). (Bradford, Eric) (Entered: 03/21/2005) |
| 03/22/2005 | ⦿502 | Transcript Of Hearing Held On September 7, 2004 Re: 299Final Application for Compensation and Reimbursement of Expenses of Ropes & Gray LLP as Counsel to the Debtor (lc, usbc) (Entered: 03/23/2005) |
| 03/22/2005 | ⦿503 | TranscriptOf Hearing Held On March 7, 2005 Re: 464 Motion filed by Ropes & Gray LLP to Compel Discovery from Hinckley Allen & Snyder LLP (lc, usbc) (Entered: 03/23/2005) |

| 03/24/2005 | ●504 | Appellant, United States Trustee's Designation of Contents For Inclusion in Record On Appeal and Statement of Issues (RE: 488 Notice of Appeal). Appellee designation due by 4/4/2005. (yms, usbc) (Entered: 03/29/2005) |
|---|---|---|
| 03/30/2005 | ●505 | Appellee Designation of Contents for Inclusion in Record of Appeal Filed by Attorney Ropes & Gray LLP (RE: 488 Notice of Appeal,, 492 Notice of Appeal to District Court, 489 Election of Appeal to District Court). (Fontana, Erin) (Entered: 03/30/2005) |
| 03/31/2005 | ● | Appellee, Ropes & Gray LLP's Designation of Additional Items to be included in record on 488 Notice of Appeal filed by United States Trustee. (yms, usbc) (Entered: 03/31/2005) |
| 03/31/2005 | ●506 | Final Order By District Court Judge Gorton Dated 3/31/05 on 247 Notice of Appeal Affirming 246 Order Dated 2/12/04 Denying 209 Final Application of Micro Control System Inc. for Approval of Reimbursement of Fees and Costs. (sas, usbc) (Entered: 04/01/2005) |
| 04/05/2005 | ●507 | Motion by Harold Bowers For Ordering Banner & Witcoff to Release Funds from Escrow Account. c/s (yms, usbc) (Entered: 04/05/2005) |
| 04/08/2005 | ●508 | Response of Chapter 7 Trustee John A. Burdick to 507 Harold Bowers' Motion For Ordering Banner & Witcoff to Release Funds from Escrow Account (Attachments: # 1 Certificate of Service) (Mikels, Richard). (Entered: 04/08/2005) |
| 04/08/2005 | ●509 | Endorsed Order dated 4/8/05 regarding 507 Motion of Harold Bowers For Ordering Banner & Witcoff to Release Funds from Escrow Account. HEARING IS SET FOR APRIL 19, 2005 AT 9:00 A.M. IN WORCESTER. MOVANT MAY APPEAR TELEPHONICALLY IF A REQUEST IS MADE NO LATER THAN APRIL 15, 2005. (yms, usbc) (Entered: 04/11/2005) |
| 04/11/2005 | ●510 | Transmittal of Record to U.S. District Court re: 488 Notice of Appeal filed by United States Trustee in reference to 473 Decision and Order, 474 Order, 336 Order on Application for Compensation. (yms, usbc) (Entered: 04/11/2005) |
| 04/11/2005 | ●511 | Receipt from District Court of 488 Notice of Appeal filed by United States Trustee (RE: 473 Decision and Order,, 474 Order, 336 Order on Application for Compensation). Civil Action Number: 05-40062. (yms, usbc) (Entered: 04/11/2005) |
| 04/13/2005 | ●512 | Harold Bowers' Reply to 508 Chapter 7 Trustee John A. Burdick's Response to 507 His Motion For Ordering Banner & Witcoff to Release Funds from Escrow Account. (yms, usbc) (Entered: |

| | | 04/13/2005) |
|---|---|---|
| 04/13/2005 | ● | Hearing scheduled for 4/19/2005 at 09:00 AM Worcester Courtroom 4 for 507 Motion of Harold Bowers For Ordering Banner & Witcoff to Release Funds from Escrow Account. (yms, usbc) (Entered: 04/13/2005) |
| 04/13/2005 | ●513 | Motion of Harold Bowers to Appear Telephonically on Hearing scheduled for 4/19/2005 regarding 507 His Motion For Ordering Banner & Witcoff to Release Funds from Escrow Account. (yms, usbc) (Entered: 04/13/2005) |
| 04/13/2005 | ●514 | Motion of Harold Bowers to have Admissions of the Directors of CK Liquidation Corporation Deem Admitted. (yms, usbc) (Entered: 04/13/2005) |
| 04/13/2005 | ●515 | Certificate of Service by Harold Bowers on 513 Motion to Appear Telephonically, 514 Motion to have Admission and 512 Reply to Trustee's Response. (yms, usbc) (Entered: 04/13/2005) |
| 04/13/2005 | ●516 | Opposition *with exhibit* with certificate of service by Interested Party Kubotek USA Inc. Re: 507 Motion filed by Interested Party Harold Bowers For Ordering Banner & Witcoff to Release Funds from Escrow Account (Attachments: # 1 Certificate of Service) (Loughnane, John) (Entered: 04/13/2005) |
| 04/14/2005 | ●517 | Endorsed Order Dated 4/14/04 Regarding 514 Motion of Harold Bowers to have Admissions of the Directors of CK Liquidation Corporation Deem Admitted. DENIED. (sas, usbc) (Entered: 04/14/2005) |
| 04/14/2005 | ●518 | Notice *of Appearance* with certificate of service. filed by Attorney Sherin and Lodgen LLP (DeProspo, Anthony) (Entered: 04/14/2005) |
| 04/14/2005 | ●519 | Endorsed Order Dated 4/14/05 Re: 513 Motion of Harold Bowers to Appear Telephonically on Hearing scheduled for 4/19/2005 for 507 His Motion For Ordering Banner & Witcoff to Release Funds from Escrow Account. ALLOWED; THE CLERK WILL INITIATE CONTACT AT THE APPROPRIATE TIME.(yms, usbc) (Entered: 04/15/2005) |
| 04/15/2005 | ●520 | Emergency Motion filed by Attorney Sherin and Lodgen LLP to Compel *Banner & Witcoff, LTD.'s Compliance With Subpoena* (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E# 6 Exhibit F# 7 Exhibit G) (DeProspo, Anthony) (Entered: 04/15/2005) |
| | | |

| 04/15/2005 | ●521 | Endorsed Order dated 4/15/05 Re: 520 Emergency Motion of Sherin and Lodgen LLP to Compel Banner & Witcoff, LTD.'s Compliance With Subpoena. HEARING IS SET FOR APRIL 19, 2005 AT 9:00 A.M. IN WORCESTER. MOVANT SHALL FORTHWITH PROVIDE TELEPHONIC AND FAX NOTICE OF HEARING TO ALL PARTIES ON THE ANNEXED CERTIFICATE OF SERVICE AND TO BANNER & WITCOFF. (yms, usbc) (Entered: 04/15/2005) |
|---|---|---|
| 04/15/2005 | ●522 | Response of Banner & Witcoff, Ltd. to 507 Motion by Harold Bowers For Ordering Banner & Witcoff to Release Funds from Escrow Account And Cross-Motion For Determination of Respective Interest in Escrow Account and For Release of Funds from Escrow Account. c/s (yms, usbc) (Entered: 04/15/2005) |
| 04/16/2005 | ●523 | BNC Certificate of Mailing - PDF Document. RE: 517 Order on Generic Motion Service Date 04/16/2005. (Admin.) (Entered: 04/17/2005) |
| 04/18/2005 | ●524 | Motion filed by Creditor George W. Ford III for Request to Join (Re:522 Response of Banner & Witcoff, Ltd. to 507 Motion by Harold Bowers For Ordering Banner & Witcoff to Release Funds from Escrow Account And Cross-Motion For Determination of Respective Interest in Escrow Account and For Release of Funds from Escrow Account with Affidavit and certificate of service. (pf, USBC) (Entered: 04/18/2005) |
| 04/19/2005 | ● | Hearing Held RE: 507 Motion by Harold Bowers For Ordering Banner & Witcoff to Release Funds from Escrow Account. (yms, usbc) (Entered: 04/19/2005) |
| 04/19/2005 | ●525 | Order dated 4/19/05 re: 507 Motion by Harold Bowers For Ordering Banner & Witcoff to Release Funds from Escrow Account. DENIED AS MOOT. THIS COURT HAS NO JURISDICTION OVER THE SUBJECT ESCROW ACCOUNT. (yms, usbc) (Entered: 04/19/2005) |
| 04/19/2005 | ●526 | Order Dated 4/19/05 (after hearing held on 4/19/05) RE: 520 Emergency Motion of Sherin and Lodgen LLP to Compel Banner & Witcoff, LTD.'s Compliance With Subpoena. GRANTED. (yms, usbc) (Entered: 04/19/2005) |
| 04/21/2005 | ●527 | Motion of Robert White To Stay of 498 Sanctions Pending Appeal (to the First Circuit Court of Appeal). c/s (yms, usbc) (Entered: 04/21/2005) |
| 04/21/2005 | ●528 | BNC Certificate of Mailing - PDF Document. RE: 525 Order on Generic Motion Service Date 04/21/2005. (Admin.) (Entered: 04/22/2005) |

| | | |
|---|---|---|
| 04/26/2005 | 529 | Motion of Harold Bowers For Continuance of Discovery and Trial Date for Evidentiary Hearing and Leave to file Privilege Logs in reference to 464 Motion of Ropes & Gray to Compel. c/s (yms, usbc) (Entered: 04/26/2005) |
| 04/26/2005 | 530 | Order Dated 4/26/05 Re: 529 Motion of Harold Bowers For Continuance of Discovery and Trial Date for Evidentiary Hearing and Leave to file Privilege Logs. (yms, usbc) (Entered: 04/26/2005) |
| 04/28/2005 | 531 | Endorsed Order dated 4/28/05 Re: 527 Motion of Robert White To Stay of 498 Sanctions Pending Appeal (to the First Circuit Court of Appeal). AN EVIDENTIARY HEARING IS SCHEDULED FOR MAY 23, 2005 AT 9:30 A.M. IN WORCESTER. (yms, usbc) (Entered: 04/29/2005) |
| 04/28/2005 | 533 | Endorsed Order dated 4/28/05 Re: 498 Motion of Ch.7 Trustee John A. Burdick For Contempt Against Robert White. AN EVIDENTIARY HEARING IS SCHEDULED FOR MAY 23, 2005 AT 9:30 A.M. IN WORCESTER. (yms, usbc) (Entered: 04/29/2005) |
| 04/28/2005 | 535 | Endorsed Order dated 4/28/05 Regarding 499 Motion of Ch.7 Trustee John A. Burdick for Leave to Supplement 498 Motion for Contempt Against Robert White. HEARING IS SET FOR MAY 23, 2005 AT 9:30 A.M. IN WORCESTER. (yms, usbc) (Entered: 04/29/2005) |
| 04/29/2005 | 532 | EVIDENTIARY Hearing scheduled for 5/23/2005 at 09:30 AM Worcester Courtroom 4 for 527 Motion of Robert White To Stay of 498 Sanctions Pending Appeal (to the First Circuit Court of Appeal). (yms, usbc) (Entered: 04/29/2005) |
| 04/29/2005 | 534 | EVIDENTIARY Hearing Scheduled for 5/23/2005 at 09:30 AM Worcester Courtroom 4 For 498 Motion of Ch.7 Trustee John A. Burdick For Contempt Against Robert White.(yms, usbc) (Entered: 04/29/2005) |
| 04/29/2005 | | Hearing scheduled for 5/23/2005 at 09:30 AM Worcester Courtroom 4 for 499 Motion of Ch.7 Trustee John A. Burdick for Leave to Supplement 498 Motion for Contempt Against Robert White. (yms, usbc) (Entered: 04/29/2005) |
| 04/29/2005 | 536 | Court Certificate of Mailing RE: Hearings Scheduled for Doc.#499 and 498. (yms, usbc) (Entered: 04/29/2005) |
| 05/02/2005 | 537 | Statement of Harold Bowers in response to 530 Order Dated 4/26/05 Re: 529 His Motion For Continuance of Discovery and Trial Date for Evidentiary Hearing and Leave to file Privilege Logs. (yms, usbc) (Entered: 05/02/2005) |

| 05/06/2005 | 538 | Motion of Robert White For Continuance of Contempt Hearing Re: 498 Motion for Contempt, 499 Motion for Leave to supplement and 527 Motion To Stay Pending Appeal. c/s (yms, usbc) (Entered: 05/06/2005) |
| 05/06/2005 | 539 | Certificate of Service by Robert White Re: 532 EVIDENTIARY Hearing scheduled for 5/23/2005 at 09:30 AM Worcester Courtroom 4 for 527 Motion of Robert White To Stay of 498 Sanctions Pending Appeal. (yms, usbc) (Entered: 05/06/2005) |
| 05/09/2005 | 540 | Witness List of Harold Bowers concerning Evidentiary Hearing (June 9, 2005) re: 371 Motion to Vacate. c/s (yms, usbc) (Entered: 05/09/2005) |
| 05/09/2005 | 541 | Objection with certificate of service by Trustee John A. Burdick Re: 527 Motion filed by Creditor Robert White To Stay Pending Appeal (Re: 498 Motion for Contempt) (Attachments: # 1 Exhibit A) (Candon, Christopher) (Entered: 05/09/2005) |
| 05/10/2005 | 542 | Endorsed Order dated 5/10/05 On 538 Motion of Robert White For Continuance of Contempt Hearing (Re: 498 Motion for Contempt, 499 Motion for Leave to supplement and 527 Motion To Stay Pending Appeal). DENIED. (yms, usbc) (Entered: 05/10/2005) |
| 05/10/2005 | 545 | Transcript Of Hearing Held On April 19, 2005 Re: 507Page 2 - Motion of harold Bowers For An Order Directing Banner & Witcoff To Release Funds From The Escrow Account ; 520 Emergency Motion filed by Attorney Sherin and Lodgen LLP to Compel Banner & Witcoff, LTD.'s Compliance With Subpoena (lc, usbc) (Entered: 05/13/2005) |
| 05/11/2005 | 543 | Certificate of Service of Notice of Hearing (Re: 498 Motion for Contempt). filed by Trustee John A. Burdick (Candon, Christopher) (Entered: 05/11/2005) |
| 05/12/2005 | 544 | BNC Certificate of Mailing - PDF Document. RE: 542 Order on Motion to Continue/Cancel Hearing Service Date 05/12/2005. (Admin.) (Entered: 05/13/2005) |
| 05/17/2005 | 546 | Response of Robert White to 541 Ch.7 Trustee's Objection on 527 His Motion To Stay of Sanctions Pending Appeal (Re: 498 Motion for Contempt). c/s(yms, usbc) (Entered: 05/17/2005) |
| 05/18/2005 | 547 | Application filed by Trustee John A. Burdick to Employ Cohn Whitesell & Goldberg LLP as Successor Special Counsel with Affidavit and with certificate of service. (Attachments: # 1 Declaration of Electronic Filing) (Goldberg, Michael) (Entered: |

| | | 05/18/2005) |
|---|---|---|
| 05/18/2005 | 548 | Motion of Harold Bowers to Alter 540 Witness List. c/s (yms, usbc) (Entered: 05/18/2005) |
| 05/19/2005 | 549 | Endorsed Order Dated 5/19/05 Regarding 548 Motion of Harold Bowers to Alter 540 Witness List. INSOFAR AS THE ORIGINAL WITNESS LIST DATED MAY 9, 2005 WAS NECESSARY OR APPROPRIATE, LEAVE TO AMEND SAME IS GRANTED. (sas, usbc) (Entered: 05/20/2005) |
| 05/23/2005 | | Hearing Held Re: 498 Motion filed by Trustee John A. Burdick For Contempt Against Robert White. (sas, usbc) (Entered: 05/23/2005) |
| 05/23/2005 | 550 | Order Dated 5/23/05 Regarding 498 Motion filed by Trustee John A. Burdick For Contempt Against Robert White. Hearing continued to 6/28/2005 at 01:30 PM Worcester Courtroom 4 - HJB. (sas, usbc) (Entered: 05/23/2005) |
| 05/23/2005 | 551 | Exhibits 1-6 filed by Creditor Robert White Re: 498 Motion filed by Trustee John A. Burdick For Contempt Against Robert White. (sas, usbc) (Entered: 05/23/2005) |
| 05/23/2005 | 552 | Stipulation of Admissible Documents for Evidentiary Hearings scheduled for May 23, 2005 filed by Creditor Robert White and Trustee John A. Burdick Re: 498 Motion filed by Trustee John A. Burdick For Contempt Against Robert White. (Filed in Open Court) (sas, usbc) (Entered: 05/23/2005) |
| 05/23/2005 | 553 | Document Filed by Creditor Robert White Re: 527 Motion of Robert White To Stay of 498 Sanctions Pending Appeal (to the First Circuit Court of Appeal). (Filed in Open Court) (sas, usbc) (Entered: 05/23/2005) |
| 05/23/2005 | | Hearing Held Re: 499 Motion filed by Trustee John A. Burdick for Leave to Supplement 498 Motion for Contempt Against Robert White. (sas, usbc) (Entered: 05/23/2005) |
| 05/23/2005 | 554 | Order Dated 5/23/05 Regarding 499 Motion filed by Trustee John A. Burdick for Leave to Supplement 498 Motion for Contempt Against Robert White. GRANTED. (sas, usbc) (Entered: 05/23/2005) |
| 05/23/2005 | | Hearing Held Re: 527 Motion of Robert White To Stay of 498 Sanctions Pending Appeal (to the First Circuit Court of Appeal). (sas, usbc) (Entered: 05/23/2005) |
| 05/23/2005 | 555 | Order Dated 5/23/05 Regarding 527 Motion of Robert White To Stay |

| | | of 498 Sanctions Pending Appeal (to the First Circuit Court of Appeal). DENIED. (sas, usbc) (Entered: 05/23/2005) |
|---|---|---|
| 05/23/2005 | 556 | Court Certificate of Mailing of 550, 554 and 555 Orders Dated May 23, 2005. (sas, usbc) (Entered: 05/23/2005) |
| 06/01/2005 | 557 | Motion filed by Interested Party Kubotek USA Inc. to Quash *And For Sanctions Against Harold Bowers* (Loughnane, John) (Entered: 06/01/2005) |
| 06/01/2005 | 558 | Affidavit of Robert Bean *In Support of Kubotek USA, Inc.'s Motion to Quash and for Sanctions Against Harold Bowers* (Re: 557 Motion to Quash). filed by Witness Robert Bean (Attachments: # 1 Declaration of Electronic Filing) (Loughnane, John) (Entered: 06/01/2005) |
| 06/01/2005 | 559 | Affidavit of John G. Loughnane *In Support of Kubotek USA, Inc.'s Motion to Quash and for Sanctions Against Harold Bowers (with Exhibits)* (Re: 557 Motion to Quash). filed by Attorney John G. Loughnane (Attachments: # 1 Declaration of Electronic Filing) (Loughnane, John) (Entered: 06/01/2005) |
| 06/01/2005 | 560 | Motion filed by Interested Party Kubotek USA Inc. For Expedited Hearing (Re: 557 Motion to Quash) *and for Sanctions Against Harold Bowers* (Loughnane, John) (Entered: 06/01/2005) |
| 06/01/2005 | 561 | Certificate of Service (Re: 557 Motion to Quash, 558 Affidavit/Declaration,, 559 Affidavit/Declaration,, 560 Motion For Emergency/Expedited Hearing). filed by Interested Party Kubotek USA Inc. (Loughnane, John) (Entered: 06/01/2005) |
| 06/01/2005 | 562 | Endorsed Order dated 6/1/05 Re: 557 Motion of Kubotek USA Inc. to Quash And For Sanctions Against Harold Bowers. GRANTED IN PART. THE SUBPOENAS ARE QUASHED AS THEY ARE NOT IN COMPLIANCE WITH FED.R.BANK.P.9016 AS TO FORM. KUBOTEK'S REQUEST FOR SANCTIONS WILL BE HEARD ON JUNE 9, 2005 IN CONNECTION WITH OTHER PROCEEDINGS IN THIS CASE. THE HEARING WILL BE EVIDENTIARY. (yms, usbc) (Entered: 06/01/2005) |
| 06/01/2005 | | Evidentiary Hearing Scheduled for 6/9/2005 at 09:30 AM Worcester Courtroom 4 for 557 Motion of Kubotek USA Inc. to Quash And For Sanctions Against Harold Bowers. (yms, usbc) (Entered: 06/01/2005) |
| 06/01/2005 | 563 | Endorsed Order dated 6/1/05 on 560 Motion of Kubotek USA Inc. For Expedited Hearing Re: 557 Motion to Quash and for Sanctions Against Harold Bowers. SEE ORDER OF EVEN DATE. (yms, usbc) (Entered: 06/02/2005) |
| | | |

| 06/02/2005 | ●564 | Certificate of Service of Notice of Hearing (Re: 557 Motion to Quash). filed by Interested Party Kubotek USA Inc. (Loughnane, John) (Entered: 06/02/2005) |
|---|---|---|
| 06/02/2005 | ●565 | Endorsed Order dated 6/2/05 Re: 547 Application filed by Trustee John A. Burdick to Employ Cohn Whitesell & Goldberg LLP as Successor Special Counsel. GRANTED. (yms, usbc) (Entered: 06/02/2005) |
| 06/06/2005 | ●566 | Joint Pre-Trial Statement *Joint Pre-Trial Memorandum of Chapter 7 Trustee, Ropes & Gray LLP and Sherin and Lodgen LLP Regarding Motion and Declaration to Vacate Judgment Based on Fraud in the Inducement of a Settlement, Fraud on the Court and Breach of Contract* (Re: 371 Motion to Vacate). filed by Trustee John A. Burdick, Attorneys Ropes & Gray LLP, Sherin and Lodgen LLP (Kaden, Gregory) (Entered: 06/06/2005) |
| 06/06/2005 | ●567 | Exhibit *Appendix of Exhibits to the Joint Pre-Trial Memorandum of Chapter 7 Trustee, Ropes & Gray LLP and Sherin and Lodgen LLP Regarding Motion and Declaration to Vacate Judgment Based on Fraud in the Inducement of a Settlement, Fraud on the Court and Breach of Contract, with Exhibits A through E attached* (Re: 566 Pre-Trial Statement, ). filed by Trustee John A. Burdick, Attorneys Ropes & Gray LLP, Sherin and Lodgen LLP (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E) (Kaden, Gregory) (Entered: 06/06/2005) |
| 06/06/2005 | ●568 | Exhibit *Exhibit F, with Exhibits G through K attached* (Re: 566 Pre-Trial Statement, ). filed by Trustee John A. Burdick, Attorneys Ropes & Gray LLP, Sherin and Lodgen LLP (Attachments: # 1 Exhibit G# 2 Exhibit H# 3 Exhibit I# 4 Exhibit J# 5 Exhibit K) (Kaden, Gregory) (Entered: 06/06/2005) |
| 06/06/2005 | ●569 | Exhibit *Exhibit L, with Exhibits M through Q attached* (Re: 566 Pre-Trial Statement, ). filed by Trustee John A. Burdick, Attorneys Ropes & Gray LLP, Sherin and Lodgen LLP (Attachments: # 1 Exhibit M# 2 Exhibit N# 3 Exhibit O# 4 Exhibit P# 5 Exhibit Q) (Kaden, Gregory) (Entered: 06/06/2005) |
| 06/06/2005 | ●570 | Exhibit *Exhibit R, with Exhibits S through W attached* (Re: 566 Pre-Trial Statement, ). filed by Trustee John A. Burdick, Attorneys Ropes & Gray LLP, Sherin and Lodgen LLP (Attachments: # 1 Exhibit S# 2 Exhibit T# 3 Exhibit U# 4 Exhibit V# 5 Exhibit W) (Kaden, Gregory) (Entered: 06/06/2005) |
| 06/06/2005 | ●571 | Exhibit *Exhibit X, with Exhibits Y and Z attached* (Re: 566 Pre-Trial Statement, ). filed by Trustee John A. Burdick, Attorneys Ropes & Gray LLP, Sherin and Lodgen LLP (Attachments: # 1 Exhibit Y# 2 |

| | | Exhibit Z) (Kaden, Gregory) (Entered: 06/06/2005) |
|---|---|---|
| 06/06/2005 | 572 | Exhibit *Exhibit AA, part 1* (Re: 566 Pre-Trial Statement, ). filed by Trustee John A. Burdick, Attorneys Ropes & Gray LLP, Sherin and Lodgen LLP (Kaden, Gregory) (Entered: 06/06/2005) |
| 06/06/2005 | 573 | Exhibit *Exhibit AA, part 2* (Re: 566 Pre-Trial Statement, ). filed by Trustee John A. Burdick, Attorneys Ropes & Gray LLP, Sherin and Lodgen LLP (Kaden, Gregory) (Entered: 06/06/2005) |
| 06/06/2005 | 574 | Exhibit *Exhibit AA, part 3* (Re: 566 Pre-Trial Statement, ). filed by Trustee John A. Burdick, Attorneys Ropes & Gray LLP, Sherin and Lodgen LLP (Kaden, Gregory) (Entered: 06/06/2005) |
| 06/06/2005 | 575 | Exhibit *Exhibit BB* (Re: 566 Pre-Trial Statement, ). filed by Trustee John A. Burdick, Attorneys Ropes & Gray LLP, Sherin and Lodgen LLP (Kaden, Gregory) (Entered: 06/06/2005) |
| 06/06/2005 | 576 | Exhibit *Exhibit CC, part 1* (Re: 566 Pre-Trial Statement, ). filed by Trustee John A. Burdick, Attorneys Ropes & Gray LLP, Sherin and Lodgen LLP (Kaden, Gregory) (Entered: 06/06/2005) |
| 06/06/2005 | 577 | Exhibit *Exhibit CC, part 2* (Re: 566 Pre-Trial Statement, ). filed by Trustee John A. Burdick, Attorneys Ropes & Gray LLP, Sherin and Lodgen LLP (Kaden, Gregory) (Entered: 06/06/2005) |
| 06/06/2005 | 578 | Exhibit *Exhibit DD, with Exhibits EE through GG attached* (Re: 566 Pre-Trial Statement, ). filed by Trustee John A. Burdick, Attorneys Ropes & Gray LLP, Sherin and Lodgen LLP (Attachments: # 1 Exhibit EE# 2 Exhibit FF# 3 Certificate of Service GG) (Kaden, Gregory) (Entered: 06/06/2005) |
| 06/06/2005 | 579 | Joint Pre-Trial Statement *Joint Pre-Trial Memorandum of Ropes & Gray LLP, Sherin and Lodgen LLP and Cohn Whitesell & Goldberg LLP Regarding December 21, 2004 Order to Show Cause* (Re: 412 Order on Motion to Vacate,,, ). filed by Special Counsel Cohn Whitesell & Goldberg LLP, Attorneys Ropes & Gray LLP, Sherin and Lodgen LLP (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C) (Kaden, Gregory) (Entered: 06/06/2005) |
| 06/06/2005 | 580 | Joint Certificate of Service (Re: 566 Pre-Trial Statement,, 577 Exhibit, 578 Exhibit, 579 Pre-Trial Statement,, 567 Exhibit,,, 568 Exhibit,, 569 Exhibit,, 570 Exhibit,, 571 Exhibit, 572 Exhibit, 573 Exhibit, 574 Exhibit, 575 Exhibit, 576 Exhibit). filed by Trustee John A. Burdick, Special Counsel Cohn Whitesell & Goldberg LLP, Attorneys Ropes & Gray LLP, Sherin and Lodgen LLP (Kaden, Gregory) (Entered: 06/06/2005) |

| 06/07/2005 | ●581 | Motion filed by Interested Party Kubotek USA Inc. For Sanctions *Against Harold Bowers* (Loughnane, John) (Entered: 06/07/2005) |
| 06/07/2005 | ●582 | Affidavit of John G. Loughnane *In Support of 581 Kubotek USA, Inc.'s Motion for Sanctions. (Attachments: # 1 Declaration of Electronic Filing) (Loughnane, John) (Entered: 06/07/2005)* |
| 06/07/2005 | ●583 | Supplemental Affidavit of John G. Loughnane in Support of 581 Kubotek USA, Inc.'s Motion for Sanctions. (Attachments: # 1 Declaration of Electronic Filing) (Loughnane, John) (Entered: 06/07/2005) |
| 06/07/2005 | ●584 | Motion filed by Interested Party Kubotek USA Inc. For Expedited Hearing (Re: 581 Motion for Sanctions/Costs) (Loughnane, John) (Entered: 06/07/2005) |
| 06/07/2005 | ●585 | Certificate of Service (Re: 581 Motion for Sanctions/Costs, 582 Affidavit/Declaration,, 583 Affidavit/Declaration,, 584 Motion For Emergency/Expedited Hearing). filed by Interested Party Kubotek USA Inc. (Loughnane, John) (Entered: 06/07/2005) |
| 06/07/2005 | ●586 | Endorsed Order dated 6/7/05 Re: 584 Motion of Kubotek USA, Inc.'s for Expedited Hearing on 581 Kubotek USA, Inc.'s Motion for Sanctions against Harold Bowers. GRANTED. A HEARING ON THE MOTION FOR JUNE 9, 2005 AT 9:30 A.M. IN WORCESTER.(yms, usbc) (Entered: 06/07/2005) |
| 06/07/2005 | ●587 | Certificate of Service of Notice of Hearing (Re: 581 Motion for Sanctions/Costs). filed by Interested Party Kubotek USA Inc. (Loughnane, John) (Entered: 06/07/2005) |
| 06/07/2005 | ●588 | Statement of the Chapter 7 Trustee in Response to this Court's Order to Show Cause dated December 21, 2004, Why Sanctions Should Not Be Imposed Upon Harold L. Bowers Under Fed. R. Bankr. P. 9011 (Re: 371 Motion to Vacate and 121 Order on Motion To Sell) (Mikels, Richard) (Entered: 06/07/2005) |
| 06/08/2005 | ●589 | Pre-Trial Memorandum of Harold Bowers (In reference to 371 Motion to Vacate the Sale Order). c/s (yms, usbc) (Entered: 06/08/2005) |
| 06/08/2005 | ●590 | Certificate of Compliance *with Rule 9011* with certificate of service (Re: 581 Motion for Sanctions/Costs). filed by Attorney John G. Loughnane (Attachments: # 1 Certificate of Service) (Loughnane, John) (Entered: 06/08/2005) |
| 06/10/2005 | ● | Hearing Held and Continued RE: 371 Motion and Declaration of |

| | | Harold Bowers to Vacate Judgment (re: Sale Order of November 6, 2003). (pf, USBC) (Entered: 06/23/2005) |
|---|---|---|
| 06/10/2005 | 🌐593 | Order dated 6/10/05 Regarding 371 Motion and Declaration of Harold Bowers to Vacate Judgment (re: Sale Order of November 6, 2003). CONTINUED TO JULY 8, 2005 AT 9:30AM IN WORCESTER (EVIDENTIARY HEARING) WITH RESPECT TO THE REMAINING ISSUE OF SANCTIONS. (pf, USBC) (Entered: 06/23/2005) |
| 06/10/2005 | 🌐 | Hearing Held and Continued Re: Order of December 21, 2004 directing Harold Bowers to show cause why, if appropriate, the Court should not impose sanctions under FRBP 9011(c)(1)(B). (pf, USBC) (Entered: 06/23/2005) |
| 06/10/2005 | 🌐595 | Order dated 6/10/05 Regarding 412 Order of December 21, 2004 directing Harold Bowers to show cause why, if appropriate, the Court should not impose sanctions under FRBP 9011(c)(1)(B). CONTINUED TO JULY 8, 2005 AT 9:30AM IN WORCESTER (EVIDENTIARY HEARING) WITH RESPECT TO THE REMAINING ISSUE OF SANCTIONS. (pf, USBC) (Entered: 06/23/2005) |
| 06/10/2005 | 🌐 | Hearing Held and Continued RE: 581 Motion filed by Interested Party Kubotek USA Inc. For Sanctions Against Harold Bowers. (pf, USBC) (Entered: 06/23/2005) |
| 06/10/2005 | 🌐597 | Order dated 6/10/05 Regarding 581 Motion filed by Interested Party Kubotek USA Inc. For Sanctions Against Harold Bowers. CONTINUED TO JULY 8, 2005 AT 9:30AM IN WORCESTER (EVIDENTIARY HEARING) WITH RESPECT TO THE REMAINING ISSUE OF SANCTIONS. (pf, USBC) (Entered: 06/23/2005) |
| 06/10/2005 | 🌐 | Hearing Held and Continued. RE: 557 Motion filed by Interested Party Kubotek USA Inc. to Quash And For Sanctions Against Harold Bowers. (pf, USBC) (Entered: 06/23/2005) |
| 06/10/2005 | 🌐599 | Order dated 6/10/05 Regarding 557 Motion filed by Interested Party Kubotek USA Inc. to Quash And For Sanctions Against Harold Bowers. CONTINUED TO JULY 8, 2005 AT 9:30AM IN WORCESTER (EVIDENTIARY HEARING) WITH RESPECT TO THE REMAINING ISSUE OF SANCTIONS. (pf, USBC) (Entered: 06/23/2005) |
| 06/21/2005 | 🌐591 | Application filed by Attorney Sherin and Lodgen LLP for Administrative Expenses *Compensation and Reimbursement of Expenses* with certificate of service (Attachments: # 1 Exhibit # 2 |

| | | Exhibit # 3 Exhibit) (DeProspo, Anthony) (Entered: 06/21/2005) |
|---|---|---|
| 06/23/2005 | 592 | Motion of Harold Bowers to Continue Hearing (Re: 371 Motion to Vacate). c/s (yms, usbc) (Entered: 06/23/2005) |
| 06/23/2005 | 594 | Court Certificate of Mailing of 593 Order dated 6/10/05 Regarding 371 Motion and Declaration of Harold Bowers to Vacate Judgment. (pf, USBC) (Entered: 06/23/2005) |
| 06/23/2005 | 596 | Court Certificate of Mailing. RE: 595 Order dated 6/10/05 Regarding 412 Order of December 21, 2004 directing Harold Bowers to show cause why, if appropriate, the Court should not impose sanctions under FRBP 9011(c)(1)(B). (pf, USBC) (Entered: 06/23/2005) |
| 06/23/2005 | 598 | Court Certificate of Mailing of 597 Order dated 6/10/05 Regarding 581 Motion filed by Interested Party Kubotek USA Inc. For Sanctions Against Harold Bowers. (pf, USBC) (Entered: 06/23/2005) |
| 06/23/2005 | 600 | Court Certificate of Mailing of 599 Order dated 6/10/05 Regarding 557 Motion filed by Interested Party Kubotek USA Inc. to Quash And For Sanctions Against Harold Bowers. (pf, USBC) (Entered: 06/23/2005) |
| 06/23/2005 | 601 | Second Supplemental Affidavit of Attorney John G. Loughnane in Support of 581 Kubotek USA, Inc.'s Motion for Sanctions. (Attachments: # 1 Declaration of Electronic Filing # 2 Certificate of Service) (Loughnane, John) (Entered: 06/23/2005) |
| 06/23/2005 | 602 | Order dated 6/23/05 On 592 Motion of Harold Bowers to Continue Hearing. ALLOWED in part and DENIED in part as follows: 1) the request for continuance is granted, as the Court is informed that the trial transcript may not be available until July 8, 2005. The evidentiary hearing is accordingly continued to September 8, 2005 at 9:30AM in Worcester, Massachusetts; 2)the Court's findings and rulings with repsect to the Motion to Vacate were made in open court on June 10, 2005 and the order thereon will be entered, on or after the September 8, 2005 hearing, in conjunction with its order(s) on sanctions under Fed. R. Bankr. P. 9011; and 3) all requests for sanctions will be heard jointly in conjunction with this Court's show cause order on sanctions at the September 8, 2005 hearing.(yms, usbc) (Entered: 06/23/2005) |
| 06/27/2005 | 603 | Notice *of Noncompliance with Court Order* with certificate of service (RE: 550 Order To Set Hearing, 498 Motion for Contempt). filed by Trustee John A. Burdick (Candon, Christopher) (Entered: 06/27/2005) |
| | | |

| 06/28/2005 | | Hearing Held RE: 498 Motion filed by Trustee John A. Burdick For Contempt Against Robert White.(yms, usbc) (Entered: 06/28/2005) |
|---|---|---|
| 06/28/2005 | 604 | Order dated 6/28/05 Re: 498 Motion of Ch.7 Trustee John A. Burdick For Contempt Against Robert White. ROBERT WHITE IS COMMITTED TO THE CUSTODY OF THE UNITED STATES MARSHAL FOR THE DISTRICT OF MASSACHUSETTS UNTIL THE EARLIER OF:1) SUCH TIME AS ROBERT WHITE SHALL PAY THE SUM OF $3,500.00 TO ATTORNEY JOHN BURDICK, AS CHAPTER 7 TRUSTEE OF CK LIQUIDATION CORP., OR2) JULY 12, 2005. IF ROBERT WHITE SHALL REMAIN IN CUSTODY OF THE UNITED STATES MARSHAL ON JULY 12, 2005, THE UNITED STATES MARSHAL SHALL DELIVER HIM TO THIS COURT SITTING IN WORCESTER, MASSACHUSETTS ON JULY 12, 2005 AT 2:00PM, AT WHICH TIME THIS COURT SHALL DETERMINE WHAT FURTHER ACTIONS SHOULD BE TAKEN IN RESPECT OF THIS MATTER, INCLUDING, WITHOUT LIMITATION, MONETARY SANCTIONS AND/OR CONTINUED INCARCERATION. (yms, usbc) (Entered: 06/28/2005) |
| 06/28/2005 | | Status hearing to be held on 7/12/2005 at 02:00 PM at Worcester Courtroom 4 in reference to 604 Order of 6/28/05 on 498 Chapter 7 Trustee's Motion for Contempt against Robert White. (yms, usbc) (Entered: 06/28/2005) |
| 06/29/2005 | 605 | Copy of Writ of Habeas Corpus by Robert White with United States District Court For The District of Massachusetts For Release From Incarceration and or For the Release from the Color of Incarceration for Violating Bankruptcy Court Contempt Order to pay sanctions for filing frivolous motions. (yms, usbc) (Entered: 06/30/2005) |
| 07/06/2005 | 606 | Certificate of Service of Notice of Hearing (Re: 498 Motion for Contempt). filed by Trustee John A. Burdick (Candon, Christopher) (Entered: 07/06/2005) |
| 07/07/2005 | 607 | Motion filed by Attorney Sherin and Lodgen LLP to Limit Notice *Of 591 Final Application For Compensation and Reimbursement of Expenses* with certificate of service (DeProspo, Anthony). CORRECTIVE ENTRY: Document not linked, now linked. Modified on 7/7/2005 (yms, usbc). (Entered: 07/07/2005) |
| 07/12/2005 | | Status Conference Held RE: 604 Order on 498 Motion of Ch.7 Trustee John A. Burdick For Contempt Against Robert White. (yms, usbc) (Entered: 07/12/2005) |
| 07/12/2005 | 608 | Transcript Of Continued Hearing On: Order Of December 21, 2004 Directing Bowers To Show Cause Why, If Appropriate, The Court |

| | | |
|---|---|---|
| | | Should Not Impose Sanctions Under FRBP 9011(c)(1)(b); 371 Motion And Declaration Of Harold Bowers To Vacate Judgment (Re: Sale Order Of November 6, 2003); 581 Motion Of Kubotek USA, Inc. For Sanctions Against Harold Bowers (lc, usbc) (Entered: 07/12/2005) |
| 07/12/2005 | 609 | Order dated 7/12/05 in reference to 498 Motion of Ch.7 Trustee John A. Burdick For Contempt Against Robert White. ROBERT WHITE REMAINS COMMITTED TO THE CUSTODY OF THE UNITED STATES MARSHAL FOR THE DISTRICT OF MASSACHUSETTS UNTIL THE EARLIEST OF :1) SUCH TIME AS ROBERT WHITE SHALL PAY THE SUM OF $3,500.00 TO ATTORNEY JOHN BURDICK, AS CHAPTER 7 TRUSTEE OF CK LIQUIDATION CORP; OR2) SUCH TIME AS ROBERT WHITE SHALL HAVE LIQUIDATED IN ARMS-LENGTH SALES ALL MOTOR VEHICLES TO WHICH HE HAS TITLE AND REMITTED THE PROCEEDS THEREOF TO ATTORNEY BURDICK AS CHAPTER 7 TRUSTEE; OR3) AUGUST 9, 2005.IF ROBERT WHITE SHALL REMAIN IN THIS CUSTODY OF THE UNITED STATES MARSHAL ON AUGUST 9, 2005, THE UNITED STATES MARSHAL SHALL DELIVER HIM TO THIS COURT SITTING IN WORCESTER, MASSACHUSETTS ON AUGUST 9, 2005 AT 2:00PM, AT WHICH TIME THIS COURT SHALL DETERMINE WHAT FURTHER ACTIONS SHOULD BE TAKEN IN RESPECT OF THIS MATTER, INCLUDING, WITHOUT LIMITATION, MONETARY SANCTIONS AND/OR CONTINUED INCARCERATION. (yms, usbc) (Entered: 07/12/2005) |
| 07/12/2005 | | Hearing scheduled for 8/9/2005 at 02:00 PM Worcester Courtroom 4 In Reference to 498 Motion of Ch.7 Trustee John A. Burdick For Contempt Against Robert White. (yms, usbc) (Entered: 07/12/2005) |
| 07/12/2005 | 610 | Transcript Of Hearing Held On June 9, 2005 Re: Order Of December 21, 2004 Direction Harold Bowers To Show Cause Why, If Appropriate The Court Should Not Impose Sanctions Under FRBP 9011(c)(a)(b); 371 Motion And Declaration Of Harold Bowers To Vacate Judgment (Re:Sale Order Of November 6, 2003); 581 Motion Of Kubotek USA, Inc. For Sanctions Against Harold Bowers (lc, usbc) (Entered: 07/12/2005) |
| 07/14/2005 | 611 | Notice of Appearance and Request for Notice by Nina F. Lempert with certificate of service For Creditor Delta Dental Plan of Massachusetts (lc, usbc) (Entered: 07/14/2005) |
| 07/15/2005 | 612 | Endorsed Order dated 7/15/05 Re: 607 Motion of Sherin and Lodgen LLP, as former Special Counsel to ch.7 Trustee to Limit Notice Of 591 Their Final Application For Compensation and Reimbursement |

| | | |
|---|---|---|
| | | of Expenses. GRANTED. HOWEVER SERVICE SHALL INCLUDE ALL SECURED CREDITORS, 20 LARGEST UNSECURED CREDITORS, TAXING AUTHORITIES AND PARTIES REQUESTING SERVICE. (yms, usbc) (Entered: 07/15/2005) |
| 07/28/2005 | 613 | Notice *of Filing of 591 Fee Application* with certificate of service. filed by Trustee John A. Burdick (Goldberg, Michael). CORRECTIVE ENTRY: Document not linked, now linked. Modified on 7/28/2005 (yms, usbc). (Entered: 07/28/2005) |
| 07/29/2005 | 614 | Transcript Of Hearing Held June 28, 2005 Re: 498 Motion Of Chapter 7 Trustee for Contempt Against Robert White (lc, usbc) (Entered: 07/29/2005) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 08/01/2005 10:06:05 | | |
| **PACER Login:** | ux1769 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 03-44906 Fil or Ent: Fil Doc From: 0 Doc To: 99999999 Links: y Format: HTMLfmt |
| **Billable Pages:** | 43 | **Cost:** | 3.44 |

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(WESTERN DIVISION)

| | |
|---|---|
| In re: | ) |
| | ) |
| **CK LIQUIDATION CORPORATION** | ) |
| (f/k/a CADKEY CORPORATION) | ) |
| | ) |
| Debtor. | ) |
| | ) |
| | ) |

**Chapter 7**

**Case No. 03-44906-HJB**

## MOTION TO VACATE SALE ORDER BASED ON FRAUD ON THIS COURT

I, Robert White, Pro Se, an unsecured creditor in this case, move this Court to vacate its

Sale Order, dated November 6, 2003, and to declare the Sale Order "Void" due to fraud on this

Court perpetrated by Michael Goldberg, the Unsecured Creditors' Committee counsel, and by

James Wilton, the Debtor's counsel, who both knowingly, willfully, and with intent to deceive this

Court for the purpose of approving the Sale Order did misrepresent to this Court that unsecured

creditors in this case would receive a $750K dividend, when it was known by both counsel at the

time of their misrepresentations that their own fees and other administrative expenses would

consume almost all of the funds available in the estate to pay that promised dividend.

I make this request to vacate the Sale Order persuant to Federal Rules of Civil Procedure,

Rule 60(b), as authorized in the Federal Rules of Bankruptcy Procedure, Rule 9024. New facts

have come to light in this case whereby the Chapter 7 trustee, John Burdick, has indicated for the

first time that unsecured creditors may not receive a dividend in this case, (see page 9, paragraph

23 of the trustees Motion for an Order Approving Settlement with Bromberg and Sunstein). It is

now apparent, due to the final fee application submitted by Debtor's counsel, James Wilton, and

1

due to ongoing legal fees owed to the Chapter 7 trustee, John Burdick, and owed to the Creditors Committee counsel, Michael Goldberg, that legal and administrative fees in this case will consume almost all the funds in the estate, leaving almost no funds to pay a dividend to unsecured creditors.

## FACTS

At the November 6, 2003, sales hearing in this case, starting on page 8 of the transcript, this Court expressed concern that the bankruptcy costs may not justify the outcome:

> *THE COURT: And then there are two other issues.*
>
> *Number one, obviously I've just been presented now with this notion that the estate would carry the cost of the appeal. And that if in fact those funds are exhausted, then it is not entirely clear to me that the remaining funds justify everything that has occurred to date. I'm not delighted to hear that the estate is going to carry the cost of this appeal, and I cannot promise you that I will sign the order with those numbers in mind. So that's just fair warning.*

In response to this warning, James. Wilton, the Debtor's bankruptcy counsel, assured this Court that over $1 Million dollars from the sale was available to the estate.

> *MR. WILTON: Your Honor, first of all, the asset purchase agreements consistently have provided that any cost of an appeal would be borne by the estate. And also, I believe that the overall consideration to the estate* is in excess of a million dollars, *given the, including the reduced pay-out to Micro Control Systems. And that's not including the -*
>
> *THE COURT: So let's assume then that the $250,000 is consumed during the*

2

> course of the appeal. What then is the expected net proceeds that are
> available for the estate?
>
> *MR. WILTON: I'd have to calculate that.* ¹

The Unsecured Creditor's Committee counsel, Michael Goldberg, then falsely assured this Court

that even after setting aside $250,000 for Robert White's appeal the estate was "*still netting*

*$750,000 for distribution to creditors.*"

> *MR. GOLDBERG: Based on -- we're all working on moving numbers back in*
> *the envelopes, but I believe that it's approximately $750,000. In other words,*
> *if you take the proceeds minus the IMSI share, that's $990,000; add back the*
> *$25,000 that IMSI is contributing to the cost of the litigation so we're now up*
> *at 1,015,000, we subtract the $270,000 that IMSI gets back, we're at*
> *approximately $750,000. And then we add back the cash, we sort of bounce*
> *back and forth, we add back the cash that's in the estate so we're back up to a*
> *million. Then the cost of appeal, which I -- is the full two fifty, we're still*
> *netting $750,000 for distribution to creditors.*

Michael Goldberg went on to tell this Court that Harold Bowers should expect 90% of dividend:

> *MR. GOLDBERG: And that's over and above the -- and I know this is the way*
> *Mr. Bowers thinks of it. He has 90 per cent of the claims. The lion's share of*
> *what's available to unsecured creditors is still going to Mr. Bowers. And so*
> *what he thinks of it, he thinks of it as that he gets 90 per cent of that, plus the*
> *amount that he's getting paid for his release. Although that's not estate funds,*
> *when you think about the economic picture in its entirety, the creditor who*

3

*holds 90 per cent of our claims is on board.*

*THE COURT: Okay.*

James Wilton affirmed Michael Goldberg's misrepresentaion about the dividend by failing to correct Mr. Goldberg's false statments to this Court. James Wilton himself made nearly identical misrepresentation to this Court concerning a substantial dividend for unsecured creditor during the October 30, 2003 sales hearing, starting on page 3, line 10 of the transcript, when James Wilton told this Court,

*MR. WILTON: ...*

*-- let me just summarize the terms of the agreements that have been reached.*

*Kubotek Corporation, the proposed buyer, has agreed to increase its total consideration for this sale to 3.6 million from the 2.85 million that was bid at auction on the 27th. Of this, 750,000 would be paid to Harold Bowers in consideration for a full release, a license of the GD&T portion of his software, and any other intellectual property rights that he may have.*

...

*Micro Control Systems has agreed, in lieu of its carve-out which at this price level would be approximately $100,000, to eliminate the carve-out. Instead, reduce its claim to $1,860,000.*

...

*THE COURT:        Did you mean carve-out or break-up fee?*

...

*MR. WILTON:       They're going to do a stipulation, Your Honor, with the*

4

> *Creditors' Committee that had a carve-out that stepped down at various price*
>
> *points as the auction went forward.*
>
> *THE COURT:        Okay.*
>
> *MR. WILTON:        At 3.6 million, that had been a $100,000 carve-out. They*
>
> *have instead agree(d) to eliminate the concept of the carve-out and they will*
>
> *take a wire transfer at cloing of $1,860,000. This is effectively more than*
>
> *$400,000 less than the full amount of their secured claim, and represents at*
>
> *least a $300,000 increase benefit to the estate.*
>
> *...*
>
> *... And all of this represents an increase of more than a million dollars from*
>
> *the price that was bid at the auction on Monday, and I think it represents a*
>
> *substantial benefit to unsecured creditors of the estate.*

It must be noted that the "purchase price" for the assets was $2.85 mil. and not $3.6 mil. Michael Goldberg and James Wilton have consistently misrepresent that the guaranteed carve-out would have only generated a $100K dividend for unsecured creditors; however, it is clear that the carve-out agreement ratified by this Court guaranteed a $250K dividend, given the $2.85 mil. asset purchase price.


## **ARGUMENT**

The false assurances made by both Michael Goldberg and James Wilton regarding the $750K dividend had the material effect of persuading this Court into approving the Sale Order. Both counsel made their false assurances immediately after this Court openly warned both counsel that "it is not entirely clear to me that the remaining funds justify everything that has occured to

5

date." By making this warning this Court acknowledged its recognition of the equitable principle that a dividend should be paid to unsecured creditors. In response to this Court's warning both counsel knowingly misrepresented to this Court that a substantial dividend would be paid to unsecured creditors if this Court ratified the Sale Order. As a direct result of both counsel's false assurances, this Court endorsed the Sale Order.

There is no dispute between the parties that the sale generated approximately $1 mil. for the estate. The asset purchase price was $2.85 mil., with $1.86 mil. going to the single secured creditor, MCS. That left approximately $1 mil. for the estate to pay its other obligations. The stalking horse was repaid $270K for prior loans and for its break-up fee, and $250K of estate funds were set aside to defend against the White appeal. Since the estate had approximately $285K in the bank before the sale and the estate has since been reimbursed $75K by Kubotek and $25K by MCS, approximately $855K of estate funds were available after November 6, 2003, to pay unsecured creditors a dividend and to pay administrative and attorney fees.

It is telling on their fraud that both counsel submitted significant interim attorney fee applications totaling approximately $500K just five weeks after assuring this Court that unsecured creditors would receive a $750K dividend. Subsequent to their interim fees, both attorneys have generated additonal attorney fees totalling approximately $100K. Legal and administrative fees for the estate in this case will exceed approximately $700K, including the Chapter 7 trustee's fees. Michael Goldberg and James Wilton knew at the time they assured this Court a dividend would be paid that legal and administrative fees would consume most of the estate's funds. No other costs have taken the estate by surprise. Only attorney and administrative fees have consumed the promised dividend.

At the November 6, 2003 sale hearing this Court specifically asked what benefit the sale

6

would be for the estate . Michael Goldberg and James Wilton intentionally avoided disclosing their own fees at this time and instead assured this Court that unsecured creditors would be "netting" a $750K dividend if this Court approved the sale order.

Both counsel financially benefited by making their false statements to this Court. Both counsel have submitted significant fee applications and will receive full compensation for their legal services, consuming the same estate funds they promised would be paid to unsecured creditors. If unsecured creditors were paid their promised dividend, Michael Goldberg and James Wilton would receive a pro rated reducion of their fees because there was never enough money in the estate to pay all the attorneys fees and to pay unsecured creditors a $750K dividend. By falsely assuring this Court that unsecured creditors would be "netting" a $750K dividend, Michael Goldberg and James Wilton misled this Court into believing that it was equitable to authorize their attorney fees. Michael Goldberg and James Wilton continued to misrepresent that unsecured creditors would be receiving a substantial dividend all the way through their own fee application hearings.

Michael Goldberg's and James Wilton's fraud regarding the missing dividend is particularily egregious because unsecured creditors were always guaranteed a $250K dividend as a condition of the "carve-out" agreement ratified by this Court. The auction was conducted under the contractual condition that a $250K dividend would be paid to unsecured creditiors, given the asset purchase price of $2.85 mil. Michael Goldberg terminated the carve-out agreement after the buyer failed to secure a "good faith" finding. Michael Goldberg and James Wilton then assured this Court that an even greater financial consideration would be given to unsecured creditors if this Court would ratify the Sale Order.

The carve-out agreement was terminated in order to free up $250K of estate funds to

7

indemnify the buyer against the White appeal. Since the buyer failed to obtain a "good faith" finding under 363 (m) due to its own perjury, thus threatening the Sale Order on appeal, the buyer demanded that the estate indemnify the buyer's "bad faith" by insuring that $250K of estate funds were held in reserve to pay any possible judgment the First District Court might order on appeal. Were it not for the buyer's perjury and "bad-faith", the carve-out agreement would have been left intact and would have generated a guaranteed $250K dividend for unsecured creditors, given the $2.85 mil. asset purchase price.

Originally, the carve-out was to be paid by the secured creditor, MCS, and not paid out of estate funds. However, in order to consumate the sale, after the buyer failed to secure a "good faith" finding, MCS agreed to reduce its secured claim by $400K, taking $1.86 mil. on closing instead of its full $2.2 mil.secured claim, while at the same time terminating the carve-out agreement. Therefore, MCS shifted its contractual obligation to pay the carve-out onto the estate by allocating $400K of MCS funds to the estate. Michael Goldberg and James Wilton promised that these additional estate funds would go to unsecured creditors. This Court and unsecured creditors have been defrauded by Michael Goldberg's and James Wilton's illicit misrepresentations that the final dividend paid to unsecured creditors would be greater than the dividend contractually guaranteed by the carve-out.

Michael Goldberg and James Wilton have clearly perpetrated an unsconsionable scheme calculated to interfere with this Court's ability to impartially adjudicate the propriety of approving the Sale Order. Additionally, Michael Goldberg and James Wilton fraudulently concealed a valid appellate issue by concealing the lack of a dividend. Movant, who is also an Appellant in this case, would have vigorously persued on appeal the lack of a dividend as an equitable issue if Michael Goldberg and James Wilton would have disclosed the lack of a dividend for unsecured

8

creditors.

A fraud on the Court "occurs when it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense", see *Aoude v. Mobil Oil Corp., 892 F.2d 1115, 1118 (1st Cir. 1989).* Michael Goldberg and James Wilton have committed fraud on this Court, and they have committed fraud on the unsecured creditors generally, and Michael Goldberg and James Wilton have committed fraud on me personally by their intentional and repeated misrepresenations that a substantial dividend would be paid to unsecured creditors.

## SUMMARY

This Court alone knows if it was defrauded. Since the alleged fraud was upon this Court, only this Court knows if Michael Goldberg's and James Wilton's misrepresentations had any material influence of this Court's decision to ratify the Sale Order. If Michael Goldberg's and James Wilton's misrepresentations about the dividend caused this Court to endorse the Sale Order, then this Court has to determine if counsel's misrepresentations were made willfully, with intent to deceive this Court. If so, then Michael Goldberg and James Wilton are guilty of fraud on this Court.

Movant has argued that Michael Goldberg and James Wilton always knew that their own fees and other administrative expenses would consume the promised dividend. The costs of litigation in this case were well known by both attorneys on November 6, 2003, when they lied to this Court about the dividend. The itemized interim fee applications submitted by both attorneys just five weeks after November 6, 2003, show that most of Michael Goldberg's and James

Wilton's fees accrued during and prior to the November 6, 2003 sales hearing. Further, at the the November 6, 2003 sales hearing, both attorneys were expected to be able to estimate their fees for the remainder of the bankruptcy proceedings. Michael Goldberg and James Wilton knew the magnitude of their own fees on November 6, 2003, and they knew or were able to estimate the remaining costs to liquidate the estate. Additionally, both attorneys always knew the limited nature of estate funds. Michael Goldberg and James Wilton simply accounted for the same estate money twice, once to pay their own fees and other administrative expenses, and after that, no money was left in the estate to pay a dividend.

There can be no argument that unsecured creditors were contractually guaranteed a $250K dividend through the carve-out agreement, which was replaced by a promise from Michael Goldberg and James Wilton to pay unsecured creditors an even greater dividend. The promised dividend rises to the level of a contractual agreement because it replaced a contractual agreement that was intact at the time of the auction. It is one thing for attorney fees to have priority over an unsecured debt, it is quite another for attorney fees to deplete a contractually stipulated dividend.

It is wholly inequitable for this Court to allow the expedited sale of a $10 mil. asset which only brought $2.85 mil. at auction, when the single secured creditor takes $1.86 mil. from the estate, and when the attorneys take $700K of the $1 mil. left in estate funds, leaving unsecured creditors with little to none of the $750K promised to them. Michael Goldberg and James Wilton realized the inequity of this bargain and proceeded to defraud this Court into believing that unsecured creditors would receive a $750K dividend if this Court ratified the Sale Order.

Movant asks this Cour to vacate its November 6, 2003, Sale Order based on fraud on this Court committed by Michael Goldberg and James Wilton. Movant also asks this Court to  issue

an Order to Show Cause why Michael Goldberg and James Wilton shouldn't be held in contempt

and sanctioned, and each charged with a violation of section 152 of the Bankruptcy Code for

committing fraud on this Court.

In the alternative, Movant asks this Court to issue an Order to Show Cause why this

Court shouldn't vacate the Sale Order based on the breach of a material condition of the sale

order, which is the lack of a dividend for unsecured creditors.

In the alternative, pursuant to section 510 of the Bankruptcy Code, Movant asks this

Court to subordinate the attorney fees of Michael Goldberg and James Wilton to be collected

behind the $750K dividend for unsecured creditors promised by these two attorneys.

Movant also asks for whatever other relief this Court may deem fair and proper.


Respectfully submitted on August 12, 2004, by

Robert White - Pro Se

11

# EXHIBIT C

*[handwritten vertical text in left margin:]* 10/19/04 DENIED FOR THE REASONS STATED IN THE JOINT OPPOSITION TO MOTION TO DISGORGE FILED OCTOBER 18, 2004. THE MOVANT IS FURTHER ORDERED TO APPEAR BEFORE THIS COURT ON NOVEMBER 16, 2004 AT 11:30 A.M. IN WORCESTER AND SHOW CAUSE WHY HE SHOULD NOT BE SANCTIONED PURSUANT TO FED. R. BANKR. P. 9011(c)(1)(B), ON ACCOUNT OF THE FILING OF THIS FRIVOLOUS MOTION.

*[signature]*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**(WESTERN DIVISION)**

FILED
CLERK'S OFFICE

2004 OCT 12  P 1: 47

U.S. BANKRUPTCY COURT
WORCESTER, MA

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | **Chapter 7** |
| **CK LIQUIDATION CORPORATION** | ) | |
| **(f/k/a CADKEY CORPORATION)** | ) | **Case No. 03-44906-HJB** |
| | ) | |
| Debtor. | ) | |
| | ) | |

### MOTION TO DISGORGE

I, Robert White, Pro Se, request this Court to order the Debtor's counsel, James Wilton, and the Unsecured Creditors Committee counsel, Michael Goldberg, to disgorge all fees and retainers paid to them in conjunction with this case. I make this request persuant to Bankruptcy Code section 328 (c), in that this Court has determined that both counsel became creditors to the Chapter 11 estate while representing the estate. Both counsel have interest adverse to the estate, and were not disinterested persons as required by Bankruptcy Code sections 327 and 1103 under which they were hired. Bankruptcy Code section 101(14) defines "disinterested person" as "Not a creditor". Additionally, both counsel continue to compete with other creditors for the funds remaining in the estate. In fact, the main expense depeleting the estate's funds has been the fees submitted by both counsel. Since both counsel must represent themselves when applying for fees, and both counsel are creditors, both counsel are competing with and have adverse interests with the class of creditors which hold the largest economic interest in the estate. Both counsel have an actual conflict of interest with creditors in that both counsel litigated extensively during this case against the two unsecured creditors with the largest claims.

Respectfully submitted on October 7, 2004, by

*[signature: Robert White]*

Robert White - Pro Se

*[stamp: 348]*

# EXHIBIT D

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS - WORCESTER

===============================

| | |
|---|---|
| IN THE MATTER OF: | . Case #03-44906 |
| | . |
| CK LIQUIDATION CORP. | . Worcester,  Massachusetts |
| f/k/a CADKEY CORP. | . **November 16, 2004** |
| Debtors. | . 12:54 p.m. O'clock |

===============================

### TRANSCRIPT OF HEARING ON:
### (#348) ORDER FOR ROBERT WHITE TO APPEAR AND SHOW CAUSE WHY HE SHOULD NOT BE SANCTIONED PURSUANT TO *FEDERAL RULE OF BANKRUPTCY PROCEDURES* 9011(C)(1)(B) ON ACCOUNT OF THE FILING OF A FRIVOLOUS MOTION [RE: MOTION TO DISGORGE] BEFORE THE HONORABLE HENRY J. BOROFF, J.U.S.B.C.

**APPEARANCES:**

For John Burdick, Chapter 7 Trustee:        MICHAEL J. GOLDBERG, ESQ.
                                            Sherin & Lodgen, LLP
                                            101 Federal Street
                                            Boston, MA  02110


For Robert White:                           ROBERT WHITE, *Pro Se*
                                            P.O. Box 488
                                            Boise City, OK  73933


Electronic Sound Recording Operator:  Laura L. Chambers

Proceedings Recorded by Electronic Sound Recording
Transcript Produced by Certified Transcription Service

## GCI TRANSCRIPTION SERVICES
**210 Bayberry Avenue**
**Egg Harbor Township, NJ  08234-5901**
**1-609-927-0299      FAX 1-609-927-6420      1-800-471-0299**
**e-mail - irwingloria@comcast.net**

Page 2

1  (At Tape #1,   Index #5451.   Time 12:54 p.m.)

2          MR. REYNOLDS:   Case #03-44906.    C.K. Liquidation

3  Corporation.   A hearing on order for Robert White to appear and

4  show cause why he should not be sanctioned pursuant to *Federal*

5  *Rule of Bankruptcy Procedures* 9011(c)(1)(B) on account of the

6  filing of a frivolous motion.

7          Beginning with Mr. Goldberg on my left, would the

8  parties present please identify themselves for the record and

9  who they represent.

10          MR. GOLDBERG:   Michael Goldberg, Sherin & Lodgen,

11  here for the Chapter 7 Trustee John Burdick.

12          MR. WHITE:   Robert White, pro se, appearing as

13  ordered.

14          THE COURT:   Mr. White, I issued this order to show

15  cause, and the reason I did so was as follows:   I know that Mr.

16  Goldberg and Mr. Burdick and Mr. Wilton all have complained

17  heartily and repeatedly that the pleadings that you've been

18  filing have been without merit.   But I was struck by two

19  pleadings in particular.   The first one was the one that

20  suggested that order of sale ought to be vacated on the grounds

21  that fraud was committed on the Court because Mr. Goldberg and

22  Mr. Wilton represented to me that there was about $750,000 in

23  the estate, and you said that in fact that Mr. Burdick had

24  none, or that there was going to be nothing to distribute.

25          And after reviewing the transcript of that hearing

Page 3

1  and then a pleading filed by Mr. Burdick, it became clear to me
2  that that wasn't right, that what you said wasn't right, and I
3  denied the motion, I canceled the evidentiary hearing so that
4  you wouldn't have to come out, but it wasn't without a little
5  bit of annoyance that it had all gotten that far before
6  something that ought to have been picked up early was picked
7  up.  The -- and I did not issue an order to show cause on that
8  because you were *pro se.*

9          But then when you filed the motion to disgorge, and
10  -- and based on a twisting, I think, of language that I had
11  used in an order to take a position which any attorney would
12  have told you is completely unsustainable, and that position
13  was that an attorney that acted as a fiduciary for the estate,
14  as soon as they were entitled to fees, needed to be
15  disqualified because they were advers -- they were adverse to
16  the estate, anybody in Bankruptcy 101 would have told you that
17  that was a completely meritless position; that it seemed to me
18  that what was happening was that you were in a position to sit
19  back and to file these pleadings and to cause the functionaries
20  of the estate to do the very thing that you were complaining
21  that they might do.  And what I mean by that is that you were
22  causing them to spend time and incur costs that was ultimately
23  going to reduce the dividend to creditors and was going to rob
24  from the estate the promise that they had made to deliver as
25  many dollars to creditors as possible, and it was being done

1  because of your pleadings, and you weren't going to see an

2  attorney.  You were doing it really *pro se* on your own from a

3  position of safety.  And I decided to make sure that you

4  understood that it was no longer safe to file these kinds of --

5  these kinds of frivolous matters.

6       It also has not escaped my attention that Mr. Bowers

7  is now unhappy because he says that the dividend to him is

8  going to be less, and it sure is, and it's because of what

9  you're doing.  So I've been doing all of the talking.  Is there

10 anything that you have to say to me that justified this motion

11 to disgorge?

12      MR. WHITE:   Well, of course, Judge Gorton has just

13 rendered his decision in my first appeal, and the striking last

14 line of his decision is -- he says he's sympathetic to the

15 unsecured creditors --

16      THE COURT:   I'm unaware of that decision.

17      MR. WHITE:   I -- I guess it was -- it's a week old

18 at this point, I think.

19      THE COURT:   Okay.

20      MR. WHITE:   Dismissed my appeal, of course -- upheld

21 your finding that the sale was justified.

22      But he said he was sympathetic to the inability of

23 the unsecured creditors to receive a fair dividend in this

24 case.  I think there's some support there that I'm complaining

25 about a meritorious problem in the case.  My fees that I make,

**Page 5**

1  being -- caused the estate to incur I think are minor, compared
2  to the increase in the fees that were never disclosed at the
3  sale hearing when I said I think there was 750 disclosed, would
4  be available to creditors.   Mr. Bowers is now complaining that
5  the fees disclosed to him are double what -- not because of my
6  litigation, but in Chapter 11 attorneys' fees are double what
7  they were disclosed to him.

8          I don't think I'm entirely without merit complaining
9  about those problems, and I don't come before you to file
10 frivolous motions.   They certainly may be awkward, and they may
11 be a little -- what is the right word -- they're deficient, and
12 it's taken me on my motion to disgorge.   It took me my response
13 to really get what I felt was the substance of the case down as
14 legal issues.   I admit my motion to disgorge was a one-page
15 filing and just made allegations that didn't really support any
16 facts, but my response did, and my response raised these issues
17 of the missing dividend again.

18         And I was wrong in my motion to vacate.   I really did
19 miss a significant chunk of money in the attorneys' retainer
20 that I never knew and had never really been accounted for.   I
21 hadn't read all the pleadings carefully enough to realize that
22 there was $250,000 of a retainer.   By the way, that's $150,000
23 higher than Attorney Wilton's contractual agreement with the
24 debtor.   His employment contract with the debtor only required
25 him to have a $100,000 retainer.   It grew to $250,000.   I

Page 6

1 missed that.

2       THE COURT:   No, you continue to -- you continue to

3 miss -- there's a $100,000 retainer to secure his services

4 going forward, but they are services that have no limit but the

5 limit of reasonableness and other standards in the Bankruptcy

6 Code, but they're not limited to $250,000.   There's a set-aside

7 to deal with the cost of defending the appeal.

8       Mr. White, what you want to do is you want to sit

9 back and use your own impressions of what the papers say, file

10 pleadings based on those impressions, not consult counsel, and

11 then sit back and watch two law firms that are charging

12 creditors an awful lot of money responding to your under-

13 educated assertions, and I can't allow that to continue to go

14 on.

15       I don't know whether it's made in good faith or

16 whether it's made for sport, but one way or the other, it is

17 costing the creditors of this estate a lot of money.   The first

18 -- the first motion I denied.   This one was truly over the top.

19 This -- this one, any attorney, bankruptcy or not, could have

20 told you this one wasn't going to fly, and your decision to

21 file these things without seeking appropriate counsel is a

22 decision that you're making, and it's no longer free.

23       Mr. Goldberg.

24       MR. GOLDBERG:   Thank you, Your Honor.   I don't have

25 much to add to the Court's remarks.   I'd actually simply like

1 to remind those who are in this courtroom with me that there is

2 a substantial difference between a good faith estimate and the

3 commission of an act of fraud.

4          I've been practicing for more than fifteen years, and

5 no one has ever alleged that I've committed such an act, and

6 certainly no one who was in this courtroom on the day that the

7 remarks complained of were made.  It's a serious allegation.

8 It's a very serious allegation to be made at a lawyer, and

9 frankly both Mr. Wilton and I as well as the Chapter 7 Trustee

10 have been, we believe, tempered -- well-tempered and

11 appropriate in our responses, but we also agree with this Court

12 that we're confronted with a litigant who may well have the

13 resources to employ an attorney -- we don't know -- but has

14 chosen not to do so, who's expending -- causing the estate to

15 expend money at a very significant rate, in responding to

16 baseless and repeated and duplicative allegations, and we urge

17 this Court to take a full measure of its available remedies,

18 which would include without limitation the assessment of

19 monetary sanctions, but also, as has been suggested in a number

20 of First Circuit decisions, the entry of an order prohibiting

21 further duplicative, frivolous, baseless litigation.

22          We've cited some of those cases in our response,

23 which we filed with this Court yesterday, and we would urge the

24 Court to consider that so that this Trustee can move forward,

25 do the job that he was retained to do, or that he was -- that

Case #03-44906                                    11-16-04

**Page 8**

1  he is, in fact, has a duty to do, which is wrap up the

2  preference litigation in this case -- one of those preference

3  claims, I should add, as we state in our response, is one that

4  will be directed against Mr. White, allow the Trustee to finish

5  his work, close the case, and make distributions to creditors.

6          THE COURT:    I find that the allegations made in the

7  motion to disgorge, particularly in the context of previous

8  pleadings filed by Mr. White, are not warranted by -- were not

9  warranted by existing law or by a non-frivolous argument for

10  the extension, modification, or reversal of existing law or the

11  establishment of new law; that they were presented for an

12  improper purpose, and that is to harass estate functionaries;

13  and for those reasons I sanction Mr. White in the amount of

14  $2,500 pursuant to *Federal Rule of Bankruptcy Procedure*

15  *9011(c)(1)(B)*.  That payment is to be made to Mr. Burdick, the

16  Chapter 7 Trustee, within thirty days.

17          Mr. White, if you have a non-frivolous pleading to

18  file, you go ahead and file it, but if you file another

19  frivolous one, this $2,500 will look very small in comparison

20  to the next time that I have to deal with it.   Thanks very

21  much.

22          MR. WHITE:    Your Honor, could I address the

23  payment?

24          THE COURT:   Yes.

25          MR. WHITE:   I am -- I've gone from a fairly

Page 9

1    reasonable means to hire an attorney, which I had an attorney

2    at the beginning of this case, to being employed for minimum

3    wage.  I am working as a farmer on a tractor right now and have

4    been for six months.  I almost have no disposable income beyond

5    my basic -- I had to borrow money to come here.  $2,500 is --

6           THE COURT:   I'm willing to extend it to sixty days,

7    if that's what you prefer.  That's the most you get.  Thanks

8    very much.

9           MR. GOLDBERG:    Your Honor --

10          THE COURT:   Yes?

11          MR. GOLDBERG:    -- I'm sorry, but we have now two

12   appeals pending before the District Court.  Mr. White's

13   appealed both the motion to disgorge and the motion to vacate,

14   and I'm wondering if we're going to -- Mr. White has just only,

15   in the past week, filed a brief on the appeal of the motion to

16   vacate that, among other things, accuses me of felonious

17   conduct.  I'm wondering if there -- if we can see an end to

18   those appeals by Mr. White.

19          THE COURT:   Well, if you want to talk to Mr. White

20   about them, feel free to do so; however, this sanction, $2,500

21   to be paid within sixty days to the Chapter 7 Trustee relates

22   to this motion to disgorge.  If you want to ask an Appellate

23   Court to sanction Mr. White for frivolous appeal, not only is

24   that not within my jurisdiction, but frankly, I'm loathe to

25   consider exercising such jurisdiction, since I typically feel

Case #03-44906                                          11-16-04

Page 10

1  that appeals of my decisions are not well thought through.    I'm

2  obviously being sarcastic.

3              Okay, thanks very much.

4              MR. GOLDBERG:    Thank you, Your Honor.

5  (End at Tape #1, Index #7175.  1:11 p.m.)

6                      * * * * * * * * * * * *

7              I certify that the foregoing is a true and accurate

8  transcript from the electronically sound recorded record of the

9  proceedings.

_Maria C. Irwin_                11/29/04

GLORIA C. IRWIN                                    Date
Certified Transcriber NJ AOC200
        Federal  CET #122
GCI TRANSCRIPTION SERVICES
210 Bayberry Avenue
Egg Harbor Township, NJ  08234-5901
609-927-0299  1-800-471-0299
    FAX  609-927-6420
e-mail  irwingloria@comcast.net

Case #03-44906                                    11-16-04

# EXHIBIT E

**UNITED STATES BANKRUPTCY COURT, DISTRICT OF MASSACHUSETTS**
Proceeding Memorandum/Order of Court

**In Re:** CK Liquidation Corporation      **Case Number:** 03-44906      **Ch:** 7

**MOVANT/APPLICANT/PARTIES:**

#348 Order for Robert White to appear and show cause why he should not be sanctioned pursuant to Fed. R. Bank. P. 9011(c)(1)(B) on account of the filing of a frivolous motion [re: Motion to Disgorge]
Robert White, Pro Se

**OUTCOME:**

_____Granted_____Denied_____Approved_____ Sustained

_____Denied_____Denied without prejudice_____Withdrawn in open court_____Overruled

_____OSC enforced/released

_____Continued to:_____For:_____

_____Formal order/stipulation to be submitted by:_____Date due:_____

_____Findings and conclusions dictated at close of hearing incorporated by reference

_____Taken under advise ment: Brief(s) due_____From_____

                              Response(s) due_____From_____

_____Fees allowed in the amount of: $_____Expenses of: $_____

_____No appearance/response by:_____

 ✔  DECISION SET OUT MORE FULLY BY COURT AS FOLLOWS:

FOR THE REASONS STATED IN OPEN COURT, THE COURT SANCTIONS ROBERT WHITE IN THE AMOUNT OF $2,500.00, PURSUANT TO FED.R.BANK.P. 9011 (c)(1)(B), SUCH PAYMENT TO BE MADE TO THE CHAPTER 7 TRUSTEE WITHIN SIXTY DAYS.

IT IS SO NOTED:

IT IS SO ORDERED:

_____
Courtroom Deputy

_____ Dated: 11/16/2004
Henry J. Boroff, U.S. Bankruptcy Judge

# EXHIBIT F



2005 WL 566727
--- B.R. ---
(Cite as: 2005 WL 566727 (1st Cir.BAP (Mass.)))

Page 1

**H**
Only the Westlaw citation is currently available.

United States Bankruptcy Appellate Panel of the
First Circuit.
CK LIQUIDATION CORP., Debtor.
Robert White, Appellant,
v.
John A. Burdick, Jr., Chapter 7 Trustee, and CK
Liquidation Corp., Appellees.
Nos. 04-060, 03-44906-HJB.

March 11, 2005.

**Background:** Order was entered by the United
States Bankruptcy Court for the District of
Massachusetts, Henry J. Boroff, J., imposing fine in
amount of $2,500 as Rule 9011 sanction for party's
filing of meritless motion to require Chapter 7
debtor's counsel to disgorge its fees. Party appealed.

**Holdings:** The Bankruptcy Appellate Panel,
Lamoutte, J., held that:
(1) bankruptcy court's determination, in support of
its decision to impose Rule 9011 sanctions on party
who had moved to require Chapter 7 debtor's
counsel to disgorge its fees, as to unwarranted
nature of party's argument that unpaid fees for
services which counsel performed postpetition
made counsel a "creditor" and affected its
disinterestedness, was not clearly erroneous; and
(2) choice of sanction was not abuse of discretion.
Affirmed.

**[1] Bankruptcy** ⟾3767

51k3767 Most Cited Cases
Bankruptcy court order imposing Rule 9011
sanctions on disappointed bidder for debtor's assets,
for filing meritless motion to require debtor's
counsel to disgorge fees, became "final order," from
which appeal would lie, once bankruptcy court
denied disgorgement motion out of which this
sanctions order arose. 28 U.S.C.A. § 158(a)(1);
Fed.Rules Bankr.Proc.Rule 9011, 11 U.S.C.A.

**[2] Bankruptcy** ⟾3767
51k3767 Most Cited Cases
Order imposing Rule 9011 sanctions is "final," for
purposes of appeal, when matter out of which it
arose becomes final. 28 U.S.C.A. § 158(a)(1);
Fed.Rules Bankr.Proc.Rule 9011, 11 U.S.C.A.

**[3] Bankruptcy** ⟾3782
51k3782 Most Cited Cases

**[3] Bankruptcy** ⟾3786
51k3786 Most Cited Cases
Bankruptcy Appellate Panel (BAP) reviews
bankruptcy court's conclusions of law de novo, and
its findings of fact for clear error. Fed.Rules
Bankr.Proc.Rule 8013, 11 U.S.C.A.

**[4] Bankruptcy** ⟾3784
51k3784 Most Cited Cases
Bankruptcy Appellate Panel (BAP) reviews
bankruptcy court's decision to impose Rule 9011
sanctions and its choice of sanction for manifest
abuse of discretion. Fed.Rules Bankr.Proc.Rule
9011, 11 U.S.C.A.

**[5] Bankruptcy** ⟾3784
51k3784 Most Cited Cases
"Abuse of discretion" occurs when court ignores
material factor deserving significant weight, relies
on improper factor, or makes serious mistake in
weighing proper factors.

**[6] Bankruptcy** ⟾2187
51k2187 Most Cited Cases
Purpose of Bankruptcy Rule 9011 is to deter
abusive litigation tactics and streamline litigation
process by lessening frivolous claims. Fed.Rules
Bankr.Proc.Rule 9011, 11 U.S.C.A.

**[7] Bankruptcy** ⟾2187
51k2187 Most Cited Cases
It may be proper for bankruptcy court, in deciding
whether to impose Rule 9011 sanctions and what
type of sanctions to impose, to consider the
following factors: whether improper conduct was
willful or negligent; whether it was part of pattern

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2005 WL 566727
--- B.R. ---
(Cite as: 2005 WL 566727 (1st Cir.BAP (Mass.)))

of activity or an isolated event; whether it infected entire pleading or only one particular count or defense; whether the party violating Rule 9011 has engaged in similar conduct in other litigation; whether party's conduct was intended to injure; what effect the conduct had on litigation process in time or expense; whether the responsible party is trained in the law; what amount, given the financial resources of responsible person, is needed to deter that person from repetition in same case; and what amount is needed to deter similar activity by other litigants. Fed.Rules Bankr.Proc.Rule 9011, 11 U.S.C.A.

**[8] Bankruptcy ☞2187**
51k2187 Most Cited Cases
Legal argument is not "warranted by existing law," for purpose of Bankruptcy Rule 9011, if it is based upon legal theories that are plainly foreclosed by well-established legal principles and authoritative precedent, unless pleading of party making that argument plainly argues for reversal or change of existing law and presents nonfrivolous argument to support that position. Fed.Rules Bankr.Proc.Rule 9011, 11 U.S.C.A.

**[9] Bankruptcy ☞2187**
51k2187 Most Cited Cases
Legal argument need not ultimately prevail in order to be "warranted by existing law," for purpose of Bankruptcy Rule 9011. Fed.Rules Bankr.Proc.Rule 9011, 11 U.S.C.A.

**[10] Bankruptcy ☞2187**
51k2187 Most Cited Cases
Generally, courts do not conclude that unsuccessful argument is not "warranted by existing law," for purpose of Bankruptcy Rule 9011, when that argument involves unsettled or highly complex law. Fed.Rules Bankr.Proc.Rule 9011, 11 U.S.C.A.

**[11] Bankruptcy ☞2187**
51k2187 Most Cited Cases
Bankruptcy court's determination, in support of its decision to impose Rule 9011 sanctions on party who had moved to require Chapter 7 debtor's counsel to disgorge its fees, as to unwarranted nature of party's argument that unpaid fees for services which counsel performed postpetition made counsel a "creditor" and affected its disinterestedness, was not clearly erroneous, given

clear First Circuit precedent on this issue, and given that only support offered by party for his position was based on distortion of statement that bankruptcy judge had earlier made in different context, that administrative claimants, like debtor's counsel, were also creditors. Fed.Rules Bankr.Proc.Rule 9011, 11 U.S.C.A.

**[12] Bankruptcy ☞2187**
51k2187 Most Cited Cases
Argument for extension or modification of existing law is "frivolous," for purpose of Bankruptcy Rule 9011, where no reasonable argument can be advanced. Fed.Rules Bankr.Proc.Rule 9011, 11 U.S.C.A.

**[13] Bankruptcy ☞2187**
51k2187 Most Cited Cases
In deciding whether party's argument for extension or modification of existing law should be viewed as "frivolous," for purpose of Bankruptcy Rule 9011, court should take into account extent to which litigant has researched the issues and found some support for his theories in secondary materials; argument which has been accepted by other courts is probably not "frivolous."
Fed.Rules Bankr.Proc.Rule 9011, 11 U.S.C.A.

**[14] Bankruptcy ☞2187**
51k2187 Most Cited Cases
Bankruptcy court's determination, in support of its decision to impose Rule 9011 sanctions on party who had moved to require Chapter 7 debtor's counsel to disgorge its fees, that party's motion was not supported by nonfrivolous argument for extension or modification of existing law, was not clearly erroneous, where party did not acknowledge that its arguments broke from well-established principles, nor did it argue for any extension or modification of existing law. Fed.Rules Bankr.Proc.Rule 9011, 11 U.S.C.A.

**[15] Bankruptcy ☞2187**
51k2187 Most Cited Cases
Courts generally apply an objective standard to determine whether document was presented for improper purpose, for purpose of Bankruptcy Rule 9011. Fed.Rules Bankr.Proc.Rule 9011, 11 U.S.C.A.

**[16] Bankruptcy ☞2187**
51k2187 Most Cited Cases

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2005 WL 566727
--- B.R. ---
(Cite as: 2005 WL 566727 (1st Cir.BAP (Mass.)))

Page 3

In deciding whether document was presented for improper purpose, for purpose of Bankruptcy Rule 9011, courts may infer purpose of filing from the consequences thereof, such as delaying the proceedings or creating persistent pattern of clearly abusive litigation. Fed.Rules Bankr.Proc.Rule 9011, 11 U.S.C.A.

**[17] Bankruptcy** ☜2187
51k2187 Most Cited Cases
Bankruptcy court's determination, in support of its decision to impose Rule 9011 sanctions on party who had moved to require Chapter 7 debtor's counsel to disgorge its fees, that motion was filed for improper purpose, to harass estate fiduciaries and deplete estate, after party unsuccessfully bid on debtor's assets, was not clearly erroneous, given lack of support for party's current motion and his prior court filings. Fed.Rules Bankr.Proc.Rule 9011, 11 U.S.C.A.

**[18] Bankruptcy** ☜2187
51k2187 Most Cited Cases
Rule 9011 sanction generally serves dual purpose of deterrence and compensation. Fed.Rules Bankr.Proc.Rule 9011, 11 U.S.C.A.

**[19] Bankruptcy** ☜2187
51k2187 Most Cited Cases
In deciding what Rule 9011 sanction is warranted as matter of deterrence, court must limit sanction to what is sufficient to deter repetition of such conduct, or comparable conduct, by others similarly situated. Fed.Rules Bankr.Proc.Rule 9011, 11 U.S.C.A.

**[20] Bankruptcy** ☜2187
51k2187 Most Cited Cases
Reasonable costs incurred as result of sanctionable conduct may appropriately form basis of Rule 9011 sanction. Fed.Rules Bankr.Proc.Rule 9011, 11 U.S.C.A.

**[21] Bankruptcy** ☜3784
51k3784 Most Cited Cases
In reviewing appropriateness of Rule 9011 sanction, Bankruptcy Appellate Panel (BAP) should defer, within broad limits, to bankruptcy court's exercise of its informed discretion, but still be careful not merely to "rubber stamp" the decision below. Fed.Rules Bankr.Proc.Rule 9011, 11 U.S.C.A.

**[22] Bankruptcy** ☜2187
51k2187 Most Cited Cases
Fine in amount of $2,500 that bankruptcy court imposed as Rule 9011 sanction for party's filing of meritless motion to require Chapter 7 debtor's counsel to disgorge its fees was not abuse of discretion, where record reflected that party had history of filing meritless pleadings, which estate counsel estimated had cost the estate almost $32,000 to defend, and where bankruptcy court, in settling on this monetary sanction, did not rely on any improper factor or make any serious mistake in weighing factors, and exercised its discretion by specifically declining to impose injunction against future filings.
Fed.Rules Bankr.Proc.Rule 9011, 11 U.S.C.A.
Appeal from the United States Bankruptcy Court for the District of Massachusetts, (Hon. Henry J. Boroff, U.S. Bankruptcy Judge).

Robert White, pro se, on brief for Appellant.

Michael Goldberg, on brief for Appellee Chapter 7 Trustee.

Before LAMOUTTE, CARLO, and KORNREICH, United States Bankruptcy Appellate Panel Judges.

LAMOUTTE, U.S. Bankruptcy Appellate Panel Judge.

**\*1** This matter is on appeal from a bankruptcy court order (the "Order") sanctioning unsecured creditor Robert White (the "Appellant") pursuant to Bankruptcy Rule 9011(c)(1)(B) for filing a motion with arguments not warranted by existing law or by nonfrivolous argument to extend or modify existing law, and for the improper purpose of harassing estate functionaries. We conclude that the court did not err in concluding that the Appellant had violated Rule 9011, and that the court did not abuse its discretion in ordering the Appellant to pay $2,500. As such, we AFFIRM the Order.

*BACKGROUND*
**CK Liquidation** Corporation (the "Debtor") filed for Chapter 11 bankruptcy protection in August, 2003. On August 29, 2003, the Debtor requested an order authorizing the sale of the Debtor's assets, to which the Appellant objected. On November 7, 2003, the bankruptcy court overruled the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2005 WL 566727
— B.R. ---
(Cite as: 2005 WL 566727 (1st Cir.BAP (Mass.)))

Page 4

Appellant's objection and issued an order approving the sale of substantially all of the Debtor's assets to Kubotek Corporation. The Appellant appealed the sale order to the district court.

The Debtor's bankruptcy case was subsequently converted to Chapter 7, and a Chapter 7 Trustee (the "Trustee") was appointed. On August 13, 2004, the Appellant filed a motion to vacate the sale order (the "Motion to Vacate") on the grounds that counsel to the Debtor and counsel to the Official Committee of Unsecured Creditors ("Ropes & Gray" and "Sherin and Lodgen," respectively; "Estate Counsel" collectively) committed fraud on the court by representing that the $750,000 in sale proceeds would be used for the benefit of creditors, when in fact much of the proceeds would be used to pay Estate Counsel's fees and costs. The court denied the Motion to Vacate, noting that "Administrative claimants are also creditors who are entitled to share in the proceeds held by the estate." The Appellant appealed the order to the district court.

Around the same time, Ropes & Gray filed a final application for fees and costs, to which the Appellant did not object. The bankruptcy court issued an order approving the application. Sherin & Lodgen filed an interim fee application, which the bankruptcy court approved, and to which the Appellant did not object.

Thereafter, the Appellant filed a motion to disgorge (the "Motion to Disgorge" or the "Motion"), asking the court to disgorge all fees and retainers paid to Estate Counsel. The Motion alleged that because the court had determined that Estate Counsel became creditors to the estate while the case was in Chapter 11, Estate Counsel therefore had interests adverse to the estate and were not disinterested persons as required by §§ 327 and 1103 under which they were hired. The Motion cited § 101(14)'s definition of a "disinterested person" as "Not a creditor," and asserted that Estate Counsel's fees were the main expenses depleting the estate. The Motion concluded that because Estate Counsel must represent themselves when applying for fees, they were competing with and had an adverse interest to other creditors, and therefore had an actual conflict of interest.

*2 Estate Counsel filed a Joint Opposition to the Motion to Disgorge. The Joint Opposition stated that the Appellant is a "disgruntled creditor" whose attempt to purchase the Debtor's assets had failed and who had subsequently sought to "sabotage" the Debtor's Chapter 11 and Chapter 7 cases by filing frivolous motions and appeals. The Joint Opposition argued that Estate Counsel did not become disinterested persons merely because they had incurred unpaid post-petition fees, citing the Bankruptcy Code's definition of "creditor" and explaining that Estate Counsel satisfied none of criteria found therein. The Joint Opposition further argued that Estate Counsel's claims arose under §§ 503(b) and 330(a), and that the Bankruptcy Code specifically exempts such administrative claims from § 348(d) claims. The Joint Opposition further argued that the order allowing the Debtor's counsel's final fee application (to which the Appellant did not object) was *res judicata* to the Motion to Disgorge, and that the Appellant was collaterally estopped from seeking disgorgement of the Chapter 7 Trustee's fee application as the Appellant had failed to object to that application. [FN1]

The Appellant filed a response to the Joint Opposition, which set forth a more developed argument than the Motion to Disgorge and included some citation to legal authority. The bankruptcy court denied the Motion to Disgorge for the reasons stated in the Joint Opposition, and further ordered the Appellant to show cause why he should not be sanctioned pursuant to Rule 9011(c)(1)(B).

The Appellant filed a Response to the show cause order, arguing that none of the defenses raised in the Joint Opposition have merit, and indeed that Estate Counsel's interpretation of the Bankruptcy Code renders the Code ineffective. The Response further argued that there is no stated or implied time bar in § 328(c) preventing disgorgement after approval of the final fee application, that the court's finding that " 'attorneys are creditors too' " is new evidence justifying a § 328(c) challenge to Estate Counsel's fees, and that said finding is now "law of the case" which conflicts with Estate Counsel's assertion that they are not creditors for purposes of the "disinterested persons" test. The Response admits that the Motion to Disgorge was deficient because it did not plead facts sufficient to prove the adverse interests of Estate Counsel, but argues that

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2005 WL 566727
--- B.R. ---
(Cite as: 2005 WL 566727 (1st Cir.BAP (Mass.)))

Page 5

the deficiency was cured by his response to the Joint Opposition. The Response concluded by asserting that the Motion to Disgorge was not filed for an improper purpose, but rather to resolve conflicts in the court's own rulings; that the Bankruptcy Code supports the motion's legal conclusions and supports the establishment of new law governing the definitions of attorneys, creditors, and conflicts of interest; and that the motion's factual assertions are "based on the law of this case."

The Trustee also filed a response to the show cause order, asserting that the Appellant's Motion to Disgorge was one of eight actions brought by the Appellant in the past year with the intent to harass the Trustee and delay administration of the proceeding to compel the Trustee to reach a financial settlement with the Appellant. The Trustee's response stated that the Appellant "has unapologetically sought monetary payment from the estate in exchange for resolving his pending appeals," and attached as an exhibit e-mail correspondence from the Appellant expressing his willingness to settle one of the appeals pending in district court. The Trustee's response asserted that the Appellant's arguments were "repetitive, improper and meritless," and that his actions were made in bad faith and may have violated his fiduciary duty as a former member of the Creditors' Committee and as a litigant appealing court orders on behalf of a class of creditors. The Trustee calculated that the Trustee had incurred fees and costs totaling almost $32,000 for defending the Appellant's various actions. The Trustee's response sought injunctive relief in addition to any monetary sanctions the court may order.

*3 The bankruptcy court held a hearing on the show cause order. The court explained that it issued the show cause order because Estate Counsel had "heartily and repeatedly" complained that the Appellant's pleadings were meritless, and that the court was struck in particular by the meritlessness of the Appellant's motion to vacate the sale order and the Motion to Disgorge. The court further explained that it had not issued a show cause order in connection with the motion to vacate the sale order because the Appellant was *pro se,* but issued one in connection with the Motion to Disgorge because it twisted language from a court order, and because any attorney would have known that such

an argument was "completely unsustainable." Lastly, the court explained that it wanted to make sure the Appellant understood it was no longer safe to file frivolous matters that were going to deplete the estate.

The Appellant first defended the merits of his motion to vacate the sale order, arguing that the district court's expression of sympathy for unsecured creditors in its recent decision upholding the sale order indicated that the Motion to Vacate had merit. The Appellant conceded, however, that his motion to vacate was "wrong" because he had misunderstood the facts. The Appellant went on to defend the Motion to Disgorge, stating that while it may have been deficient and awkward, it was not without merit.

The court rejected these defenses, and found that the allegations made in the Motion to Disgorge, particularly in the context of the Appellant's previous filings, (1) were not warranted by existing law or by non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; and (2) were made for the improper purpose of harassing estate functionaries. The court sanctioned the Appellant and ordered him to pay $2,500 to the Trustee, but denied Estate Counsel's request to enjoin the Appellant from making further filings. This appeal followed.

### JURISDICTION

[1] A bankruptcy appellate panel may hear appeals from "final judgments, orders and decrees [pursuant to 28 U.S.C. § 158(a)(1) ] or with leave of the court, from interlocutory orders and decrees [pursuant to 28 U.S.C. § 158(a)(3) ]." *Fleet Data Processing Corp. v. Branch (In re Bank of New England Corp.),* 218 B.R. 643, 645 (B .A.P. 1st Cir.1998). "A decision is final if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' " *Id.* at 646 (citations omitted). An interlocutory order " 'only decides some intervening matter pertaining to the cause, and requires further steps to be taken in order to enable the court to adjudicate the cause on the merits.' " *Id. (quoting In re American Colonial Broad. Corp.,* 758 F.2d 794, 801 (1st Cir.1985)). A bankruptcy appellate panel is duty-bound to determine its jurisdiction before proceeding to the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2005 WL 566727
--- B.R. ---
(Cite as: 2005 WL 566727 (1st Cir.BAP (Mass.)))

Page 6

merits even if not raised by the litigants. *See In re George E. Bumpus, Jr. Constr. Co.,* 226 B.R. 724 (B.A.P. 1st Cir.1998).

*4 [2] An order imposing Rule 9011 sanctions is final when the matter out of which it arose becomes final. 10 Lawrence P. King, *Collier on Bankruptcy,* ¶ 9011.10 (15th ed. rev.2004). Here, the sanction order arose out of the Appellant's Motion to Disgorge, which became final when the court denied the motion. *See Bank of New England,* 218 B.R. at 645.

### STANDARD OF REVIEW

[3] We review the bankruptcy court's conclusions of law *de novo,* and findings of fact for clear error. *See T I Fed. Credit Union v. DelBonis,* 72 F.3d 921, 928 (1st Cir.1995); *Western Auto Supply Co. v. Savage Arms, Inc. (In re Savage Indus., Inc.),* 43 F.3d 714, 719-20, n. 8 (1st Cir.1994). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. *Anderson v. Bessemer City,* 470 U.S. 564, 573, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985); *Cabral v. Shamban (In re Cabral),* 285 B.R. 563, 571 (B.A.P. 1st Cir.2002); *Gray v. Travelers Ins. Co. (In re Neponset River Paper Co.),* 231 B.R. 829, 830 (B.A.P. 1st Cir.1999). If the trial court's account of the evidence is plausible in light of the record reviewed in its entirety, a reviewing court may not reverse even if convinced that it would have weighed the evidence differently as a trier of fact. *Anderson,* 470 U.S. at 574.

[4][5] We review the bankruptcy court's decision to impose Rule 9011 sanctions and fine the Appellant $2,500 for manifest abuse of discretion. *See Fed. R. Bankr.P.* 9011(b); *1095 Commonwealth Corp. v. Citizens Bank of Mass. (In re 1095 Commonwealth Corp.),* 236 B.R. 530, 539 (D.Mass.1999); *Collier on Bankruptcy,* ¶ 9011 .07. Abuse of discretion occurs when the court ignores a material factor deserving significant weight, relies upon an improper factor, or makes a serious mistake in weighing proper factors. *Colon v. Rivera (In re Colon),* 265 B.R. 639 (B.A.P. 1st Cir.2001) (citations omitted).

### DISCUSSION

### A. Disposition without Argument

The Panel has unanimously determined, after examination of the briefs and appendix, that oral argument is not needed in this case because the facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument. *See Fed. R. Bankr.P.* 8012. The Panel's decision to dispense with oral argument may be announced by the Panel at the time the decision on the merits is rendered. 1st Cir. BAP R. 8012-1(b).

### B. Violation of Rule 9011(b)

[6] Rule 9011(b) [FN2] provides that an attorney or *pro se* party who presents a motion to the court certifies that the motion is not presented for an improper purpose, that its arguments are warranted by existing law or by nonfrivolous arguments to modify existing law, and that factual assertions (or denials thereof) are supported by evidence. Fed. R. Bankr.P. 9011(b). The purpose of Rule 11 is to deter abusive litigation tactics and streamline the litigation process by lessening frivolous claims. *See Aetna Casualty & Surety Co. v. Kellogg,* 856 F.Supp. 25, 32 (D.N.H.1994) (discussing purpose of Fed.R.Civ.P. 11).

*5 [7] Because Rule 9011 is derived from Federal Rule of Civil Procedure 11, the First Circuit has explained that "Rule 11 jurisprudence is largely transferable to Rule 9011 cases." *Featherston v. Goldman (In re D.C. Sullivan Co.),* 843 F.2d 596, 598 (1st Cir.1988). Although neither the Rule nor case law enumerates an exhaustive list of factors a court should consider in deciding whether to impose sanctions or what type of sanctions to impose, the following is a list of factors that "may in a particular case be proper considerations":

> whether the improper conduct was willful, or negligent; whether it was part of a pattern of activity, or an isolated event; whether it infected the entire pleading, or only one particular count or defense; whether the person has engaged in similar conduct in other litigation; whether it was intended to injure; what effect it had on the litigation process in time or expense; whether the responsible person is trained in the law; what amount, given the financial resources of the responsible person, is needed to deter that person

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2005 WL 566727
--- B.R. ---
(Cite as: 2005 WL 566727 (1st Cir.BAP (Mass.)))

from repetition in the same case; what amount is needed to deter similar activity by other litigants. *Dibbs v. Gonsalves*, 921 F.Supp. 44, 55 (D.P.R.1996) (quoting Advisory Committee Notes to Fed.R.Civ.P. 11).

### 1. Not Warranted by Existing Law or Nonfrivolous Argument to Extend Existing Law

#### a. *Not Warranted by Existing Law*

[8] A legal argument is not warranted by existing law if it is based on legal theories that are plainly foreclosed by well-established legal principles and authoritative precedent, unless the pleading plainly argues for a reversal or change of law and presents a nonfrivolous argument to support that position. *In re Willis Furniture Co.*, 148 B.R. 691, 694 (Bankr.D.Mass.1992); *Dibbs v. Gonsalves*, 921 F.Supp. at 47-49; *Aetna Casualty*, 856 F.Supp. at 32-33; *Collier on Bankruptcy*, ¶ 9011.04[7][a].

In *Willis Furniture*, the bankruptcy court concluded that an emergency motion to modify a court order in light of a recent Court of Appeals decision was not warranted by existing law where there was "nothing in the present motion consistent with the opinion of the Court of Appeals." *In re Willis Furniture*, 148 B.R. at 694. In *Dibbs*, the district court concluded that a plaintiff's claims that her former husband violated RICO were not warranted by existing law where the complaint failed to state a claim for which relief could be granted, and where the claims were barred by *res judicata. Dibbs*, 921 F.Supp. at 47-49. In *Aetna Casualty*, the district court concluded that, under the circumstances, affirmative defenses were not warranted by existing law where the defendant raised them "at the eleventh hour" without explaining why the defenses were not waived. *Aetna Casualty*, 856 F.Supp. at 32-33. There, the circumstances included the "equally frivolous" nature of the defendant's remaining arguments. *Id.*

*6 [9][10] However, a legal argument need not ultimately prevail in order to be warranted by existing law. *Associated Indem. Corp. v. Fairchild Indus., Inc.*, 961 F.2d 32 (2d Cir.1992); *Collier on Bankruptcy*, ¶ 9011.04[7] [a]. In particular, courts generally do not conclude that an unsuccessful argument is not warranted by existing law where the

argument involves unsettled or highly complex law. *New England Health Care Employees Union v. Fall River Nursing Home, Inc.*, 802 F.Supp. 674, 680 (D.R.I.1992). In *New England Health Care*, the district court rejected the plaintiff's argument that the defendant's failed venue and personal jurisdiction arguments were not warranted by existing law because that area of law is highly complex. *Id.* The court described personal jurisdiction doctrine as "a riddle wrapped in a mystery inside an enigma." *Id.* (quoting *Donatelli v. Nat'l Hockey League*, 893 F.2d 459, 462 (1st Cir.1990).

[11] Here, the Motion to Disgorge asked the court to disgorge Estate Counsel's fees on the theory that Estate Counsel were "creditors" of the estate and therefore had interests adverse to the estate and were not "disinterested persons" as required by §§ 327 and 1103. The argument rested on the premise that "this Court has determined that [Estate Counsel] became creditors to the Chapter 11 estate while representing the estate" and cited § 101(14)'s definition of "disinterested person" to support its conclusion that disgorgement was required. In his Response to Estate Counsel's Opposition to the Motion to Disgorge, the Appellant stated that the Court had ruled that Estate Counsel were "creditors" and that the ruling was now the "law of the case." These arguments are entirely without merit.

As an initial point, it is important to clarify that the bankruptcy court did not "determine" or "rule" that Estate Counsel were "creditors" as defined in § 101(10). The Appellant is referring to a sentence in the court's order denying the Motion to Revoke, which stated, in the context of explaining that sale proceeds were indeed being held for the benefit of estate creditors: "Administrative claimants are also creditors who are entitled to share in the proceeds held by the estate." The statement thereby clearly identified Estate Counsel as administrative claimants, and explained that administrative claimants were creditors who were entitled to payment from the sale proceeds. The statement certainly did not, as the Motion to Disgorge and Response argued, *determine* or *rule* that Estate Counsel were "creditors" for purposes of the "disinterested persons" test, nor did it establish "law of the case" to that effect. On the contrary, by

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2005 WL 566727
--- B.R. ---
(Cite as: 2005 WL 566727 (1st Cir.BAP (Mass.)))

Page 8

identifying Estate Counsel as "administrative claimants," the court made clear that Estate Counsel held claims of a nature different from other creditors. The bankruptcy court was therefore correct in stating at the sanction hearing that the Appellant had "twisted" the court's language in arguing that the court had determined and ruled that Estate Counsel were creditors.

*7 Furthermore, Estate Counsel are in fact not "creditors" as the term is defined in the Bankruptcy Code. Section 101(10) defines a creditor as an entity that has a claim against the debtor arising at or before the debtor's filing of the bankruptcy petition and of a kind specified in §§ 348(d), 502(f), 502(g), 502(h), or 502(i). See 11 U.S.C. § 101(10). Here, Estate Counsel's fees and expenses were not claims against the debtor arising from any of these sections; instead, they were administrative expenses arising out of § 503(b). See 11 U.S.C. 503(b). Entities such as Estate Counsel with administrative expense claims are therefore excluded from the definition of "creditor." See id. As Estate Counsel are not "creditors" as defined in § 101(10), the prohibition against employment of creditors for the "disinterested persons" test does not apply to them. [FN3] See 11 U.S.C. § 101(14)(A); 11 U.S.C. § 327(a); 11 U.S.C. § 1103(b).

Moreover, the First Circuit has explained that § 327(a) does not foreclose the employment of an attorney to whom the debtor becomes indebted after filing the bankruptcy petition. In re Martin, 817 F.2d 175, 180 (1st Cir.1987). The First Circuit reasoned that to conclude otherwise would be absurd, as it would "virtually eliminate any possibility of legal assistance for a debtor in possession, except under a cash-and-carry arrangement or on a pro bono basis." Id. Here, Estate Counsel's fees and costs were incurred after commencement of the Chapter 11 case. Conversion of the case from Chapter 11 to Chapter 7 did not render Estate Counsel's administrative expenses pre-petition claims. Upon conversion of a case from Chapter 11 to Chapter 7, claims arising under § 503(b) while the case was in Chapter 11 will not be treated as pre-petition claims, but will retain administrative expense status. See 11 U.S.C. § 348(d). [FN4]

The Appellant's argument that Estate Counsel hold

interests adverse to the estate is equally lacking in substance and merit, again providing virtually no legal support for his assertions. The First Circuit has explained that the tests for "disinterested person" and lack of adverse interest "telescope into what amounts to a single hallmark." In re Martin, 817 F.2d at 180. For the reasons discussed above, therefore, the Appellant's argument that Estate Counsel hold interests adverse to the estate is not warranted by existing law.

The arguments presented in the Motion to Disgorge are plainly foreclosed by the Bankruptcy Code and by well-established bankruptcy principles. The Bankruptcy Code makes clear that Estate Counsel are not "creditors" under § 101(10), and that their employment, therefore, did not violate the "disinterested persons" or adverse interest test under §§ 327 and 1103(b). Moreover, none of these legal concepts are unsettled or highly complex. Therefore, the bankruptcy court did not err in concluding that the legal contentions contained in the Motion to Disgorge were not warranted by existing law.

b. *Not Warranted by Nonfrivolous Argument to Extend Existing Law*

*8 [12][13] An argument for an extension or modification of existing law is frivolous if no reasonable argument can be advanced. Collier on Bankruptcy, ¶ 9011.04[7][b]. The court should take into account the extent to which a litigant has researched the issues and found some support for his theories in secondary materials. Id. An argument that has been accepted by other courts is probably not a frivolous argument. Id.

[14] Here, the Motion to Disgorge did not acknowledge that its arguments broke from well-established principles, nor did it argue for the extension or modification of existing law. Instead, the Motion provided virtually no legal or factual support for its request that the court disgorge Estate Counsel's fees. While the Response provided more elaborate reasoning, again there was virtually no legal support. Nowhere in the Motion or the Response does the Appellant seek the extension or modification of existing law. Therefore, the court did not err in concluding that the arguments contained therein are not warranted by the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2005 WL 566727
--- B.R. ---
(Cite as: 2005 WL 566727 (1st Cir.BAP (Mass.)))

Page 9

nonfrivolous argument for extension or modification of existing law.

2. Improper Purpose

[15][16] Courts generally apply an objective standard to determine whether a document was presented for an improper purpose. *Collier on Bankruptcy,* ¶ 9011.04[8][c]. Courts may infer the purpose of a filing from the consequences of the motion, such as delaying the proceedings or creating "a persistent pattern of clearly abusive litigation." *Bay State Towing Co. v. Barge Am. 21,* 899 F.2d 129 (1st Cir.1990); *Aetna Life Ins. Co. v. Alla Med. Servs., Inc.,* 855 F.2d 1470, 1476 (9th Cir.1988).

[17] Here, the bankruptcy court found that the Appellant filed the Motion to Disgorge for the improper purpose of harassing estate functionaries and depleting the estate. The court explained that Estate Counsel had complained that the Appellant was filing meritless pleadings, and that the court itself was "struck" in particular by the Motion to Vacate and the Motion to Disgorge. Without making specific findings regarding the Motion to Vacate, the court explained that after reviewing the Appellant's Motion to Vacate and related materials:

it became clear to me that that wasn't right, that what you said wasn't right, and I denied the [Motion to Vacate], I canceled the evidentiary hearing so that you wouldn't have to come out, but it wasn't without a little bit of annoyance that it had all gotten that far before something that ought to have been picked up early was picked up. [ ... ] I did not issue an order to show cause on that one because you were *pro se.*

The court further explained that the Appellant's subsequent Motion to Disgorge was not only without merit, but was "based on a twisting" of the court's use of the word "creditor" in the order denying the Motion to Vacate. The court concluded that the Appellant was operating from a "position of safety" by filing pleadings based on his own impressions of the case without consulting an attorney, which depleted the estate and reduced the dividend to unsecured creditors as Estate Counsel were required to incur fees responding to the pleadings. The court explained that it wanted to make sure the Appellant understood it was no longer safe to file these kinds of frivolous matters.

*9 The Appellant disputes this finding by arguing that the Motion to Disgorge had merit. However, as discussed above, neither the Motion nor the response had merit. Likewise, the Motion to Revoke was without merit, and the Appellant himself has even conceded that it was "wrong."

There is, therefore, evidence to support the court's finding that the Motion to Disgorge was filed for the improper purpose of harassing estate functionaries, and that the court's account of the evidence is plausible in light of the record reviewed in its entirety. Nothing in the record indicates that a mistake has been committed. As such, the bankruptcy court's finding that the Motion to Disgorge was filed for an improper purpose was not clearly erroneous. *See Anderson v. Bessemer City,* 470 U.S. at 573; *In re Cabral,* 285 B.R. at 571; *In re Neponset River Paper Co.,* 231 B.R. at 830.

C. Appropriateness of Sanction

[18][19][20][21] Once a court determines that a person violated Rule 9011(b), it may impose an "appropriate sanction." Fed. R. Bankr.P. 9011(c). The sanction generally serves a dual purpose of deterrence and compensation. *1095 Commonwealth Corp.,* 236 B.R. at 538. With respect to deterrence, the court must limit the sanction to "what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." Fed. R. Bankr.P. 9011(c)(2). With respect to compensation, reasonable costs incurred as a result of the sanctionable conduct may appropriately form the basis of a Rule 9011 sanction. *1095 Commonwealth Corp.,* 236 B.R. at 538. In reviewing the appropriateness of a Rule 9011 sanction, the Panel should "defer, within broad limits, to the bankruptcy court's exercise of its informed discretion," yet still "be careful not merely to rubber stamp" the decision below. *Id.* (quoting *Navarro-Ayala v. Nunez,* 968 F.2d 1421, 1426 (1st Cir.1992)).

[22] Here, the Appellant does not argue that the $2,500 sanction amount is inappropriate, nor does the record reflect that the bankruptcy court abused its discretion in imposing sanctions in that amount. The record reflects that the Appellant has a history of filing meritless pleadings, which Estate Counsel estimates has cost the estate almost $32,000 to

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

defend. Furthermore, the bankruptcy court stated that it was sanctioning the Appellant to deter him from continuing to file frivolous pleadings that disrupted the proceedings and drained assets from the estate. In fact, the court rejected Estate Counsel's request that the court enjoin the Appellant from filing any further pleadings in the case; the court instead invited the Appellant to file any nonfrivolous pleadings, but warned him that future frivolous pleadings could result in sanctions of a much higher amount. Therefore, the $2,500 amount appears to be an appropriate sanction as it satisfies both purposes of deterrence and compensation. *See id.* Accordingly, in imposing the $2,500 sanction, the bankruptcy court did not ignore a material factor deserving significant weight, rely upon an improper factor, or make a serious mistake in weighing proper factors. *See Colon,* 265 B.R. at 639. Thus, the bankruptcy court did not abuse its discretion in imposing the $2,500 sanction.

## CONCLUSION

*10 The bankruptcy court did not err in concluding that the arguments presented in the Motion to Disgorge were not warranted by existing law or by nonfrivolous argument to extend or modify existing law. Moreover, the bankruptcy court's finding that the Motion to Disgorge was filed for the improper purpose of harassing estate functionaries was not clearly erroneous. Lastly, the bankruptcy court did not abuse its discretion by sanctioning the Appellant nor by ordering him to pay $2,500 to the Trustee. Accordingly, the Order is AFFIRMED.

FN1. The Panel need not reach the issues of whether the order approving Ropes & Gray's final fee application is *res judicata* to the Motion to Disgorge, or whether the Appellant is collaterally estopped from challenging Sherin & Lodgen's interim fee award.

FN2. Congress amended Rule 9011 to conform to the 1993 amendment to Fed.R.Civ.P. 11. The effect of the amendments was to allow rather than require courts to impose sanctions after finding that a person had violated Rule 9011 or Fed.R.Civ.P. 11. *Silva v. Witschen,* 19 F.3d 725, 728 n. 2 (1st Cir.1994). As such, case law discussing the old version

of the rules are applicable here, except, of course, to the extent that the pre-amendment cases discuss the imposition of sanctions as mandatory rather than discretionary upon a finding that Rule 9011 or Fed.R.Civ.P. was violated.

FN3. Section 101(14) provides numerous criteria by which to judge whether a professional is a "disinterested person." However, we need only concern itself with the first criterium of "not a creditor" as the Appellant rested his argument there.

FN4. Section 348(d) provides: "[a] claim against the estate or the debtor that arises after the order for relief but before conversion in a case that is converted under section 1112 [ ... ], *other than a claim specified in section 503(b) of this title,* shall be treated for all purposes as if such claim had arisen immediately before the date of the filing of the petition." 11 U.S.C. § 348(d) (emphasis added).

2005 WL 566727 (1st Cir.BAP (Mass.))

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT G

| Home | P.A.C.E.R. | Full Docket | Opinions | Lower Dkt | Help |

If you view the full docket, you will be charged for 6 Pages   $ 0.48

## US Court of Appeals for the First Circuit
## Case Summary

```
Court of Appeals Docket #: 05-9004                    Filed: 4/12/05
Nsuit: 3422 Bankruptcy Appeal (801)
White v. Burdick, et al
Appeal from: Court Unknown

Lower court information:
     District: 0105-1 : 04-00060          lead: 04-00060
     Ordering Judge: Enrique S. Lamoutte, Judge
```

5/11/05      MOTION filed by Appellant Robert White for extension of
             time to answer order to show cause until 6/15/05. No
             certificate of service filed. [05-9004] (lina)

5/11/05      ORDER entered.  Upon consideration of motion, It is ordered
             that the time for appellant to file the show cause response
             be enlarged to and including June 15, 2005. No further
             extension of this deadline should be expected. [05-9004]
             (lina)

5/13/05      Answer to order to show cause why appeal should not be
             dismissed for lack of circuit court jurisdiction filed by
             Robert White. No certificate of service filed. [993028-1]
             [05-9004] (lina)

5/19/05      PUBLIC NOTE: Received the certificate of service today
             dated 5/12/05 for the Answer Order to Show Cause docketed
             5/13/05.  [05-9004] (lina)

5/25/05      ORDER entered by Chief Judge Michael Boudin, Judge Sandra
             L. Lynch, Judge Kermit V. Lipez.  Appellant's motion for a
             stay of the sanction order entered  against him is denied.
             The denial is without prejudice to appellant's renewal of
             the motion, if and when the bankruptcy court issues an
             order of contempt. [05-9004] (lina)

6/3/05       Second motion filed by Appellant Robert White for stay of
             sanctions issued by the Bankruptcy Court. [1000422-1]
             Certificate of service dated 6/2/05. [05-9004] (lina)

6/17/05      Objection filed by Appellee John A. Burdick to Robert
             White's second motion for stay of sanctions issued in
             Bankruptcy Court. [1000422-1] Certificate of service dated
             6/17/05. [1000422-1] [05-9004] (lina)

7/20/05      MOTION filed by Appellant Robert White to amend motion for
             stay. Certificate of service dated 7/18/05. [05-9004] (lina)

# EXHIBIT H

United States Bankruptcy Court

District of Massachusetts

|  |  |
|---|---|
| In re:<br><br>CK Liquidation Corporation<br>(f/k/a/ CADKEY Corporation),<br><br>Debtor | Chapter 7<br>Case No. 03-44906-HJB |

## ORDER

WHEREAS, by this Court's Order of November 16, 2004, this Court ordered Robert White ("White") to pay to John Burdick as Chapter 7 trustee (the "Trustee") the sum of $2,500.00 within sixty days, as sanctions under Fed. R. Bankr. P. 9011(c)(1)(B); and

WHEREAS, on March 16, 2005, the Trustee filed the instant Motion for Contempt Against Robert White (the "Contempt Motion"); and

WHEREAS, on May 23, 2005, this Court denied White's belated motion for a stay of this Court's November 16, 2004 Order pending appeal; and

WHEREAS, on May 23, 2005, this Court conducted an evidentiary hearing on the Contempt Motion;

1

it is hereby FOUND that:

1.   The Order of November 16, 2004 was a valid order, White had notice thereof and failed to comply;

2.   White had, at all times, the ability to comply with said Order; and

3.   White has been, since January 16, 2005, and continues to be, in civil contempt of this Court's Order of November 16, 2004;

it is hereby ORDERED that

1.   White is sanctioned in the additional amount of $1,000.00 on account of said contempt, for a total amount owed of $3,500.00;

2.   White shall pay the amount of $3,500.00 to the Trustee on or before June 17, 2005;

3.   The hearing on the Contempt Motion is continued to June 28, 2005 at 1:30 p.m. in Worcester, Massachusetts. In the event that, on or before June 28, 2005, the Trustee shall advise the Court that the full payment has been timely received, the said continued hearing shall be canceled. In the event that the Court shall, at the June 28, 2005 hearing, find that White has not timely made the payment in full, the Court may assess additional monetary sanctions or order White, there and then, to surrender to the United States Marshal in this District for incarceration until he shall purge himself of civil contempt. In the event that White shall fail to attend the June 28, 2005

2

continued hearing, the Court may issue a warrant to secure his attendance

at a continued hearing thereof.


Henry J. Boroff
United States Bankruptcy Judge

Dated:        May 23, 2005

Copy to:

Michael J Goldberg, Esq.
Robert White
United State trustee
United States Marshal

3

# EXHIBIT I

UNITED STATES BANKRUPTCY COURT, DISTRICT OF MASSACHUSETTS
Proceeding Memorandum/Order of Court

**In Re:** CK Liquidation Corporation          **Case Number:** 03-44906          **Ch:** 7

**MOVANT/APPLICANT/PARTIES:**
#498 Motion of Chapter 7 Trustee for Contempt against Robert White
John A. Burdick, Jr., Esq.
Michael Goldberg, Esq.
Robert White, Pro Se

**OUTCOME:**
_____Granted_____Denied_____Approved_____ Sustained
_____Denied_____Denied without prejudice_____Withdrawn in open court_____Overruled
_____OSC enforced/released
_____Continued to:_____For :_____
_____Formal order/stipulation to be submitted by:_____Date due:_____
_____Findings and conclusions dictated at close of hearing incorporated by reference
_____Taken under advise ment: Brief(s) due_____From_____
                              Response(s) due_____From_____
_____Fees allowed in the amount of: $_____Expenses of: $_____
_____No appearance/response by:_____
  ✓  DECISION SET OUT MORE FULLY BY COURT AS FOLLOWS:


Robert White is committed to the custody of the United States Marshal for the District of
Massachusetts until the earlier of:

1) such time as Robert White shall pay the sum of $3,500.00 to Attorney John Burdick, as
Chapter 7 Trustee of CK Liquidation Corp., or

2) July 12, 2005.

If Robert White shall remain in the custody of the United States Marshal on July 12, 2005,
the United States Marshal shall deliver him to this Court sitting in Worcester, Massachusetts
on July 12, 2005 at 2:00PM, at which time this Court shall determine what further actions
should be taken in respect of this matter, including, without limitation, monetary sanctions
and/or continued incarceration.


IT IS SO NOTED:                          IT IS SO ORDERED:

*Elven Reynolds*                          *Henry J. Boroff*_____Dated: 06/28/2005
Courtroom Deputy                          Henry J. Boroff, U.S. Bankruptcy Judge

# EXHIBIT J

UNITED STATES BANKRUPTCY COURT, DISTRICT OF MASSACHUSETTS
Proceeding Memorandum/Order of Court

**In Re:** CK Liquidation Corporation            **Case Number:** 03-44906            **Ch:** 7

**MOVANT/APPLICANT/PARTIES:**

#498   Motion of Chapter 7 Trustee for Contempt against Robert White
John A. Burdick, Jr., Esq.
Michael Goldberg, Esq.
Robert White, Pro Se

**OUTCOME:**

_____Granted_____Denied_____Approved_____ Sustained
_____Denied_____Denied without prejudice_____Withdrawn in open court_____Overruled
_____OSC enforced/released
_____Continued to:_____For:_____
_____Formal order/stipulation to be submitted by:_____Date due:_____
_____Findings and conclusions dictated at close of hearing incorporated by reference
_____Taken under advisement: Brief(s) due_____From_____
                            Response(s) due_____From_____
_____Fees allowed in the amount of: $_____Expenses of: $_____
_____No appearance/response by:_____
 ✔ _DECISION SET OUT MORE FULLY BY COURT AS FOLLOWS:


Robert White remains committed to the custody of the United States Marshal for the District
of Massachusetts until the earliest of:

1)  such time as Robert White shall pay the sum of $3,500.00 to Attorney John Burdick, as
Chapter 7 Trustee of CK Liquidation Corp; or

2) such time as Robert White shall have liquidated in arms-length sales all motor vehicles to
which he has title and remitted the proceeds thereof to Attorney Burdick as Chapter 7
Trustee; or

3) August 9, 2005.

If Robert White shall remain in this custody of the United States Marshal on August 9, 2005,
the United States Marshal shall deliver him to this Court sitting in Worcester, Massachusetts
on August 9, 2005 at 2:00PM, at which time this Court shall determine what further actions
should be taken in respect of this matter, including, without limitation, monetary sanctions
and/or continued incarceration.


IT IS SO NOTED:                         IT IS SO ORDERED:

_Stephen Reynolds_                      _Henry Joel Boroff_____ Dated: 07/12/2005
Courtroom Deputy                        Henry J. Boroff, U.S. Bankruptcy Judge