```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS
_____
ROBERT WHITE,                  )
                               )
             Petitioner,       )
v.                             )   Civil Action No. 05-40104-FDS
                               )
UNITED STATES BANKRUPTCY COURT )
FOR THE DISTRICT OF            )
MASSACHUSETTS, THE HONORABLE   )
HENRY J. BOROFF, UNITED STATES )
MARSHAL FOR THE DISTRICT OF    )
MASSACHUSETTS, AND LOCAL OR    )
FEDERAL JAIL OR PRISON WHERE   )
PETITIONER IS HELD,            )
                               )
             Respondents.      )
_____)
```

## NOTICE OF RELEASE AND MOTION TO DISMISS

The Respondents in the above-captioned matter hereby provide notice to the Court that the United States Marshal for the District of Massachusetts ("U.S. Marshal"), at the instruction of the Bankruptcy Court, released the Petitioner, Robert White, from its custody on August 10, 2005, after Petitioner complied with the Bankrupcty Court's August 9, 2005 Order.  See Order of Bankruptcy Court, dated August 9, 2005, attached at Exhibit ("Exh.") A; Order of Bankruptcy Court, dated August 10, 2005, attached at Exh. B.

The Petitioner sought to be released from his confinement, which the Bankruptcy Court imposed for his violation of an order of the court.  Because Petitioner is no longer in the U.S. Marshal's custody, this action is now moot and this Court lacks the jurisdiction to address the petition.  See North Carolina v.

<u>Rice</u>, 404 U.S. 244, 246 (1971) (federal courts lack constitutional power to decide "questions that cannot affect the rights of litigants in the case before them."); <u>United States v. Reid</u>, 369 F.3d 619, 624 (1st Cir. 2004) (a justiciable controversy that existed at one time, but no longer remains, is moot). Accordingly, the Court should dismiss the petition for mootness.

                                  Respectfully submitted,
                                  MICHAEL J. SULLIVAN
                                United States Attorney

                         By:   /s/ Damian W. Wilmot
                                DAMIAN W. WILMOT
                                Assistant U.S. Attorney
                                Moakley Federal Courthouse
                                Boston, MA 02210
Dated: August 10, 2005          (617) 748-3100

## CERTIFICATION UNDER L.R. 7.1

Because Petitioner is acting pro se in this action, counsel for the United States respectfully requests leave to file this Motion without a 7.1 conference. It is the undersigned's position that because the Petitioner is *pro se* a 7.1 conference is unnecessary, as that Rule pertains to "counsel."

                                /s/ Damian W. Wilmot
                                DAMIAN W. WILMOT
                                Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I certify that on August 10, 2005, I caused a copy of the foregoing Memorandum to be served on Petitioner by first class mail, postage pre-paid to Robert White, 243-A North Maple Avenue, Mantela, CA 95336.

                                /s/ Damian W. Wilmot
                                DAMIAN W. WILMOT
                                Assistant U.S. Attorney

UNITED STATES BANKRUPTCY COURT, DISTRICT OF MASSACHUSETTS
Proceeding Memorandum/Order of Court

In Re: CK Liquidation Corporation     Case Number: 03-44906     Ch: 7

**MOVANT/APPLICANT/PARTIES:**

#498  Motion of Chapter 7 Trustee for Contempt against Robert White
John A. Burdick, Jr., Esq.
Michael Goldberg, Esq.
Robert White, Pro Se

**OUTCOME:**

____Granted       Denied____Approved____ Sustained
____Denied____Denied without prejudice____Withdrawn in open court____Overruled
____OSC enforced/released
____Continued to:_____For:_____
____Formal order/stipulation to be submitted by:_____Date due:_____
____Findings and conclusions dictated at close of hearing incorporated by reference
____Taken under advise ment: Brief(s) due_____From_____
                             Response(s) due_____From_____
____Fees allowed in the amount of: $_____Expenses of: $_____
____No appearance/response by:_____
_✓__DECISION SET OUT MORE FULLY BY COURT AS FOLLOWS:

Robert White remains committed to the custody of the United States Marshal for the District of Massachusetts until the earliest of :
1) such time as Robert White shall pay the sum of $3,500.00 to attorney John Burdick, as Chapter 7 trustee of CK Liquidation Corp; or
2) such time as Robert White shall have liquidated in arms-length sales all motor vehicles to which he has title and remitted the proceeds thereof to attorney Burdick as Chapter 7 trustee; or
3) such time as Robert White shall have conveyed his right, title and interest in all motor vehicles to which he has title to John Burdick, as Chapter 7 trustee of CK Liquidation Corp.; or
4) September 27, 2005.

The Chapter 7 trustee shall forthwith provide to Robert White such documents of conveyance as shall enable Robert White to convey to the trustee the aforesaid motor vehicles. If, prior to September 27, 2005, any of the aforesaid first three conditions above are satisfied, the trustee shall forthwith file an emergency motion with this Court requesting that Robert White be released from the custody of the United States Marshal.
If Robert White shall remain in this custody of the United States Marshal on September 27, 2005, the United States Marshal shall deliver him to this Court sitting in Worcester, Massachusetts on September 27, 2005 at 2:00pm, at which time this Court shall determine what further actions should be taken in respect of this matter, including, without limitation, monetary sanctions and/or continued incarceration.

IT IS SO NOTED:                            IT IS SO ORDERED:

*[signature]*                              *[signature]*
                                                                    Dated: 08/09/2005
Courtroom Deputy                           Henry J. Boroff, U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT, DISTRICT OF MASSACHUSETTS
Proceeding Memorandum/Order of Court

In Re:  CK Liquidation Corporation          Case Number:  03-44906          Ch:  7

**MOVANT/APPLICANT/PARTIES:**
#498   Motion of Chapter 7 Trustee for Contempt against Robert White
John A. Burdick, Jr., Esq.
Michael Goldberg, Esq.
Robert White, Pro Se

**OUTCOME:**
\_\_\_\_\_Granted\_\_\_\_\_Denied\_\_\_\_\_Approved\_\_\_\_ Sustained
\_\_\_\_\_Denied\_\_\_\_\_Denied without prejudice\_\_\_\_\_Withdrawn in open court\_\_\_\_\_Overruled
\_\_\_\_\_OSC enforced/released
\_\_\_\_\_Continued to:_____For:_____
\_\_\_\_\_Formal order/stipulation to be submitted by:_____Date due:_____
\_\_\_\_\_Findings and conclusions dictated at close of hearing incorporated by reference
\_\_\_\_\_Taken under advise ment: Brief(s) due_____From_____
                                 Response(s) due_____From_____
\_\_\_\_\_Fees allowed in the amount of: $_____Expenses of: $_____
\_\_\_\_\_No appearance/response by:_____
  ✔  DECISION SET OUT MORE FULLY BY COURT AS FOLLOWS:

Having executed documents of conveyance of motor vehicles in which he has an interest to the
Chapter 7 trustee in accordance with this Court's order of even date, Robert White may be
released by the United States Marshal as of 9:00 a.m. on August 10, 2005 from the office of
the United States Marshal in Worcester.

An evidentiary hearing on the status of Robert White's compliance with this Court's sanction
order of May 23, 2005 is continued to February 7, 2006 at 2:00 p.m. in Worcester,
Massachusetts in order to determine whether any balance of such sanction remains. If so, the
Court shall then determine what further actions should be taken in respect of this matter,
including, without limitation, monetary sanctions and/or continued incarceration.

IT IS SO NOTED:                        IT IS SO ORDERED:

*Susan Reynolds*                       *Henry J. Boroff*
_____                _____Dated: 08/09/2005
Courtroom Deputy                       Henry J. Boroff, U.S. Bankruptcy Judge