# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

### Case No. 05-40104-FDS

ROBERT WHITE, PRO SE,

Petitioner;

vs.

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MASSACHUSETTS,
THE HONORABLE HENRY J. BOROFF,
Et. al

### BANKRUPTCY CASE NO. 03-44906-HJB,

Respondents.

---

### MOTION FOR RECONSIDERATION

Petitioner, Robert White, Pro Se, asks this Court to reconsider its dismissal of Petitioner's Writ of Habeas Corpus.

### This Court Overlooked Petitioner's Opposition to the US Attorney's Motion for Dismissal

In its Order dismissing Petitioner's Writ, this Court stated that Petitioner failed to file a response to the US Attorney's Motion for Dismissal; however, Petitioner filed such an opposition (attached hereto as Exhibit A).

### Petitioner's Writ Is Not Moot

Contrary to this Court's ruling, Petitioner's Writ is not mooted by his release from custody. Petitioner is still under threat of incarceration for contempt of court and Petitioner has been ordered to appear again before the Bankruptcy Court on February 6, 2006, in consideration of the Bankruptcy Court's ongoing prosecution of this matter.

### Petitioner's Writ is Still Ripe

Petitioner's Writ raises issues beyond his incarceration which transcend his release; especially considering that Petitioner's sentence is still pending. Petitioner's Writ challenges the categorization of his contempt as being "civil" instead of "criminal". Petitioner has been punished four times for the same contempt. He has been fined, incarcerated twice, forfeited his property as payment for the contempt, and ordered to appear again for further incarceration; all the while the Bankruptcy Court refuses to allow Petitioner to make payments toward his contempt.

### Petitioner Deserves a Ruling on the Merits

Petitioner asks this Court to retract its dismissal and issue a ruling on the merits of Petitioner's Writ. The summary powers of the Bankruptcy Court to accuse, try, convict, and then sentence a party in contempt matters should be reviewed on the merits due to the unique situation in which, by definition, the Bankruptcy Court is not sitting as an independent and impartial trier of the facts. Petitioner's release does not end the controversies raised in his Writ.

Respectfully submitted on December 30, 2005, by

*Robert White* (signature)

Robert White - Pro Se
243-A N. Maple
Manteca, CA 95336
Ph: (209) 825-6115

**EXHIBIT A**

Case 4:05-cv-40104-FDS   Document 14   Filed 01/03/2006   Page 3 of 8

**EXHIBIT A**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

### Case No. 05-40104-FDS

ROBERT WHITE, PRO SE,

Petitioner;

vs.

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MASSACHUSETTS,
THE HONORABLE HENRY J. BOROFF,
Et. al

**BANKRUPTCY CASE NO. 03-44906-HJ,**

Respondents.

---

RESPONSE TO RESPONDENT'S MOTIONS TO DISMISS

Petitioner, Robert White, Pro Se, opposes Respondents' Motions to Dismiss Petitioner's Writ of Habeas Corpus.

### Petitioner's Typographical Error

Petitioner's Writ had a typographical error in which Petitioner declared to be proceeding under 28 USC 2254 instead of code section 28 USC 2255. Apparently this Court recognized the error and proceeded accordingly (and correctly) as though Petitioner meant to file his Writ pursuant to 28 USC 2255. Thus, Respondents' argument that Petitioner is not entitled to relief under 28 USC 2254 is not relevant. Additionally, Respondents' argument that Petitioner should be proceeding according to

28 USC 2241 is equally irrelevant. Petitioner wants to and means to proceed according to 28 USC 2255.

## Respondent Mischaracterizes Petitioner's Writ

Respondent catagorizes Peitioner's Writ as one that challenges a sentence resulting from "civil contempt". This is a misplaced assertion by Respondent. Petitioner's Writ clearly contends that while the Bankruptcy Court labels its finding as "civil contempt", Petitioner argues that the Bankruptcy Court is actually punishing Petitioner for "criminal contempt" because the Bankruptcy Court never offered Petitioner a way for Petitioner to comply with the Bankruptcy Court's sanctions until after the Bankruptcy Court had already incarcerated Petitioner for six weeks. While this theory that the Bankruptcy Court was punishing Petitioner for criminal contempt was clearly articulated in Petitioner's initial Writ, this argument was repeated in Petitioner's subsequent amendments to his Writ after the purpose and effect and length of Petitioner's incarceration became more apparent. Petitioner's Writ complains that the Bankruptcy Court sentenced Petitioner for criminal contempt and in doing so violated Petitioner's rights protected by the 1st, 4th, 5th, 6th, 8th, and 14th Amendments to the US Constitution.

## Petitioner's Writ Has Not Been Mooted By Petitioner's Release

Respondents contend that Petitioner's Writ is moot given Petitioner's recent release from incarceration because Petitioner's Writ only asks for his release. Petitioner's Writ actually asks for a jury trial, the appointment of counsel, a finding of improper sentencing, satisfaction of Petitioner's sanctions for time served, and some direction by the District Court as to limit the Bankruptcy Court's abuse of discretion when incarcerating creditors. None of these issues are mooted by Petitioner's

2

release. Further, Petitioner's contempt charges and hearing have been continued to a date certain on February 6, 2006, reconfirming Petitioner's Writ as being ripe for challenging the "civil" vs. "criminal" nature of Petitioner's incarceration.

Petitioner asks this Court to appoint Petitioner counsel to conduct an evidentiary hearing for Petitioner's Writ where all the transcripts of all the proceedings concerning Petitioner's sanctions, contempt, and incarceration can be brought into evidence and where Petitioner can call witnesses and disclose the facts in this case to this Court.

Respectfully submitted on August 13, 2005, by

*[signature: Robert White]*
Robert White - Pro Se
243-A N. Maple
Manteca, CA 95336
Ph: (209) 825-6115

3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Case No. 05-40104-FDS

ROBERT WHITE, PRO SE,

Petitioner;

vs.

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MASSACHUSETTS,
THE HONORABLE HENRY J. BOROFF,
Et. al

**BANKRUPTCY CASE NO. 03-44906-HJ,**

Respondents.

---

## CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2005, I caused a copy of the MOTION FOR RECONSIDERATION to be served upon each of the parties noted on the attached Service List:

*Robert White*
Robert White - Pro Se
243-A N. Maple
Manteca, CA 95336
Ph: (209) 825-6115

## Service List

| | |
|---|---|
| Attorney for the Chapter 7 Trustee | Michael Goldberg<br>Cohn Whitesell & Goldberg<br>101 Arch Street<br>Boston, MA 02110 |
| The Honorable Henry J. Boroff | United States Bankruptcy Court<br>The Honorable Henry J. Boroff<br>595 Main Street<br>Worcester, MA 01608 |
| US Marshal | United States Department of Justice<br>US Marshal<br>595 Main Street<br>Worcester, MA 01608 |
| U.S. Attorney | Damian W. Wilmot<br>Assistant U.S. Attorney<br>Moakley Federal Courthouse<br>1 Courthouse Way<br>Boston, MA 02210 |