UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ROBERT WHITE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civil Action No. |
| v. | ) | 05-40104-FDS |
| | ) | |
| UNITED STATES BANKRUPTCY COURT | ) | |
| FOR THE DISTRICT OF | ) | |
| MASSACHUSETTS, THE HONORABLE | ) | |
| HENRY J. BOROFF, UNITED STATES | ) | |
| MARSHAL FOR THE DISTRICT OF | ) | |
| MASSACHUSETTS, and LOCAL OR | ) | |
| FEDERAL JAIL OR PRISON WHERE | ) | |
| PETITIONER IS HELD, | ) | |
| | ) | |
| Respondents. | ) | |

MEMORANDUM AND ORDER ON MOTION TO
RECONSIDER DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS

SAYLOR, J.

By order of December 29, 2005, this Court dismissed on mootness grounds the habeas corpus petition of Robert White, appearing *pro se*. He now moves this Court to reconsider that dismissal, vacate its order, and grant certain relief.[1]

Petitioner is a creditor in a bankruptcy action pending before the Honorable Henry J. Boroff of the U.S. Bankruptcy Court. The lengthy history of petitioner's involvement in that

---

[1] Although not stated in petitioner's Motion for Reconsideration, the Court assumes that petitioner seeks the relief for which he prayed in his opposition to the government's motion to dismiss: a "jury trial, the appointment of counsel, a finding of improper sentencing, satisfaction of Petitioner's sanctions for time served, and some direction by the District Court as to limit the Bankruptcy Court's abuse of discretion when incarcerating creditors."

action is not relevant here. He was found to be in civil contempt of court on May 23, 2005, and was taken into custody on June 28, 2005.[2] On August 9, 2005, petitioner was released pursuant to an order of the Bankruptcy Court, which stated in part:

> having executed documents of conveyance of motor vehicles in which [Robert White] has an interest to the Chapter 7 trustee in accordance with this Court's order of even date, Robert White may be released by the United States Marshal as of 9:00 a.m. on August 10, 2005 . . . . An evidentiary hearing on the status of Robert White's compliance with this Court's sanction order of May 23, 2005 is continued to February 7, 2006 . . . to determine whether any balance of such sanction remains. If so, this Court shall then determine what further actions should be taken in respect of this matter, including, without limitation, monetary sanctions and/or continued incarceration.

In his motion to reconsider, petitioner first asks the Court to review his opposition to the government's motion to dismiss his petition, which it had previously overlooked. The Court has now reviewed that opposition.

Second, petitioner argues that, even though he has been released from custody, the matter is not moot. The Court does not agree. Courts are "not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong." *See Spencer v. Kemna*, 523 U.S. 1, 18 (1998) (habeas corpus petition of petitioner, who had served the balance of his sentence after his parole was revoked, challenging the revocation of his parole no longer

---

[2] The history of petitioner's contempt proceeding is as follows. On November 16, 2004, Judge Boroff sanctioned petitioner in the amount of $2,500 for filing a frivolous motion to harass estate functionaries and ordered that he pay within sixty days. As of May 23, 2005 petitioner had not complied with the order, and Judge Boroff found him to be in civil contempt. He then fined petitioner an additional $1,000, and ordered that the total amount—now $3,500—be paid on or before June 17, 2005. In his order, he warned petitioner that a failure to pay would lead to his incarceration until he purged himself of his civil contempt. Petitioner again refused to pay the fine; on June 28, 2005, Judge Boroff ordered him committed to the custody of the U.S. Marshal until the earlier of such time as he paid the fine or July 12, 2005. Petitioner went into custody on that date. On July 12, 2005, Judge Boroff found that petitioner continued in his contempt and ordered him to remain committed until the earlier of such time as he paid the fine, sold his motor vehicles and remitted the proceeds to the trustee, or August 9, 2005. On August 9, Judge Boroff found that petitioner continued in his contempt, and ordered him to remain committed until the earlier of such time as he paid the fine, sold his motor vehicles and remitted the proceeds, conveyed his interest in his motor vehicles to the trustee, or September 27, 2005.

presented a case or controversy; he was released from custody, and did not allege facts demonstrating sufficient collateral consequences of the revocation, or that the revocation was capable of repetition, yet evaded review).

Even if an exception to the mootness doctrine were to apply—*see generally id.* at 8-17—dismissal is nevertheless warranted. Although he has appealed the Bankruptcy Court's order sanctioning him in the amount of $2,500, that appeal is still pending before the First Circuit. Further, he has not appealed the order holding him in contempt and committing him to the custody of the U.S. Marshal. He must exhaust his appeals before filing a petition for habeas corpus. *See Arevalo v. Ashcroft*, 344 F.3d 1, 16 (1st Cir. 2003) (in dictum, noting that the district court properly required petitioner to first exhaust direct appeals of the removal order before taking up her habeas corpus petition); 17A CHARLES A. WRIGHT & ARTHUR R. MILLER, ET AL., FEDERAL PRACTICE AND PROCEDURE § 4264 (2d ed. 1988). In addition, petitioner failed to file in the district where he is confined, and jurisdiction to challenge his confinement lies only in that district. *See Rumsfeld v. Padilla*, 542 U.S. 426, 445-47 (2004). Finally, even if his petition should not have been dismissed in its entirety on the above grounds, the U.S. Bankruptcy Court, Judge Boroff, and the U.S. Marshal are not proper parties; his petition for habeas corpus should have named only the warden of the facility in which he is held. *See* 28 U.S.C. §§ 2242, 2243; *Padilla*, 542 U.S. at 427. Of course, petitioner would not necessarily be so limited in naming defendants if he brought a § 1983 action; however, the Court does not construe his complaint as seeking civil redress for the alleged constitutional violations. The Court does not reach the merits of petitioner's constitutional claims.

Accordingly, plaintiff's Motion To Reconsider Dismissal of Petition for Habeas Corpus, filed January 3, 2006, is DENIED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: January 5, 2006