DOCKETED

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Case No. 05-40104-FDS

ROBERT WHITE, PRO SE,

Petitioner;

vs.

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MASSACHUSETTS,
THE HONORABLE HENRY J. BOROFF,
Et. al

BANKRUPTCY CASE NO. 03-44906-HJB,

Respondents.

---

**Request for Certificate of Appealability**

Pursuant to 28 U.S.C. § 2253 and Federal Rules of Appellate Procedure, Local Rule 22.1 Petitioner, Robert White, Pro Se, asks this Court to issue a Certificate of Appealability for his Writ of Habeas Corpus. On December 29, 2005, this Court dismissed Petitioner's Writ as moot and then denied Petitioner's Motion for Reconsideration on January 5, 2005. Petitioner has filed a notice of appeal of this Court's dismissal of his Writ of Habeas Corpus.

### Petitioner's Writ Should Be Reviewed According to 28 USC 2255 Standards

Petitioner's Motion for Reconsideration and his Response to Respondent's Motion to Dismiss point out that he intended to file his Writ under 28 U.S.C. § 2255, not 28 U.S.C. § 2254. Petitioner's Motion and Response claim he simply made a typographical error in his Writ. This is evident because Petitioner is a Federal prisoner, not a State prisoner, and 28 U.S.C. § 2254 only applies to State prisoners, whereas 28 U.S.C. § 2255 only applies to Federal Prisoners. The US Attorney had ample time to respond to Petitioner's clarification and instead chose to ignore Petitioner's correction. Any argument by the US Attorney or finding by this Court that Petitioner's Writ must be dismissed according to 28 U.S.C. § 2254 is misplaced and should not apply to Petitioner's Writ.

### Petitioner's Core Issues

This Court declined to reach the merits of the core issues presented in Petitioner's Writ. Petitioner's Writ claims the Bankruptcy Court charged him with "Civil Contempt" and sentenced him for "Criminal Contempt", violating Petitioner's rights protected under the 1st, 4th, 5th, 6th, 8th, and 14th Amendments to the US Constitution. Petitioner's Writ claims he is innocent of willful violation of the Bankruptcy Court's contempt order and that a Federal Bankruptcy Court improperly sentenced him. As such, Petitioner's Writ should be reviewed according to standards appropriate for 28 U.S.C. § 2255 motions.

### Moot vs. Ongoing "Case-or-Controversy"

This Court cites *Spencer v. Kemna*, 523 U.S. 1, 18 (1998) as governing the dismissal of Petitioner's Writ subsequent to his release due to mootness for lack of "case-or-controversy".

However the operative citation in *Spencer*, id., is:

> As we said in Sibron , it is an "obvious fact of life that most criminal convictions do in fact entail adverse collateral legal consequences." 392 U.S., at 55 . The same cannot be said of parole revocation.

This Court's reliance on *Spencer* is inapplicable.  Petitioner was not on parole and Petitioner's Writ complains he was sentenced for criminal contempt to which there are ongoing "adverse collateral legal consequences".  Petitioner's Writ complains that his First Amendment right to seek redress of his grievances is being abridged by the Bankruptcy Court's sanction and contempt order which effectively bars Petitioner from filing motions in the Bankruptcy Court which presides over Petitioner and his property, as a creditor.  Additionally, Petitioner's Writ complains he has been subjected to Double Jeopardy and is still under color of incarceration due to the Bankruptcy Court's continuing contempt order which was expanded on August 9, 2005, to include an order for Petitioner to report for possible re-incarceration on February 7, 2006.  Additionally, Petitioner's Writ and Motion for Reconsideration complain that he has been punished for the same criminal contempt four times, including: a $1,000 fine, two incarcerations totaling six weeks, a third pending incarceration, seizure of his two cars, and Petitioner has been forced to travel 3,000 miles across America to attend four contempt hearings, at great expense, which in total represent a violation of Petitioner's rights guaranteed under the 8th Amendment to the US Constitution.  Petitioner's Writ complains that the Bankruptcy Court's exercise of summary powers of contempt is being used by the Bankruptcy Court to avoid an impartial jury trial and represents a violation of Petitioner's rights guaranteed under the 6th and 14th Amendments to the US Constitution. Petitioner's sentence is ongoing and constitutes "case AND controversy" with continuing  "collateral legal consequence".

## Exhaustion of Remedy

This Court cites *Arevalo v. Ashcroft*, 344 F.3d 1, 16 (1st Cir. 2003) as foreclosing Petitioner's Writ because he failed to exhaust his appellate remedies. However, Petitioner claims he filed his Writ under 28 U.S.C. § 2255 which does not have an "exhaustion" clause. Petitioner also points out that the Bankruptcy Court's ongoing contempt sentence is not appealable until final, see *FOX v. CAPITAL CO.*, 299 U.S. 105 (1936). The Bankruptcy Court has kept sentencing Petition year after year for the same contempt while Petitioner has no right to appeal. Petitioner has asked both the Bankruptcy Court, District Court, and Circuit Court to stay Petitioner's sanctions and contempt until his appeal of sanctions is exhausted; however, each Court has denied Petitioner's request for a stay and the Circuit Court hasn't even calendared Petitioner's sanction appeal after almost a year on the docket. Petitioner's Writ asked this Court to stay his sentence until his appeal of sanctions is exhausted, which this Court ignored. Petitioner has no adequate remedy except his Writ. Besides, a motion under 28 U.S.C. § 2255 is the "exclusive remedy in the sentencing court for any errors occurring at or prior to sentencing, including the construction of the sentence itself", see *Rogers v. United States*, 180 F.3d 349, 357 n.15 (1st Cir. 1999).

## Wrong Jurisdiction, Wrong Parties

This Court ruled that Petitioner filed in the wrong jurisdiction and named the wrong parties. Again, this Court dismissed Petitioner's Writ according to standards applying to Writs filed under 28 U.S.C. § 2254. Petitioner claims his Writ was filed under 28 U.S.C. § 2255, which provides:

> A prisoner in custody under sentence of a court established by Act of Congress ...

may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Petitioner is entitled to file his Writ in the United States District Court for the District of Massachusetts, naming the United States Bankruptcy Court for the Western District of Massachusetts as the responsive party.

### A Reasonable Fact Finder Would Find Petitioner Innocent of Contempt

The Bankruptcy Court has imposed a contempt order to which Petitioner can not comply. The Bankruptcy Court repeatedly declined Petitioner's request to make payments toward his sanctions and acknowledged that Petitioner may not be able to afford to pay the sanctions outright, and must therefore sell his cars. When the Bankruptcy Court realized that Petitioner's cars could not be sold easily and would cover the sanctions, the Bankruptcy Court asked the Chapter 7 Trustee and its counsel "What planet are you on?" for violating Petitioner's rights. A reasonable fact finder would agree that Petitioner is not capable of paying the Bankruptcy Court's sanctions outright and should be allowed to make payments. A reasonable fact finder would agree that Petitioner has tried to sell his cars. A reasonable fact finder would agree that Petitioner is not guilty of contempt.

Respectfully submitted on January 9, 2006, by

*Robert White* (signature)

Robert White - Pro Se
243-A N. Maple
Manteca, CA 95336
Ph: (209) 825-6115