UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Case No. 05-40104-FDS

ROBERT WHITE, PRO SE,

Petitioner;

vs.

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MASSACHUSETTS,
THE HONORABLE HENRY J. BOROFF,
Et. al

BANKRUPTCY CASE NO. 03-44906-HJB,

Respondents.

---

## Amendment to Petitioner's Request for Certificate of Appealability

Petitioner, Robert White, Pro Se, seeks leave of this Court to amend his Request for

Certificate of Appealability, which he filed on January 11, 2006. The Chapter 7 Trustee, who

continues to prosecute Petitioner for contempt, recently filed a pleading in Petitioner's contempt

proceeding which was not available when Petitioner filed his Request for Certificate of

Appealability and which exonerates Petitioner of contempt. The Chapter 7 Trustee recently

filed an Application to Employ Auctioneer in which the Trustee acknowledges that Petitioner's

vehicles will not generate enough revenue to pay the Auctioneer for selling the vehicles, or pay

Petitioner's $3,500 sanctions. The Bankruptcy Court sanctioned Petitioner $2,500 for filing two
frivolous motions and then held Petitioner in contempt and fined and incarcerated Petitioner for
not paying the sanctions. The Bankruptcy Court ruled that it did not have to reach a finding that
Petitioner earned enough income to pay the sanction and instead ordered Petitioner sell his 1992
Subaru and 1992 pickup truck to pay the sanctions. It is now apparent that Petitioner does not
have income or property capable of satisfying the Bankruptcy Court's sanctions.

### A Reasonable Fact Finder Would Find Petitioner Innocent of Contempt

The Bankruptcy Court repeatedly denied Petitioner's request to make payments toward
his sanctions and acknowledged that Petitioner may not be able to afford to pay the sanctions
outright and instead ordered Petitioner to sell his vehicles. The Chapter 7 Trustee now
acknowledges that selling Petitioner's vehicles will not generate enough revenue to pay the
Auctioneer or pay Petitioner's sanctions. A reasonable fact finder would agree that Petitioner
does not earn enough income to pay the sanctions outright and Petitioner's vehicles are not
worth the sanctions.   A reasonable fact finder would agree that Petitioner never has been in
willful disregard of the Bankruptcy Court's order to pay the sanctions; therefore, Petitioner is not
guilty of contempt.

Respectfully submitted on January 17, 2006, by

Robert White - Pro Se
243-A N. Maple
Manteca, CA 95336
Ph: (209) 825-6115

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

**Case No. 05-40104-FDS**

ROBERT WHITE, PRO SE,

Petitioner;

vs.

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MASSACHUSETTS,
THE HONORABLE HENRY J. BOROFF,
Et. al

**BANKRUPTCY CASE NO. 03-44906-HJB,**

Respondents.

---

**CERTIFICATE OF SERVICE**

I hereby certify that on January 17, 2006, I caused a copy of the Notice of Appeal and

Request for Certificate of Appealability to be served upon each of the parties noted on the

attached Service List:

Robert White - Pro Se
243-A N. Maple
Manteca, CA 95336
Ph: (209) 825-6115

## Service List

Michael Goldberg
Cohn Whitesell & Goldberg
101 Arch Street
Boston, MA 02110


The Honorable Henry J. Boroff
United States Bankruptcy Court
595 Main Street
Worcester, MA 01608


Damian W. Wilmot
Assistant U.S. Attorney
Moakley Federal Courthouse
1 Courthouse Way
Boston, MA 02210