UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Case No. 05-40104-FDS

In Re: ROBERT WHITE, PRO SE,

Petitioner;

vs.

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MASSACHUSETTS,
THE HONORABLE HENRY J. BOROFF,
Et. al

**BANKRUPTCY CASE NO. 03-44906-HJB,**

Respondents.

---

**Response to Chapter 7 Trustee's Opposition to Petitioner's Motion for Writ of Mandamus**

Now comes Petitioner, Robert White (hereafter "White"), pro se, an unsecured creditor in the above captioned bankruptcy case, responding to the Chapter 7 Trustee's opposition to White's Petition for a Writ of Mandamus.

**White's Petition for a Writ is Not Moot**

White's Petition for a Writ of Mandamus asks this Court to reverse the Bankruptcy Court's denial of White's motion to proceed *in forma pauperis* and for this Court to waive White's $255 appellate fees and $760 transcript costs so that White can proceed with his appeal of the Bankruptcy Court's contempt citation. However, before this Court could rule on White's Petition for a Writ of Mandamus, the Bankruptcy Court dismissed White's appeal due to his inability to pay the appellate fees and costs. Accordingly, the Chapter 7 Trustee concludes that

1

White's Petition for a Writ of Mandamus is now moot. In response, White simply asks this Court to expand White's original relief requested in his Petition for a Writ of Mandamus, and to grant White the additional remedy of reinstating White's appeal.

### White's Remedy is the Writ

The Chapter 7 Trustee argues that White should have appealed the Bankruptcy Court's order denying White's motion to proceed *in forma pauperis*, or White should have asked for a stay of that order. However, it is obvious that the denial of a motion to proceed *in forma pauperis* effectively blocks any additional appeals; and a stay of such an order is not an affirmative waiver of the fees and costs. Maybe the Chapter 7 Trustee had something else in mind by suggesting that White's remedy is another appeal or a stay and not a writ.

### White's Petition Passes the Three Prong Test

The Chapter 7 Trustee explains that the three prong test for the issuance of a Writ of Mandamus is: 1) the petitioner must have no adequate means to attain relief other than issuance of the writ, 2) the petitioner has the burden to show he has a right to the relief requested in the writ, and 3) the writ must be appropriate considering the circumstances.

### White Has No Other Means of Relief

White has already argued in his Petition there is no other way for White to proceed on appeal of the Bankruptcy Court's contempt citation other than requesting this Court to waive his appellate fees and transcript costs. White points out that his appellate fees and transcript costs total $1,015 and White has another separate $255 appellate fee now pending on his Habeas

2

appeal to the Circuit Court, both of which White can not afford to pay. The Bankruptcy Court concluded that White's income and expense declaration showed that White could afford to pay his appellate fees and costs; however, White's Petition for a writ argues this conclusion is unfounded and White's family income qualifies him to proceed *in forma pauperis*. The Chapter 7 Trustee's Objection introduced a recent letter in which White asked the Chapter 7 Trustee to settle White's claim, over two and a half years after this bankruptcy began. Evidently, by introducing White's settlement letter, the Chapter 7 Trustee means to insinuate that White can afford to pay his appellate fees and costs because White made $613,000 over a five year period, some nine years ago. Nine years ago is not today and White's current income and expense declaration in support of his motion to proceed *in forma pauperis*, which is on file in this Court, the Supreme Court, and the Bankruptcy Court, is true and accurate and shows that White can not afford to pay $1,015 to appeal the Bankruptcy Court's contempt citation. White has no other remedy to proceed on appeal other than asking this Court to waive his appellate fees and costs.

### White Has a Right to Appeal

According to 28 U.S.C §158 (a)(1) White has a right to appeal "from final judgments, orders, and decrees" issued by the Bankruptcy Court. The Bankruptcy Court's order purging White of contempt is just such a final order qualifying for appeal. Indeed, White has an obligation to appeal the summary power of the court to issue contempt citations when that power violates the constitutional rights of the accused, which is the basis of White's appeal. If the Bankruptcy Court and Chapter 7 Trustee are so convinced that White's appeal is frivolous, malicious, and vexatious, they should welcome the opportunity to vindicate their Offices from the most suspect of all judicial proceedings, which is the contempt proceeding.

## White's Writ is Appropriate

White's petition for a writ is appropriate because White's appeal is meritorious. While the summary power of contempt is suspect in and of itself, incarcerating an unsecured pro se creditor is unheard of and should be review off hand to protect the integrity of the court. The Bankruptcy Court held White in contempt for being unable to pay a sanction levied after White filed an allegedly "frivolous" motion which accused estate counsel of gorging on the creditors' dividend by charging $ 1 mil. in fees to sell $2.85 mil in asset, leaving unsecured creditors with nothing. Fee gorging in Chapter 11 cases is out of control and White was held in contempt for daring to challenge the syndicate of insolvency professionals exploiting this practice. Estate Counsels' attempt to discredit White is a cover-up of their culpability and is not helped by the Bankruptcy Court's belated disclosure in its Memorandum at issue that the Bankruptcy Court retroactively proclaimed White to be a malicious and vexatious litigant even though the Bankruptcy Court said it only prosecuted White for minor civil contempt. It is obvious from the Bankruptcy Court's own admission that it punished White for serious criminal contempt by incarcerating White without letting White purge himself of contempt or make payments toward his sanction, and without letting White offset his sanction against his administrative or unsecured claims, and without letting White forfeit his vehicles to the estate in payment of his sanctions until after six weeks of incarceration. White is not a vexatious litigant. White's sanctions are on appeal in the First Circuit and the Bankruptcy Court's suspect powers of contempt need to be reviewed as well, to vindicate the Court.

Respectfully submitted on this 8th day of April, 2006, by

*Robert White*

Robert White - Pro Se
243-A N. Maple
Manteca, CA 95336
Ph: (209) 825-6115

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Case No. 05-40104-FDS

In Re: ROBERT WHITE, PRO SE,

Petitioner

vs.

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MASSACHUSETTS,
THE HONORABLE HENRY J. BOROFF,
Et. al

**BANKRUPTCY CASE NO. 03-44906-HJB,**

Respondents.

### CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2006, I caused a copy of the **Response to Chapter 7 Trustee's Opposition to Petitioner's Motion for Writ of Mandamus** to be served upon each of the parties listed below.

| | |
|---|---|
| The Honorable Henry J. Boroff<br>United States Bankruptcy Court<br>595 Main Street<br>Worcester, MA 01608 | Joseph B. Collins-Tr<br>Hendel & Collins P.C.<br>101 State Street<br>Springfield, MA 01103 |
| Michael Goldberg<br>Cohn Whitesell & Goldberg<br>101 Arch Street<br>Boston, MA 02110 | Damian W. Wilmot<br>Assistant U.S. Attorney<br>Moakley Federal Courthouse<br>1 Courthouse Way<br>Boston, MA 02210 |

by: /s/ Robert White
Robert White - Pro Se
243-A N. Maple
Manteca, CA 95336
Ph: (209) 825-6115