## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
                                            )
**ROBERT WHITE,**                           )
                                            )
    **Petitioner,**      )
                                            )    **Civil Action No.**
    **v.**                )    **05-40104-FDS**
                                            )
**UNITED STATES BANKRUPTCY COURT** )
**FOR THE DISTRICT OF**                     )
**MASSACHUSETTS, THE HONORABLE**            )
**HENRY J. BOROFF, UNITED STATES**          )
**MARSHAL FOR THE DISTRICT OF**             )
**MASSACHUSETTS, and LOCAL OR**             )
**FEDERAL JAIL OR PRISON WHERE**            )
**PETITIONER IS HELD,**                     )
                                            )
    **Respondents.**     )
_____)

_____)
                                            )
**ROBERT WHITE,**                           )    **Civil Action No.**
                                            )    **06-40157-FDS**
    **Petitioner,**      )
                                            )
    **v.**                )
                                            )
**UNITED STATES BANKRUPTCY COURT** )
**FOR THE DISTRICT OF**                     )
**MASSACHUSETTS,**                          )
                                            )
    **Respondent.**      )
_____

## <u>MEMORANDUM AND ORDER</u>

**SAYLOR, J.**

    Petitioner Robert White is a creditor in a bankruptcy action pending before the United

States Bankruptcy Court for the District of Massachusetts.  The Bankruptcy Court (Boroff, J.)

found petitioner to be in civil contempt and ordered that he be incarcerated; eventually, he purged himself of the contempt. Petitioner has two cases pending before this Court that relate to the civil contempt order: (1) a petition for a writ of habeas corpus challenging his confinement as a civil contemnor (civil action no. 05-40101), and (2) a petition for a writ of mandamus asking that he be allowed to proceed *in forma pauperis* (IFP) in his appeal to the District Court of the contempt order (civil action no. 06-40157).[1] In the first case, petitioner asks for a certificate of appealability and to proceed IFP in his appeal of this Court's earlier denial of the writ of habeas corpus. In the second case, petitioner asks for a writ of mandamus ordering the Bankruptcy Court to allow him to proceed IFP in the appeal of the contempt order. Both requests are without merit and will be denied.

## I.     Relevant Facts

The lengthy history of petitioner's involvement in the bankruptcy action is not relevant here.[2] On November 16, 2004, Judge Boroff sanctioned petitioner in the amount of $2,500 for filing a frivolous motion to harass estate functionaries and ordered that he pay within sixty days.[3] Six months later, the sanction remained unpaid. After a hearing on May 23, 2005, Judge Boroff found petitioner in civil contempt for willfully failing to comply with the sanction order. After

---

[1] Petitioner's petition for a writ of mandamus was initially erroneously filed and docketed as a motion in his habeas corpus action. Further, he listed the intended defendants as the Bankruptcy Court, Judge Boroff, and an undefined "Et. al" [sic]. The Court has corrected the docket to reflect the commencement of a new case and the proper party. Petitioner has not at this stage paid the $5 filing fee in connection with the filing of the new case.

[2] The Court notes that petitioner has taken numerous appeals of various matters to various courts, including the District Court (Gorton, J.), the Bankruptcy Appellate Panel of the First Circuit (BAP), the First Circuit, and the Supreme Court, none of which, to date, have been decided in his favor.

[3] Petitioner timely appealed this order to the BAP. The BAP affirmed the order on March 11, 2005. Petitioner sought further appellate review from the First Circuit, where the matter (No. 05-9004) is pending.

2

being provided with an additional period of time in which to comply, and failing to do so, he was

taken into custody on June 28, 2005.  Rather than appeal the contempt order at that time, he filed

a petition for a writ of habeas corpus in this Court on June 28, 2005.

On June 12, 2005, Judge Boroff found that petitioner continued in his contempt.  On

August 9, 2005, after petitioner agreed to turn over his vehicles for the trustee to sell to satisfy his

sanctions, he was released from confinement.  The Bankruptcy Court ordered as follows:

> having executed documents of conveyance of motor vehicles in which [Robert
> White] has an interest to the Chapter 7 trustee in accordance with this Court's
> order of even date, Robert White may be released by the United States Marshal as
> of 9:00 a.m. on August 10, 2005 . . . .  An evidentiary hearing on the status of
> Robert White's compliance with this Court's sanction order of May 23, 2005 is
> continued to February 7, 2006 . . . to determine whether any balance of such
> sanction remains.  If so, this Court shall then determine what further actions should
> be taken in respect of this matter, including, without limitation, monetary sanctions
> and/or continued incarceration.

Because petitioner had been released from confinement, by order of December 29, 2005,

this Court dismissed the habeas corpus petition as moot.[4]  On January 13, 2006, petitioner filed an

application for a certificate of appealability (COA).  On January 20, petitioner filed an amended

application for a COA.

On January 31, the contempt hearing was reconvened, and the Bankruptcy Court found

that petitioner had purged the contempt.  Petitioner was released that day, and the written order

followed on February 7, 2006.  For the sake of convenience, the Court will refer to the five orders

related to petitioner's contempt and, finally, his release—issued between May 2005 to February

2006—as the "contempt orders."

---

[4] Upon motion for reconsideration, this Court, on January 6, 2006, amended its order to clarify the
grounds on which it found dismissal warranted.

On February 13, 2006, petitioner filed a notice of appeal of the contempt orders and elected that his appeal be heard by the District Court. He did not pay the $255 filing fee, and received a notice from the clerk that such fee was due February 23, 2006. Instead of paying the fee, on February 22, he filed a motion with the Bankruptcy Court to proceed *in forma pauperis*.[5] In support, he filed an affidavit detailing his financial circumstances. In this affidavit, he states that he has a monthly income of $1,605; that his spouse's monthly income is $50; that he owns two vehicles valued at $500 and $2,500, respectively; that he owns tools valued at $500; that he pays monthly expenses of $1,195; and that his spouse pays monthly expenses of $317. The Bankruptcy Court denied the motion on March 20, concluding, pursuant to 28 U.S.C. § 1915, that petitioner was not impoverished and that his motion was not filed in objective good faith.[6]

The next day, petitioner filed a motion to proceed IFP in his appeal from this Court's denial of his habeas corpus petition. In support, he submitted a financial affidavit that was identical in all material respects to that submitted to the Bankruptcy Court. On March 30, 2006, he filed a petition seeking a writ of mandamus which, in essence, seeks to set aside the Bankruptcy Court's March 20 order denying his motion to proceed IFP in his appeal of the contempt orders. Petitioner asks this Court to "waive [his] appellate fees and transcript costs of $760 in [his] appeal of the Bankruptcy Court's contempt orders."

---

[5] In this motion, he stated that he also filed the motion and his supporting affidavit with the United States Supreme Court. The status of that action is not clear.

[6] As to the latter ground, the Bankruptcy Court noted that the "history discloses the frivolous nature of all of White's filings in this Court, inclusive of the present appeal . . . [which have been] designed by White to punish the estate functionaries for his lost opportunity to purchase Debtor's assets." The Bankruptcy Court concluded that "White asks the taxpayers of the United States of America to subsidize his newest appellate venture. There is no justification for an answer other than a resounding 'no.'"

4

II.    **Analysis**

A.    **Application for a Writ of Mandamus**

A writ of mandamus is a "drastic and extraordinary" remedy "reserved for really extraordinary cases." *Ex parte Fahey*, 332 U.S. 258, 259-60 (1947); *U.S. v. Green*, 407 F.3d 434, 439 (1st Cir. 2005) ("Mandamus, in any form, is an extraordinary remedy . . . ."). At a minimum, petitioner must demonstrate "a clear abuse of discretion." *Mallard v. U.S. Dist. Court for Southern Dist. of Iowa*, 490 U.S. 296, 309 (1989) (citing *Bankers Life and Casualty Co. v. Holland*, 346 U.S. 379, 383 (1953)). Petitioner fails to show an abuse of discretion or otherwise to provide any compelling reasons for why the writ he requests should issue.

The Court does not construe the petition as a request for direct appellate review. *See* 28 U.S.C. §§ 157, 158, 1334 and Fed. R. Bankr. P. 8003. Even if petitioner had simply appealed the order denying his motion to proceed *in forma pauperis*, he would have fared no better. A District Court must accept all findings of fact made by the Bankruptcy Court unless clearly erroneous. *In re LaRoche*, 969 F.2d 1299, 1301 (1st Cir. 1992). The denial of a motion to proceed *in forma pauperis* under 28 U.S.C. § 1915 is reviewed for abuse of discretion. *In re Arnold*, 166 Fed. App'x 424 (11th Cir. 2006); *Diaz-Ojeda v. Toledo*, 54 F.3d 764 (1st Cir. 1995) (table). The Bankruptcy Court's findings of fact were not clearly erroneous, and his determination not to grant the motion to proceed *in forma pauperis* was not an abuse of discretion.

Accordingly, the application for a writ of mandamus will be denied.

B.    **Application for a Certificate of Appealability and to Proceed IFP**

Petitioner's request for a writ of habeas corpus was previously denied on various procedural grounds. Under such circumstances, a certificate of appealability will not issue unless

5

petitioner satisfies a two-pronged inquiry with respect to each ground.

> When the district court denies a habeas petition on procedural grounds without
> reaching the prisoner's underlying constitutional claim, a COA should issue when
> the prisoner shows, at least, that jurists of reason would find it debatable whether
> the petition states a valid claim of the denial of a constitutional right and that
> jurists of reason would find it debatable whether the district court was correct in its
> procedural ruling.

*Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Mateo v. United States*, 310 F.3d 39, 40 (1st Cir.

2002) (accord).

Jurists of reason would not find it debatable whether this Court was correct in its

procedural rulings. By the time the Court addressed the petition, petitioner had been released

from custody. Furthermore, he failed to allege circumstances demonstrating adverse collateral

consequences or that the constitutional violation was capable of repetition yet evading review.

*See Spencer v. Kemna*, 523 U.S. 1, 8-17 (1998). Further, he did not exhaust his appeals before

filing the petition for habeas corpus.[7] *See Martin-Trigona v. Shiff*, 702 F.2d 380, 387-88 (2d Cir.

1983) ("A habeas corpus petition is the avenue of last resort, always available to safeguard the

fundamental rights of persons wrongly incarcerated."); *cf. Arevalo v. Ashcroft*, 344 F.3d 1, 16

(1st Cir. 2003). Accordingly, no certificate of appealability will issue.

Finally, petitioner has requested that he be allowed to appeal this Court's denial of his

petition for habeas corpus before the First Circuit *in forma pauperis*. The Court's denial of the

COA does not moot this motion because, by local rule of the First Circuit, it may decide to issue

the COA even after the District Court has denied it. *See* L.R. 22.1. The Court declines to

---

[7] Petitioner argues that the Court wrongly failed to address his habeas corpus petition under the standards
applicable to federal prisoners pursuant to 28 U.S.C. § 2255. However, that section applies to collateral attacks
brought by a "prisoner in custody under sentence of a court . . . ." Petitioner does not explain why the petition he
brought should be deemed to arise under this section.

6

exercise its discretion to grant the motion insofar he has not established that he is indigent.

**III.     Conclusion**

For the foregoing reasons,

(A)     as to Civil Action number 05-40104,

     (1)     the Motion for Certificate of Appealability is DENIED;

     (2)     the Amended Motion for Certificate of Appealability is DENIED;

     (3)     the Motion for Leave to Appeal in Forma Pauperis is DENIED; and

     (4)     the case is DISMISSED; and

(B)     as to Civil Action number 06-40157

     (1)     the Petition for Writ of Mandamus shall be DENIED; and

     (2)     the case is DISMISSED.

**So Ordered.**

                 /s/ F. Dennis Saylor
                F. Dennis Saylor IV
                United States District Judge

Dated: August 10, 2006